# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC, | |
| Plaintiff, | |
| v. | Civil Action No.: 6:21-cv-00210-ADA |
| SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS WILLFUL AND INDIRECT INFRINGEMENT

**TABLE OF CONTENTS**

**Page**

I.   LEGAL STANDARD ............................................................................................................1

II.  PROXENSE'S WILLFUL INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED .........................................................................................................................2

   A.   Proxense Fails to Adequately Plead Pre-Suit Knowledge .......................................2

   B.   Proxense Fails to Plead that Samsung Engaged in "Egregious Conduct" ...............6

III. PROXENSE'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED .........................................................................................................................8

   A.   Proxense Fails to Adequately Plead Pre-Suit Knowledge .......................................8

   B.   Proxense Does Not Plead the Requisite Specific Intent for Induced Infringement ..............................................................................................................9

   C.   Proxense Does Not Plead The Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement .......................................................................11

IV.  CONCLUSION ....................................................................................................................12

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) .................................................................................. 10

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
    No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) .............................. 10

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
    No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ......................... 2, 5, 10

*Apeldyn Corp. v. AU Optronics Corp.*,
    831 F. Supp. 2d 817 (D. Del. 2011) ................................................................................... 5

*Artrip v. Ball Corp*,
    735 F. App'x 708 (Fed. Cir. 2018) ................................................................................... 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 1, 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 1, 2, 9

*Castlemorton Wireless, LLC v. Bose Corp.*,
    No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020) ...................... 8

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015) ....................................................................................................... 8

*Cont'l Cirs. LLC v. Intel Corp.*,
    No. CV16-2026 PHX DGC, 2017 WL 679116 (D. Ariz. Feb. 21, 2017) ......................... 6

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-CV-751-JDL, 2015 WL 5000397 (E.D. Tex. June 3, 2015),
    report and recommendation adopted, No. 6:14-CV-751-JRG-JDL, 2015 WL
    13885437 (E.D. Tex. July 15, 2015) ............................................................................... 10

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) ................................................................................ 2, 9, 10

*Finjan, Inc. v. Cisco Systems, Inc.*,
    2017 WL 2462423 (N.D. Cal. June 7, 2017) .................................................................... 7

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) .......................................................................................... 2

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ....................................................................................................... 3, 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 136 S. Ct. 1923 (2016) .................................................................................................. 2, 3, 6, 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................ 11

*Inhale, Inc. v. Gravitron, LLC*,
 No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ....................... 6, 11

*IOENGINE LLC v. PayPal Holdings Inc.*,
 No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ......................................... 12

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ................................................................ 11

*M&C Innovations, LLC v. Igloo Prods. Corp.*,
 2018 WL 4620713 (S.D. Tex. July 31, 2018) .................................................................... 7

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
 No. 1-18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ........................... 6, 7

*Monec Holding AG v. Motorola Mobility, Inc.*,
 897 F. Supp. 2d 225 (D. Del. 2012) ..................................................................................... 6

*Novartis Vaccines and Diagnostics, Inc. v. Regeneron Pharmaceuticals, Inc.*,
 2018 WL 5282887 (S.D.N.Y. Oct. 24, 2018) ...................................................................... 7

*Parus Holdings Inc. v. Apple Inc.*,
 No. 6:19-cv-00432-ADA, Text Order Granting D.I. 54
 (W.D. Tex. Feb. 20, 2020) ................................................................................................. 5, 8

*PB & J Software, LLC v. Acronis, Inc.*,
 897 F. Supp. 2d 815 (E.D. Mo. 2012) ................................................................................. 9

*Princeton Digital Image Corp. v. Ubisoft Ent. SA*,
 No. CV 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ........................... 5

*Promotional Techs., LLC v. Facebook, Inc.*,
 No. 3:11-CV-3488-P, 2012 WL 13026789 (N.D. Tex. Sept. 27, 2012) ............................ 9

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
 No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ..................... 9, 11

*State Indus., Inc. v. A.O. Smith Corp.*,
 751 F.2d 1226 (Fed. Cir. 1985) ............................................................................................ 4

*VLSI Tech., LLC v. Intel Corp.*,
 No. 6:19-cv-00256-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ................. 5, 8

**Statutory Authorities**

35 U.S.C. § 271(b) ................................................................................................................. 10

35 U.S.C. § 271(c) .................................................................................................................. 11

Defendants Samsung Electronics, Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") request dismissal of Plaintiff Proxense, LLC's ("Proxense") claims of willful and indirect infringement because Proxense's complaint fails to plausibly allege the necessary elements for these claims.

