IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| PROXENSE, LLC, *Plaintiff* | § § § § | |
| -v- | § | 6:21-CV-00210-ADA |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., *Defendant* | § § § § § | JURY TRIAL DEMANDED |

**ORDER**

Before the Court are the parties' claim construction briefs. Plaintiff Proxense, LLC (hereinafter "Proxense") submitted its Complaint *for Patent Infringement and Demand for Jury Trial* on April 23, 2021 (ECF No. 1). Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") submitted the opening *Markman* Brief on October 28, 2021, and the Reply Markman Brief on December 6, 2021. (ECF Nos. 33, 37, respectively). Plaintiff submitted its response on November 17, 2021, and sur-reply brief (ECF Nos. 35, 39, respectively). The Court held the *Markman* hearing on December 27, 2021. (ECF No. 42). This Order informs the parties of the Court's constructions.

**I. Standard of Review**

Generally, courts construe claim terms according to their plain and ordinary meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*). The Federal Circuit applies a "heavy presumption" in favor of construing terms according to their plain and ordinary meaning, that is, the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir.

2014) (vacated on other grounds); *Phillips*, 415 F.3d at 1313. The "only two exceptions to [the] general rule" that claim terms are construed according to their plain and ordinary meaning are when the patentee acts as his own lexicographer or disavows the full scope of the claim term either in the specification or during prosecution. *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). To act as his own lexicographer, the patentee must "clearly set forth a definition of the disputed claim term," and "clearly express an intent to define the term." *Id.* at 1365. To disavow the full scope of a claim term, the patentee's statements in the specification or prosecution history must represent "a clear disavowal of claim scope." *Id.* at 1366. Accordingly, when "an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable." *3M Innovative Props. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013).

While the specification "may aid the court" in analyzing disputed language in a claim, "particular embodiments and examples appearing in the specification will not generally be read into the claims." *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (internal citations omitted). Absent a "clear indication in the intrinsic record that the patentee intended the claims to be…limited," courts do not read limitations found in the specification into the claims. *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004).

## II. Discussion

| NO. | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Final Construction |
|---|---|---|---|---|
| 1 | **Persistently storing . . . a tamper proof format written to a storage element on the integrated device** | No construction necessary or possible, plain and ordinary meaning | Permanently storing in a form that prevents subsequent writing to store new data or | No construction necessary or possible, plain and ordinary meaning |

| | | | | |
|---|---|---|---|---|
| | that is unable to be subsequently altered" (730:1, 15) / "a tamper proof format written to the memory that is unable to be subsequently altered" (730:8). | | modifications to existing data | |
| 2 | "device ID code" (730:1, 3, 8, 10, 12, 15) / "ID Code" (905:1-3, 8-11, 13-14; 989:1-2, 4-8) | A unique code identifying a device | The device-specific code that identifies the device | A unique code identifying a device |
| 3 | "receiving an access message from the agent allowing the user access to an application" (Claims 1, 8, 15) / "receiving an access message from the agent" (Claim 12) | No construction necessary or possible, plain and ordinary meaning. | Receiving a signal from the agent permitting a user to access an application, / Receiving a signal from the agent permitting a user to access. | No construction necessary |
| 4 | "access message" (Claims 1, 8, 12, 15) | A signal or notification enabling or announcing access | A signal permitting a user to access. | A signal or notification enabling or announcing access |
| 5 | "wherein the biometric data and the scan data are both based on a fingerprint scan by the user" (Claim 5). | No construction needed, plain and ordinary meaning. | Invalid under §112 ¶4 | No construction needed, plain and ordinary meaning. |
| 6 | "hybrid device" (Claims 1-12,15, 20). | A device comprising an integrated personal digital key (PDK) and an integrated receiver-decoder circuit. | Indefinite | A device comprising an integrated personal digital key (PDK) and an integrated receiver-decoder circuit. |
| 7 | "Personal digital key" (Claims 1, 10). | An operably connected collection of elements including an antenna and a transceiver for communicating with a RDC and a controller and memory for | A device that includes an antenna, a transceiver for communicating with the RDC and a controller and memory for storing | An operably connected collection of elements including an antenna and a transceiver for communicating with a RDC and a controller and memory for |

| | | | | |
|---|---|---|---|---|
| | | storing information particular to a user. | information particular to a user. | storing information particular to a user |
| 8 | **"biometric information" (Claims 1, 4, 10, 13).** | No construction necessary, plain and ordinary meaning. | The fingerprint, palm print, retinal scan, iris scan, photograph, signature, voice sample, or DNA/RNA information that uniquely identifies an individual. | No construction necessary, plain and ordinary meaning. |
| 9 | **"financial information" (Claims 5, 6, 14, 17).** | No construction necessary, plain and ordinary meaning. Alternatively, information about the transaction utilized to verify, authorize, or complete a transaction. | Purchasing account numbers, such as the debit card, ATM card, or bank account numbers. | No construction necessary, plain and ordinary meaning. |
| 10 | **"receiver-decoder circuit" (Claims 1, 10).** | A component or collection of components, capable of wirelessly receiving data in an encrypted format and decoding the encrypted data for processing. | A device that provides a wireless interface to the PDK. | A component or collection of components, capable of wirelessly receiving data in an encrypted format and decoding the encrypted data for processing. |
| 11 | **"inheritance information" (Claims 9, 18 (not asserted)).** | Information passed from a first device to a second device for use by the second device. | Information that is received from a predecessor device. | Information passed from a first device to a second device for use by the second device. |
| 12 | **"enablement signal" (Claims 10-12, 17)** | A message that enables or authorizes | No construction needed. | No construction needed. |

|  |  |  | Alternatively, a signal that authorizes. |  |

SIGNED this 18th day of January, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE