# Exhibit E

**Discovery Dispute Chart for Proxense, LLC vs. Samsung Elecs. Co., Ltd. et al.**
**Civil Action No. 6:21-cv-00210**

| Issue | Requesting Party's Position | Responding Party's Position |
|---|---|---|
| **Issue No. 1**<br><br>Amendment of Invalidity Contentions to Add Supplemental Evidence Obtained During Discovery | Samsung seeks leave to amend its final invalidity contentions as reflected in Exhibit A. Samsung seeks to add new evidence to previously-disclosed invalidity charts regarding the Pocket Vault prior art system. Samsung is only adding new evidence, not new theories, uncovered from third parties during discovery. Samsung has acted diligently, as Proxense has been on notice of the additional evidence for several weeks. Samsung's amendments will not impact the procedural schedule. *TurboChef Techs., Inc. v. Garland Com. Indus., LLC*, No. 07-cv-1330-F, 2010 WL 11618339, at *2-3 (W.D. Tex. Jun. 24, 2010).<br><br>Further, Samsung provided Proxense with its proposed amended contentions on July 8, 2022, mitigating any putative prejudice. The parties also are deposing the Pocket Vault inventors who provided the relevant discovery **starting this week**. (Ex. B). Proxense claims no prejudice. Indeed, during the parties' meet and confer, Proxense objected solely based on timeliness (that Samsung should have moved for leave earlier), but that objection is meritless.<br><br>*First*, Proxense concedes that it has known of the new evidence for weeks. Indeed, Proxense's only stated objection is premised on the timing of this motion. However, that objection ignores that the new Pocket Vault evidence was just recently obtained and merely supplements charts that were first provided as of August 26, 2021, and have been in this case for almost a year. | A month before the end of fact discovery, Samsung sought to amend its invalidity contentions to include cumulative material that is not even prior art that Samsung obtained in mid-May.<br><br>*First*, Samsung has not been diligent. Samsung admits to first receiving the third-party materials in mid-May. Yet, it did not present Proxense with amended invalidity contentions until July 8th, a month before fact discovery closes. Lesser delays have been found to evidence a lack of diligence. *Mears Techs., Inc. v. Finisar Corp.*, 2014 WL 12605571, at *2 (E.D. Tex. Oct. 6, 2014). Samsung's citation to *Kroy* is inapposite given that *Kroy* permitted supplemental invalidity contentions *after* the plaintiff changed infringement contentions. *Kroy IP Holdings, LLC v. AutoZone, Inc.*, 2014 WL 7463099, at *3 (E.D. Tex. Dec. 30, 2014). Samsung gives no such reason for its amendment.<br><br>*Second*, Samsung has not established that Pocket Vault was even prior art. In *Garrity*, the new evidence was to supplement a prior art system. *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, 2021 WL 4894262 at *3 (E.D. Tex. Oct. 19, 2021). Likewise, the amendments permitted in *Estech Sys., Inc. v. Target Corp.*, 2021 WL 2187978, *1 (E.D. Tex. May 28, 2021) related to an acknowledged public disclosure. Here, however, Samsung is not seeking to add any evidence that Pocket Vault was ever in public use or was prior |

Case 6:21-cv-00210-ADA   Document 64-6   Filed 08/05/22   Page 3 of 7

**Discovery Dispute Chart for Proxense, LLC vs. Samsung Elecs. Co., Ltd. et al.**
**Civil Action No. 6:21-cv-00210**

|  | Proxense's timeliness objection exalts form over substance.<br><br>*Second*, Samsung was diligent in procuring the new evidence. Samsung just obtained the relevant documents from third parties in mid-May; it indicated its intention to amend its contentions by late June; and provided the amended charts to Proxense by early July. *Kroy*, 2014 WL 7463099, at *2. Courts have recognized that obtaining evidence from a defunct third-party company (as is the case here) does not constitute delay, and they have allowed supplementation in such circumstances. *Garrity*, 2021 WL 4894262, at *2. Proxense does not credibly refute this, and Proxense's reliance on *Mears* is flawed. In *Mears*, plaintiff sought to amend its *infringement* contentions, twice, once to add additional products and then to change its theory. Importantly, the court did *allow* plaintiff to supplement based on information that was "recently learned," as is the case here. As for the denial, plaintiff's request was a change its theory, came after the close of fact discovery, and on the eve of trial. No such facts exist here.<br><br>*Third*, Proxense's arguments regarding whether Pocket Vault is prior art is misplaced and premature. Discovery is ongoing (with the relevant depositions this week), and Proxense has the opportunity to test its theory throughout discovery and at trial. The new evidence and art confirms the invalidity of Proxense's patents, and any amendment that would be dispositive of Proxense's claims is important and "weighs in favor of granting" Samsung's motion. *Estech Sys.*, 2021 WL 2187978, at | art outside of Chameleon Network's issued patent. Samsung has only disclosed PowerPoint presentations of what Pocket Vault could have been, if made and sold. But Samsung "would still need to reduce [its] conceived invention to practice to arguably establish that the reference is prior art." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2020 WL 338124, *2 (E.D. Tex. Jan. 21, 2020). Samsung has not done so, here.<br><br>**Relief:** Deny Samsung's Motion to Amend its Invalidity Contentions as to the Pocket Vault device. |
|---|---|---|