Proxense's willful infringement claim fails because Proxense merely pleads willful blindness or post-suit knowledge for three of the patents-in-suit (the '730, '989, and '700 patents). Proxense's allegations of "willful blindness" and "constructive knowledge" for these three patents cannot meet the high bar to show the knowledge element of willfulness. This Court has already confirmed that this type of allegation is insufficient to mount a willful or indirect infringement claim. For the remaining two patents, Proxense's conclusory recitations as to knowledge of the patents and infringement are deficient to plead the knowledge element of willfulness. Finally, Proxense fails to allege any facts as to "egregious conduct" for any of the patents.

Proxense's induced and contributory infringement allegations are similarly deficient under *Iqbal*/*Twombly* and this Court's basic pleading standards. Its allegations about Samsung's knowledge – a requisite element of any indirect infringement claim – are as deficient for indirect infringement as they are for willfulness. Also fatal to its allegations is Proxense's failure to allege specific intent for induced infringement and lack of substantial non-infringing uses for contributory infringement.

On each of these separate grounds, the Court should grant Samsung's motion and dismiss Proxense's claims of willful and indirect infringement.

I.   **LEGAL STANDARD**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A claim for willful patent infringement must allege that infringement was "intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). Willful infringement requires knowledge of the allegedly infringed patent and that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. at 1930.

"To succeed on its induced infringement claim, Plaintiff must allege facts showing that [Defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)).

To succeed on a contributory infringement claim, "the patent owner must demonstrate: '1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention.'" *Id*. at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

II. **PROXENSE'S WILLFUL INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED**

   A. <u>Proxense Fails to Adequately Plead Pre-Suit Knowledge</u>

For the knowledge element of willful infringement, Proxense alleges that Samsung "had knowledge of the infringing nature of its activities, or at least a willful blindness regarding the

2

infringing nature of its activities, since at least Proxense's making Samsung aware of the Patents-in-Suit." Dkt. 1, ¶ 38.  This is not sufficient for an allegation of willfulness.

> 1. Proxense's Willful Blindness and Constructive Notice Allegations Are Deficient for the '730, '989, and '700 Patents

Proxense does not allege *any* actual pre-suit knowledge for the '730, '989, and '700 patents, relying instead on alleged constructive notice and willful blindness. *See* Dkt. 1, ¶¶ 95 ("Samsung received constructive notice of the 730 Patent at least as early as July 2017 and actual notice of the 730 Patent at least as early as the filing of this Complaint."); ¶ 130 (same as to the '989 patent); ¶ 166 (same as to '700 patent).  These allegations are not sufficient for the requisite knowledge element of willfulness.

*First*, willful blindness allegations are insufficient, as a matter of law, to support a claim of willful infringement. Culpability for willful infringement "is generally measured against the knowledge of the actor" (*Halo*, 136 S. Ct. at 1933); thus, without knowledge, there can be no willful infringement.  *Second*, Proxense fails to even adequately plead willful blindness for these three patents.  Proxense pleads that "Samsung has also had knowledge of the infringing nature of its activities, or at least a willful blindness regarding the infringing nature of its activities, since at least Proxense's making Samsung aware of the Patents-in-Suit, if not as of the public filing of this Complaint."  Dkt. 1, ¶ 38; *see also id.* ¶¶ 95 ("Samsung performed and continues to perform the acts that constitute direct and/or indirect infringement, with knowledge or willful blindness that the acts would constitute direct and/or indirect infringement of the 730 Patent."); ¶ 130 (same as to the '989 patent); ¶ 166 (same as to '700 patent).  This pleading is insufficient, since willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).  Here, Proxense does not plead any facts that would meet either prong of this test.  The only facts it pleads are that

"[i]n or around April 2017, Proxense was introduced to Samsung. Since at least that time, Samsung has had constructive notice of the Patents-in-Suit and the scope of their claims as of at least their dates of issue." Dkt. 1, ¶ 37.