Case 6:21-cv-00210-ADA   Document 64-6   Filed 08/05/22   Page 4 of 7

**Discovery Dispute Chart for Proxense, LLC vs. Samsung Elecs. Co., Ltd. et al.**
**Civil Action No. 6:21-cv-00210**

| | | |
|---|---|---|
| | *4. Proxense does not contest the dispositive nature of Samsung's amendment.<br><br>*Finally*, Proxense has not and cannot claim prejudice. Proxense had Samsung's amended charts with several weeks remaining in discovery. Discovery in this case is ongoing, and only a few non-technical fact depositions have occurred. This amendment is well before the September 15 deadline for Proxense's rebuttal validity reports. Indeed, Proxense has the opportunity to depose Samsung's expert regarding the evidence contained within Samsung's amendment. *United Servs.*, 2019 WL 6878880, at *2. Moreover, depositions of third parties with knowledge of the relevant prior art are scheduled but haven't occurred.<br><br>**Relief:** Grant Samsung's Motion to Amend its Invalidity Contentions as to the Pocket Vault system. | |
| **Issue No. 2**<br><br>Amendment of Invalidity Contentions to add three new references | Samsung also seeks leave to amend its final invalidity contentions, as reflected in Exhibit C, to add references that were unearthed following and in light of the PTAB's decisions to deny institution of IPRs based on claim construction arguments Proxense didn't advance in this Court. Here too, Samsung has acted diligently; Proxense has been on notice of the additional art since at least June 8, 2022; and Samsung's amendments will, again, not impact the procedural schedule. *See TurboChef*, 2010 WL 11618339, at *2-3. | *First*, Samsung's argument regarding claim construction is asserted in bad faith. Samsung claims that it must supplement "in light of the PTAB's decision to deny institution of IPRs based on claim construction arguments Proxense didn't advance in this Court." This clever wording purposely omits the fact that the PTAB considered the proposed construction that **Samsung** asserted in this Court for the term "third party trusted authority," which was different from the construction Samsung proposed to the PTAB. Claim construction in *this* matter is over and the PTAB's understanding and reliance on Samsung's *Markman* |

Case 6:21-cv-00210-ADA   Document 64-6   Filed 08/05/22   Page 5 of 7

**Discovery Dispute Chart for Proxense, LLC vs. Samsung Elecs. Co., Ltd. et al.**
**Civil Action No. 6:21-cv-00210**

*First,* Samsung seeks to introduce these references based on the construction given by the PTAB to deny institution to Samsung's IPRs. Contrary to Proxense's suggestion, Samsung did not have knowledge of the construction adopted by the PTAB until it ruled and adopted an overly restrictive construction at Proxense's urging. Samsung's amendment addresses these developments.

*Second,* Proxense wrongly contends that this motion is untimely. To the contrary, Samsung diligently searched and prepared invalidity charts as soon as Samsung received the PTAB's decision. *Tyco Healthcare*, 2010 WL 7853420, at *1 (E.D. Tex. Apr. 1, 2010) (granting leave to supplement invalidity contentions sought six months before trial). Based on Proxense's construction before the PTAB, Samsung found and analyzed additional art to utilize in its EPRs. *Maxell*, 2020 WL 10456917, at *2 (E.D. Tex. Feb. 24, 2020). Proxense contends Samsung gave its notice of intent to amend on July 8, but the record shows otherwise. (Ex. D (June 30 email)). Proxense also ignores that Samsung provided fully fleshed-out claims chart in early July. Indeed, the process of finding and analyzing art is time consuming. *Hearing Components*, 2008 WL 11348009, at *2 (E.D. Tex. June 5, 2008) (finding three-month delay "can be expected when a party conducts a proper investigation into the merits of its potential defenses").