Proxense did not plead that there is a "high probability" that Samsung even knew about three of the patents, let alone plead that Samsung knew that it infringed any the patents in suit, nor that it took any actions, let alone any deliberate actions, to avoid learning about the patents. Proxense's allegations that Samsung knew about Proxense and that "Proxense[] ma[de] Samsung aware of [2 out of 5 of] the Patents-in-Suit" does not lead, in any way, to a "high probability" that Samsung knew of any infringement of the issued claims of the '730, '989, and '700 patents. The Federal Circuit has held that even knowledge of the application that issues as the asserted patent is not sufficient to constitute knowledge of the asserted patent itself to show willful infringement. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("[f]iling an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable."). Proxense also does not allege any facts regarding any "deliberate actions" taken by Samsung to avoid learning about these three patents. Therefore, Proxense's willful blindness allegations fail.

Further, Proxense's constructive knowledge allegations are not sufficient for willful blindness. For constructive knowledge, Proxense pleads that "[i]n or around April 2017, Proxense was introduced to Samsung. Since at least that time, Samsung has had constructive notice of the Patents-in-Suit and the scope of their claims as of at least their dates of issue." Dkt. 1, ¶ 37; *see also id.* ¶¶ 95 ("Samsung received constructive notice of the 730 Patent at least as early as July 2017"); ¶ 130 (same as to the '989 patent); ¶ 166 (same as to '700 patent). These constructive knowledge allegations appear to stem from allegations of actual knowledge of other Proxense

4

patents, and, as such, are insufficient to establish pre-suit knowledge. "At the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent." *Princeton Digital Image Corp. v. Ubisoft Ent. SA*, No. CV 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) (collecting cases); *see also Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) ("The fact that the Asserted Patents were issued from a continuation of a patent application issued by the United States Patent and Trademark Office did not, without more, make plausible knowledge of the patent for purposes of inducing infringement."). "There is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases" "based on the listing of a patent on the face of another patent." *Affinity Labs*, 2014 WL 2892285, at *6 (citing *Apeldyn Corp. v. AU Optronics Corp.,* 831 F. Supp. 2d 817, 831 (D. Del. 2011) aff'd, 522 F. App'x 912 (Fed. Cir. 2013)).

As a result, for the '730, '989, and '700 patents, Proxense only plausibly alleges post-suit knowledge, which is not sufficient for willful infringement. This Court ordinarily dismisses such claims, and should do the same here. *VLSI Tech., LLC v. Intel Corp.,* No. 6:19-cv-00256-ADA, 2019 WL 11025759, *1-2 (W.D. Tex. Aug. 6, 2019) (dismissing willful infringement claims); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, Text Order Granting D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing willful infringement claims premised on willful blindness allegations).

        2.    <u>Proxense Knowledge Allegations for the '905 and '188 Patents Are Not Sufficient</u>

With respect to the knowledge allegation for the '905 and '188 patents, Proxense's allegations of actual knowledge are pure recitations of legal conclusions, not supported by factual allegations. Proxense merely pleads: "Samsung received actual and constructive notice of the 905

5

Patent on or around July 2017. Samsung performed and continues to perform the acts that constitute direct and/or indirect infringement, with knowledge or willful blindness that the acts would constitute direct and/or indirect infringement of the 905 Patent." Dkt. 1, ¶¶ 112; ¶ 149 (same as for the '188 patent). In *Inhale, Inc. v. Gravitron, LLC*, this Court dismissed willful allegations where "[plaintiff's] complaint alleges [defendant] 'had and continues to have actual and constructive notice of [the patent-in-suit] and chose to infringe 'with full knowledge.'" No. 1-18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018). The Court found that "[plaintiff's] allegations of [defendant's] knowledge are 'legal conclusion[s] couched as ... factual allegation[s]' that the court need not accept as true," and dismissed the allegations. Just as in *Inhale*, this Court should dismiss Proxense's allegations as deficient for the '905 and '188 patents. Proxense includes no facts that support how Samsung actually learned of the patents, whether Samsung acknowledged the patents, whether Samsung had a basis to believe it infringed, or any other facts that would support Proxense's conclusory legal conclusion. *See also Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (a "plaintiff alleging a cause of action for willful infringement must plead facts giving rise to at least a showing of objective recklessness of the infringement risk.") (quotation and internal quotation marks omitted).