Proxense's cited precedent in its last paragraph also does not advance its cause. Specifically, Proxense's reliance on jurisprudence from another district's particular

arguments is irrelevant here. Samsung improperly seeks a mulligan. Samsung certainly had knowledge of its own positions on claim construction when compiling its initial invalidity disclosures, and these public references were available then.

*Second*, Samsung offers no explanation for its delay. Samsung sought to amend *171 days after* the Court's claim construction order, and a month before the end of fact discovery. That Samsung filed its serial Requests for Reexamination based on these references on June 8 is irrelevant. Samsung "ha[s] not explained why, with reasonable diligence, [it] could not have discovered the proposed references prior to the deadline for filing invalidity contentions." *Imperium Holdings (Cayman), LTD v. Samsung Electronics Co., Ltd.*, 2016 WL 3844700, *2 (E.D. Tex. 2016). The PTAB denied IPR on February 28, 2022, yet Samsung waited more than three months to file its serial Requests for Reexamination. *See Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 541 (E.D. Tex. 2015) (denying amendment after "Defendants waited more than three months after serving their Invalidity Contentions to file a motion to amend them"). Samsung then waited another month before giving Proxense notice of its intent to amend on July 8, 2022. *See Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 902 (E.D. Tex. 2006); *Mears Techs.*, 2014 WL 12605571, at *2 (no diligence when moving party waited more than 60 days after issuance of claim construction order). Even if Samsung's red herring regarding the PTAB's reliance

Case 6:21-cv-00210-ADA   Document 64-6   Filed 08/05/22   Page 6 of 7

**Discovery Dispute Chart for Proxense, LLC vs. Samsung Elecs. Co., Ltd. et al.**
**Civil Action No. 6:21-cv-00210**

|  | procedural rules (EDTX) are inapposite when that district follows a different discovery and claim construction schedule.<br><br>*Finally*, Proxense has not and cannot claim prejudice. Indeed, Proxense contends that this amendment allegedly "add[s] nothing," thus conceding that it suffers no prejudice if granted. Discovery in this case is ongoing, and only two non-technical fact depositions have occurred. The close of discovery is also still weeks away, and this amendment is well before the September 15 deadline for Proxense's rebuttal validity reports. Indeed, Proxense has the opportunity to depose Samsung's expert regarding this amendment. *United Servs.*, 2019 WL 6878880, at *2. Proxense does not meaningfully distinguish this case or its holding that it has the opportunity to depose Samsung's expert.<br><br>**Relief:** Grant Samsung's Motion to Amend its Invalidity Contentions as to the remaining references. | on Samsung's district court *Markman* arguments was at all relevant, Samsung's delay is still inexcusable.<br><br>*Third*, Samsung's proposed amendments are futile and add nothing. *See U.S. Well Servs., LLC v. TOPS Well Servs.*, 2020 WL 5554022, *3 (S.D. Tex. 2020); *Uniloc 2017 LLC v. Google LLC,* 2020 WL 709557, *3 (E.D. Tex. Feb. 10, 2020) ("[Movant] does not adequately identify any disclosure in the new information that is distinct from [Movant's] already-identified prior art."); *Sol IP, LLC v. AT&T Mobility LLC,* 2020 WL 87134, *2 (E.D. Tex. Jan. 7, 2020); *Gree, Inc. v. Supercell Oy,* 2020 WL 3605618, *3 (E.D. Tex. July 2, 2020). Samsung makes no effort to show these three new, publicly available references are not cumulative of the twenty-three other references it has already cited. Moreover, the Court never adopted Samsung's proposed construction of "third party trusted authority," and so the new references would be futile.<br><br>*Finally,* "amendments to invalidity contentions after parties have disclosed and argued for their claim construction positions is prejudicial." *Imperium*, 2016 WL 3854700, at *2; *Allure Energy*, 84 F. Supp. 3d at 542. Samsung's reliance on *United Servs.* is inapposite, because the *plaintiff* in that case sought to amend its *infringement contentions* in response to delayed production of source code. *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, 2019 WL 6878880, at *2 (E.D. Tex. Dec. 17, 2019). |

**Discovery Dispute Chart for Proxense, LLC vs. Samsung Elecs. Co., Ltd. et al.**
**Civil Action No. 6:21-cv-00210**

|  |  | **Relief:** Deny Samsung's Motion to Amend its Invalidity Contentions as to the remaining references. |
|---|---|---|