    **B.**  **Proxense Fails to Plead that Samsung Engaged in "Egregious Conduct"**

A claim of willful infringement also requires the plaintiff to show that a defendant's infringement is an "egregious case[ ] of culpable behavior," which has alternately been described as conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. This is a required element for any willfulness allegation, regardless of the knowledge element, for which Proxense must allege "facts raising a plausible inference of the egregious behavior required under *Halo*." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-cv-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018);

6

*see also Cont'l Cirs. LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, at *11 (D. Ariz. Feb. 21, 2017) ("Under *Halo*, knowledge is a necessary condition of willfulness, but not a sufficient one."). For all of the patents-in-suit, because Proxense fails to even plead this element, its willfulness claims should be dismissed for this separate, independent reason.

The '730, '989, and '700 patents fall into the well-established rule that where an accused infringer learns of the patent post-suit, and then merely continues to manufacture alleged infringing products, the result is a "'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." *M&C Innovations, LLC v. Igloo Prods. Corp.*, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018). Indeed, "this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint," even if the infringement claims are baseless. *Id*.

For the '905 and '188 patents, Proxense's allegations suffer from a pleading failure. As a rule, "'willful misconduct' do[es] not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent ***and nothing more***." *Halo*, at 1936 (Breyer, J., concurring) (emphasis in original). Based on this Supreme Court guidance, courts have held that allegations of patent knowledge are not sufficient to plead egregious conduct. *See Meetrix IP, LLC.*, 2018 WL 8261315, at *3 (dismissing willful infringement claim based on failure to articulate an allegation of egregiousness); *Novartis Vaccines and Diagnostics, Inc. v. Regeneron Pharmaceuticals, Inc.* 2018 WL 5282887, at *3 (S.D.N.Y. Oct. 24, 2018) (same); *Finjan, Inc. v. Cisco Systems, Inc.*, 2017 WL 2462423, at *2, *5 (N.D. Cal. June 7, 2017) (same). Proxense does not even attempt to include any facts that may lead a fact finder to conclude that Samsung engaged in "egregious conduct."

Because Proxense fails to plead that Samsung has engaged in egregious conduct, Samsung's claim for willful infringement must be dismissed.

### III. PROXENSE'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

#### A. Proxense Fails to Adequately Plead Pre-Suit Knowledge

The argument from Section II.A equally applies to Proxense's allegations of knowledge for purposes of indirect infringement for all five patents. With respect to the knowledge requirement for the '730, '989, and '700 patents specifically, this Court has repeatedly held that failure to plead any facts supporting an allegation of pre-suit knowledge of the asserted patent should result in the dismissal of a plaintiff's indirect infringement claims. *See Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, Text Order Granting D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where plaintiff's only allegation of knowledge was that "Defendant Apple has had knowledge of the '431 Patent since at least the filing of the original complaint" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement" (D.I. 28 (Am. Compl.) at ¶ 44)); *VLSI Tech.*, 2019 WL 11025759, *1-2.

Further, the Supreme Court has made clear that demonstrating induced or contributory infringement "requires proof the defendant knew the acts were infringing." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928 (2015). This is a separate requirement from knowledge of the patent itself. *See id.* at 1926 (rejecting the argument that "only knowledge of the patent is required" for indirect infringement); *see also Global-Tech Appliances*, 563 U.S. at 765-66 (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement."). Proxense's recitation of knowledge of infringement is a mere recitation of the same legal conclusion it repeats throughout the complaint – it does not plead any facts regarding Samsung's knowledge of infringement of the '188 and '905 patents. *See* Dkt. 1, ¶¶ 112; ¶ 149. Proxense's conclusory allegations should be

8

dismissed. *See PB & J Software, LLC v. Acronis, Inc.*, 897 F.Supp.2d 815, 817, 820–21 (E.D. Mo. 2012) (dismissing indirect infringement claims where the plaintiff alleged that the defendant was infringing and inducing others to infringe and that the defendant's activities included making, using, importing, selling, and/or offering products and services; finding that these allegations did not contain facts plausibly showing that the defendant knew that the others' acts constituted infringement); *see also Iqbal* 556 U.S. at 678 ("[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555).

This Court should follow its ordinary practice and dismiss Proxense's indirect infringement allegations for failure to plead pre-suit knowledge of infringement.

### B. Proxense Does Not Plead the Requisite Specific Intent for Induced Infringement

In addition to the failures above, Proxense also fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, *not merely that the inducer had knowledge of the direct infringer's activities*.'" *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (quoting *DSU Med.*, 471 F.3d at 1306) (emphasis added); *see also Promotional Techs., LLC v. Facebook, Inc.*, No. 3:11-CV-3488-P, 2012 WL 13026789, at *5 (N.D. Tex. Sept. 27, 2012) (dismissing inducement claims where plaintiff's "Original Complaint does not contain any allegations of the Defendants' specific intent to induce or active steps to encourage another's infringement" because "[a] patentee must provide factual allegations in support of the elements of inducement that have some evidentiary support.").

Proxense's induced infringement allegations consist of pleading: "Samsung has induced infringement, and continues to induce infringement, of one or more claims of the 730 Patent under 35 U.S.C. § 271(b), by sellers, resellers and end-user customers who use, make, accept, and/or

9

process payments made using Samsung Pay via the Accused Products." Dkt. 1, ¶¶ 93; ¶ 110 (same for '905 patent); ¶ 128 (same for '989 patent); ¶ 147 (same for '188 patent); ¶ 164 (same for '700 patent).  These allegations are deficient to the specific intent element of induced infringement, which necessarily "requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement."  *DSU Med.*, 471 F.3d at 1306 (Fed. Cir. 2006) (*en banc* review of intent requirement). "[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

Here, Proxense's allegations are just generic allegations that have been repeatedly found legally insufficient in this District and by other courts to allege specific intent.  *See Affinity Labs of Texas,* 2014 WL 2892285, at *7 ("[U]nsubstantiated assertions do not adequately support the more demanding specific intent requirement for a finding of induced infringement."); *see also Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. W:13-CV-362, 2014 WL 12551207, at *6 (W.D. Tex. Apr. 30, 2014) (dismissing induced infringement allegations where "Plaintiff does not specify how the marketing and selling activities of [Defendant] actually induced third-parties to infringe the [asserted patent]."); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-751-JDL, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015), report and recommendation adopted, No. 6:14-CV-751-JRG-JDL, 2015 WL 13885437 (E.D. Tex. July 15, 2015) ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim.").

Because Proxense fails to point to any "evidence of culpable conduct, directed to

encouraging another's infringement," its inducement claim should be dismissed for failure to plead a key requirement of induced infringement. *Ruby Sands*, 2016 WL 3542430, at *3.

### C. Proxense Does Not Plead the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Proxense's contributory infringement allegations also fail because Proxense did not "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Inhale*, 2018 WL 7324886, at *2 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1344–46 (Fed. Cir. 2012)). Proxense has not done so: its contributory infringement allegations are just conclusory statements that "Samsung also contributes to infringement by others of one or more claims of the 730 Patent under 35 U.S.C. § 271(c), such as sellers, resellers and end-user customers who directly infringe the 730 Patent when they use, make, accept, and/or process payments made using Samsung Pay via the Accused Products." Dkt. 1, ¶¶ 94; ¶ 111 (same for '905 patent); ¶ 129 (same for '989 patent); ¶ 148 (same for '188 patent); ¶ 165 (same for '700 patent). These allegations fail to meet the elements of a contributory infringement claim. "A complaint for contributory infringement must include facts supporting the plausibility of the following: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows that the component is 'especially made or especially adapted for use in an infringement of such patent; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in a direct infringement of the patent." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015); *see also Artrip v. Ball Corp*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"); *IOENGINE LLC v. PayPal Holdings Inc.*, No. 18-452-WCB, 2019 WL 330515, *6-7 (D. Del. Jan.

25, 2019) (dismissing contributory infringement allegations because they were "devoid of factual support" and failed to "plead any facts showing what particular conduct by [defendant] contributed to the infringement of the patents by others"). Proxense's failure to raise a plausible inference of no substantial non-infringing uses and materiality is fatal to its contributory infringement claim, and as such it should be dismissed.

## IV.     CONCLUSION

Samsung respectfully requests that the Court dismiss Proxense's allegations of willful and indirect infringement. Pursuant to L.R. CV-7(h), Samsung requests an oral hearing on the foregoing motion.

Dated:  June 10, 2021                    /s/ Victoria F. Maroulis
Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
victoriamaroulis@quinnemanuel.com
Mark Tung
marktung@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sean Pak
seanpak@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Marissa Ducca
marissaducca@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

*Counsel for Defendants Samsung Electronics, Co., Ltd. and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 10, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  June 10, 2021                  */s/ Victoria F. Maroulis*
                                       Victoria F. Maroulis