**Exhibit H**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| PROXENSE, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS, CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>  Defendants. | Case Nos. 6:21-cv-00210-ADA<br><br><br><br>JURY TRIAL DEMANDED |

## SAMSUNG'S FINAL INVALIDITY CONTENTIONS

### I.    INTRODUCTION

Defendants Samsung Electronics, Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") provides these Final Invalidity Contentions to Plaintiff Proxense, LLC ("Proxense") for the following patents (collectively, "Asserted Patents" or "Patents-in-Suit" ) and claims (collectively, "Asserted Claims") identified as asserted in Plaintiff's Disclosure of Preliminary Infringement Contentions served on July 1, 2021 ("Infringement Contentions"):

- U.S. Patent No. 8,352,730 ("the '730 Patent"), claims 1-2, 5-6, 8, and 9 ("the '730 Asserted Claims");

- U.S. Patent No. 9,298,905 ("the '905 Patent"), claims 1, 4-5, 7, 9, 10, and 12 ("the '905 Asserted Claims");

- U.S. Patent No. 10,698,989 ("the '989 Patent"), claims 1-6 ("the '989 Asserted Claims");

- U.S. Patent No. 9,049,188 ("the '188 Patent"), claims 1, 3-10, and 13-16 ("the '188 Asserted Claims");

- U.S. Patent No. 9,235,700 ("the '700 Patent"), claims 1, 3, 5-9, 11, 15-17, and 19 ("the '700 Asserted Claims");

Samsung addresses the invalidity of the Asserted Claims and concludes with a description of their document production and identification of additional reservations and explanations.

1

## II.     PRIORITY DATE OF THE ASSERTED PATENTS AND CLAIMS

Proxense asserts that the '730 Patent, the '905 Patent, and the '989 Patent are entitled to a priority date of December 20, 2004 and the '188 Patent, and the '700 Patent are entitled to a priority date of December 6, 2007 in its July 1, 2021 Infringement Contentions.

It is Proxense's burden to show entitlement to its asserted priority dates, and Samsung asserts that Proxense has failed to meet that burden.  *See Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *see also, In re Magnum Oil Tools Int'l, Ltd*., 829 F.3d 1364, 1376 (Fed. Cir. 2016) ("[A] patentee bears  the burden of establishing that its claimed invention is entitled to an earlier priority date than an asserted prior art reference.").  For example, Proxense has failed to show that any of the Asserted Claims are entitled to a priority date earlier than the filing of the applications that issued as the asserted patents.  Proxense therefore has not demonstrated that the patents are entitled to the dates of the provisional applications.  Nevertheless, Samsung has focused on prior art that predates the claimed priority dates.  But, Samsung reserves the right to amend its invalidity contentions with additional prior art and/or with additional charts of the art if Proxense changes its position and alleges earlier or later priority dates.  In addition, Proxense has not identified the date of conception for the patents-in-suit. In particular, on August 18, 2021, and has expressly stated that after a reasonable search, no such documents exist, Proxense expressly conceded that it "will only rely on the documents included with the provisional patent applications in terms of conception and reduction to practice evidence."  Samsung therefore also reserves its right to amend its Invalidity Contentions if Proxense is permitted to allege earlier dates of conception for the patents-in-suit, or if Proxense does not meet its burden to prove the priority dates it asserts.

III.    **PRIOR ART REFERENCES**

Samsung identifies the following prior art now known to Samsung to anticipate or render obvious the Asserted Claims under at least 35 U.S.C. §§ 102(a), (b), (e), and/or (g), either expressly or inherently as understood by a POSITA, and/or rendered obvious under 35 U.S.C. § 103, either alone or in combination.  At this time, Samsung contends that the following prior art references described below anticipate or render obvious, either alone or in combination, one or more of the Asserted Claims of '730 patent,  the '905 Patent, the '989 Patent, the '188 Patent, and/or the '700 Patent.  These prior art references also provide a description of the level of skill in the art and provide background information showing the knowledge of a person of skill in the art.  Samsung reserves the right to rely on these references for those purposes.

Samsung additionally incorporates by reference all prior art references cited on the face of the '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, the '700 Patent, related patents, and all foreign counterparts.  Samsung further incorporates by reference all prior art references identified in the file history of the same.  Samsung reserves the right to rely upon foreign counterparts of the U.S. Patents identified in these invalidity contentions, U.S. counterparts of foreign patents and foreign patent applications identified in these invalidity contentions, U.S. and foreign patents and patent applications corresponding to articles and publications identified in these invalidity contentions, and any systems, products, or prior inventions related to any references identified in these invalidity contentions.

In these invalidity contentions, including the exhibits, any citation to a printed publication or other reference describing a prior art system should also be construed to include a reference to the prior art system itself.

## A.     Prior Art Patents, Publications, and Systems

| Prior Art | Date of Issue or Publication | Effective Filing Date |
|---|---|---|
| U.S. Patent No. 6,353,889 B1 to Hollingshead et al ("Hollingshead") | March 5, 2002 | May 13, 1998 |
| U.S. Patent Application No. 2003/0074317 A1 to Hofi ("Hofi") | April 17, 2003 | October 15, 2001 |
| U.S. Patent No. 8,548,927 B2 to Beenau et al ("Beenau") | October 1, 2013 | July 10, 2001 |
| U.S. Patent No. 6,819,219 B1 to Bolle et al ("Bolle") | November 16, 2004 | October 13, 2000 |
| U.S. Patent Application No. 2003/0120934 A1 to Ortiz ("Ortiz") | September 7, 2010 | January 10, 2001 |
| U.S. Patent Application No. 2004/0044627 A1 to Russell et al ("Russell") | March 4, 2004 | November 30, 1999 |
| U.S. Patent Application No. 2001/0000535 A1 to Lasley et al ("Lapsley") | September 27, 2005 | November 28, 1994 |
| U.S. Patent Application No. 2003/0177102 A1 to Robinson et al ("Robinson") | September 18, 2003 | September 21, 2001 |
| U.S. Patent Application No. 2004/0153649 A1 to Rhoads et al ("Rhoads") | August 3, 2010 | July 27, 1995 |
| US Patent Application No. US 2002/0109580 to Shreve et al. ("Shreve") | August 15, 2002 | February 15, 2001 |
| U.S. Patent Application No. 2003/0055792 A1 to Kinoshita et al ("Kinoshita") | March 20, 2003 | July 23, 2001 |
| U.S. Patent Application No. 2007/0245157 A1 to Giobbi et al ("Giobbi '157") | October 18, 2007 | November 30, 2005 |
| U.S. Patent Application No. 2004/0255139 A1 to Giobbi ("Giobbi '139") | December 4, 2007 | December 27, 2000 |
| European Patent Office Patent No. 1,536,306 A1 to Buer et al ("Buer I") | June 1, 2005 | September 30, 2003 |
| European Patent Office Patent No. 2,797,020 A3 to Buer et al ("Buer II") | December 3, 2014 | September 30, 2003 |
| European Patent Office Patent No. 3,023,899 B1 to Buer et al ("Buer III") | September 16, 2020 | September 30, 2003 |
| U.S. Patent Application No. 2008/0100414 A1 to Diab et al ("Diab I") | May 1, 2008 | October 30, 2006 |

| | | |
|---|---|---|
| U.S. Patent No. 8,395,478 B2 to Diab et al ("Diab II") | March 12, 2003 | October 30, 2006 |
| U.S. Patent Application No. 2009/ 0215385 A1 to Water et al ("Waters I") | August 27, 2009 | February 15, 2005 |
| U.S. Patent No. 8,594,563 B2 to Waters et al ("Waters II") | November 26, 2013 | February 15, 2005 |
| U.S. Patent Application No. 2010/0049987 A1 to Ettore et al ("Ettore I") | February 25, 2010 | December 19, 2006 |
| U.S. Patent No. 8,955,083 B2 to Ettore et al ("Ettore") | February 10, 2015 | December 19, 2006 |
| U.S. Patent Application No. 2005/0269401 A1 to Spitzer et al ("Spitzer") | December 8, 2005 | June 3, 2004 |
| U.S. Patent No. 9,042,819 B2 (" Dua") | January 15, 2015 | May 12, 2005 |
| U.S. Patent No. 6,219,439 B1 ("Burger") | April 17, 2001 | July 9, 1998 |
| US Patent No. US 7,249,112 ("Berardi") | July 24, 2007 | December  13, 2002 |
| PCT Application No. WO 99/56429 to Scott et al. ("Scott") | November 4, 1999 | April 26, 1999 |
| iCLASS RWKLB575 bioCLASS Biometric Keypad Smart card Reader | -- | -- |
| Pocket Vault System ("Pocket Vault") | -- | -- |
| IBM's Secure PDA --CDL Paron MPC | -- | -- |
| U.S. Patent Publication No. 2008/0022089 A1 ("Leedom") | January 24, 2008 | June 26, 2006 |
| U.S. Patent Publication No. 2007/0198436 A1 ("Weiss") | August 23, 2007 | February 21, 2007 |
| European Patent No. 1,224,518 B1 ("Vamvakas") | July 24, 2002 | October 6, 2000 |
| U.S. Patent No. 8,166,523 ("Ezaki") | April 24, 2012 | August 13, 2002 |
| U.S. Patent No. 6,001,858 ("Stock") | January 4, 2000 | June 27, 1998 |
| International Application W.O. 00/00882 ("DeSchrijver") | January 6, 200 | June 25, 1999 |

Samsung additionally identifies and relies on patent or publication references that describe or are otherwise related to the prior art systems identified below.  Samsung's investigation into prior art patent and publication references is ongoing, and Samsung reserves the right to identify

and rely on additional patent or publication references that are identified through further investigation or discovery. Samsung reserves the right to supplement as further prior art is identified through investigation or discovery.

### B.     Prior Art Systems and Products

Samsung also contends that the Asserted Claims of the '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, and the '700 Patent are invalid based on public knowledge and uses and/or offers for sale or sales of products and services that are prior art under 35 U.S.C. § 102(a) and/or (b); and/or prior inventions made in the United States by other inventors who had not abandoned, suppressed, or concealed them under 35 U.S.C. § 102(g), and that anticipate or render obvious under 35 U.S.C. § 103 the Asserted Claims.

For example, systems and products developed by encryption and/or security concerned companies such as IBM, Broadcom, American Express, HID, and Pocket Vault may constitute prior art. However, discovery in this case opened on December 28, 2021 – the day after the claim construction hearing – and thus Samsung has not had the opportunity to fully conduct third-party discovery from companies and sources that may have relevant prior art. Samsung reserves the right to conduct such discovery and supplement its invalidity contentions to include any prior art systems and products that render the asserted claims invalid. Samsung may use physical samples, executable software, or source code as evidence of the relevant functionality of these prior art products or services. Samsung will make available for inspection any physical samples of products, systems, or software listed above, and/or any source code therefor, that it has in its possession or that becomes available in the future during discovery.

## IV.   INVALIDITY UNDER 35 U.S.C. §102 AND §103

At this time, Samsung contends that at least each of the prior art references described and charted in Exhibits 730-A-W anticipates or renders obvious, either alone or in combination, one or more of the asserted claims of the '730 patent.

Likewise, Samsung contends that at least each of the prior art references described and charted in Exhibits 905-A-W anticipates or renders obvious, either alone or in combination, one or more of the asserted claims of the '905 Patent.

Likewise, Samsung contends that at least each of the prior art references described and charted in Exhibits 989-A-W anticipates or renders obvious, either alone or in combination, one or more of the asserted claims of the '989 Patent.

Likewise, Samsung contends that at least each of the prior art references described and charted in Exhibits 188-A-Q anticipates or renders obvious, either alone or in combination, one or more of the asserted claims of the '188 Patent.

Likewise, Samsung contends that at least each of the prior art references described and charted in Exhibits 700-A-Q anticipates or renders obvious, either alone or in combination, one or more of the asserted claims of the '700 Patent.

Additional prior art that has not been charted, but is still relevant to the invalidity of the Asserted Patents, including without limitation as evidence of the state of the art at the alleged time of invention, has been included in Samsung's production of prior art.  Samsung reserves the right to amend these invalidity contentions to assert these references depending on the infringement positions Proxense may take as the case proceeds and Samsung's ongoing investigation. Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '730 patent,  the '905 Patent, the '989 Patent, the '188 Patent, and the '700 Patent obvious in the event Proxense takes the position that certain claim limitations are

7

missing from the references charted in Exhibits 730-A-W, 905-A-W, 989-A-W, 188-A-Q, and 700-A-Q.

### A.   Anticipation

Samsung contends that the Asserted Claims of the '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, and the '700 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references in Exhibits 730-A-W, 905-A-W, 989-A-W, 188-A-Q, and 700-A-Q, which identify specific examples of where each limitation of the Asserted Claims is found in the prior art references. The cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

To the extent any item of prior art cited above is deemed not to disclose, explicitly or inherently, any limitation of an Asserted Claims of the '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, and the '700 Patent, Samsung reserves the right to argue that any difference between that prior art and the corresponding patent claim would have been either inherent to the art, or obvious to a person of ordinary skill in the art, even if Samsung has not specifically denoted that the art is to be combined with the knowledge of a person of ordinary skill in the art.

### B.   Obviousness

Each anticipatory prior art reference disclosed in the preceding section, either alone or in combination with other prior art, also renders the Asserted Claims of the Asserted Patents invalid as obvious, alone, and as demonstrated in the claim charts appended as Exhibits 730-A-W, 905-A-W, 989-A-W, 188-A-Q, and 700-A-Q. To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibits 730-A-W, 905-A-W, 989-A-W, 188-A-Q, and 700-A-Q then any purported differences are such that the claimed subject matter as a whole

would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103.

In addition, the references identified above render one or more asserted claims of the Asserted Claims obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  Any of the references disclosed above may be combined with one another to render obvious (and therefore invalid) each of Proxense's Asserted Claims[1].  Samsung may rely upon a subset of the above identified references or all of the references identified above, for purposes of obviousness depending on the Court's claim construction, positions taken by Proxense during this litigation, and further investigation and discovery.  Below is an exemplary chart of various obviousness combinations, and is not meant to be exhaustive.

| No. | Exemplary Obviousness Combinations |
|-----|------------------------------------|
| 1 | Giobbi '157 and Leedom |
| 2 | Buer I and Leedom |
| 3 | Scott, Russell, and Lapsley |
| 4 | Scott, Russell, Lapsley, and Robinson |
| 5 | Scott, Russell, Lapsley, and Rhoads |
| 6 | Berardi and Kinoshita |
| 7 | Hollingshead and Beeanu |
| 8 | Buer I and  Waters |
| 9 | Giobbi '157 and Diab |
| 10 | Giobbi '157 and Waters |
| 11 | Buer I and Diab |
| 12 | Giobbi '157 and Spitzer |

---

[1]   However, Samsung waives the combinations of Giobbi '157, Giobbi '139 and Dua; Buer I for single reference obviousness, and Buer I and Giobbi '157 as raised in IPR2021-01438 and IPR2021-01439.

| No. | Exemplary Obviousness Combinations |
|-----|-----------------------------------|
| 13 | Spitzer and Buer I |
| 14 | Ettore and Spitzer |
| 15 | Ettore and Giobbi '157 |
| 16 | Leedom and Weiss |
| 17 | Scott, Berardi, Hollingshead, and/or Burger in combination with Hofi, Stock, deSchrijver, and/or Vamvakas |
| 18 | Scott and Stock |
| 19 | Pocket Vault in combination with Hofi, Stock, deSchrijver, and/or Vamvakas |
| 20 | HID iClass in combination with Hofi, Stock, deSchrijver, and/or Vamvakas |

To the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above.  As detailed further below, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, and the '700 Patent to combine the various references cited herein so as to disclose the asserted claims of the '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, and the '700 Patent.

Prior Art references rendering the Asserted Claims obvious, alone or in combination with other references, are included in Exhibits 730-A-W, which include exemplary claim charts for the Asserted Claims of the '730 Patent showing specifically where in each reference or combinations of references each Asserted Claim is found, and an explanation of why the prior art renders the Asserted Claim obvious.

Similarly, Prior Art references rendering the Asserted Claims obvious, alone or in combination with other references, are included in Exhibits 989-A-W, which include exemplary claim charts for the Asserted Claims of the '989 Patent showing specifically where in each

reference or combinations of references each Asserted Claim is found, and an explanation of why the prior art renders the Asserted Claim obvious.

Likewise, Prior Art references rendering the Asserted Claims obvious, alone or in combination with other references, are included in Exhibits 905-A-W, which include exemplary claim charts for the Asserted Claims of the '905 Patent showing specifically where in each reference or combinations of references each Asserted Claim is found, and an explanation of why the prior art renders the Asserted Claim obvious.

Next, Prior Art references rendering the Asserted Claims obvious, alone or in combination with other references, are included in Exhibits 188-A-Q, which include exemplary claim charts for the Asserted Claims of the '188 Patent showing specifically where in each reference or combinations of references each Asserted Claim is found, and an explanation of why the prior art renders the Asserted Claim obvious.

Finally, Prior Art references rendering the Asserted Claims obvious, alone or in combination with other references, are included in Exhibits 700-A-Q, which include exemplary claim charts for the Asserted Claims of the '700 Patent showing specifically where in each reference or combinations of references each Asserted Claim is found, and an explanation of why the prior art renders the Asserted Claim obvious.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or the obviousness of the Asserted Claims in view of further information from Proxense, or information discovered during discovery. Proxense has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time. Therefore, for any claim limitation that Proxense alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed

reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

### 1.    Motivation to Combine

Samsung intends to present expert evidence demonstrating the motivation to combine of one of ordinary skill in the art.  Such facts and evidence is expert testimony and will be presented in the experts' reports according to the schedule of the Court.  Samsung incorporates by reference its forthcoming expert reports and any testimony of its experts presented according to the Court's schedule.  The motivation to combine or modify the above items of prior art are present, for example, in the references themselves, the Patents-in-Suit, references cited on the face of the Patents-in-Suit, the knowledge, skill, or creativity of one of ordinary skill in the art, the prior art as a whole, and/or the nature of the problems allegedly addressed by the Patents-in-Suit.  The law requires no showing of a specific motivation to combine or modify prior art references disclosed herein and in the Invalidity Charts, as each combination or modification of art would have no unexpected results and at most would simply represent a known alternative to one of skill in the art.  *See KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1739-40 (2007) (rejecting the Federal Circuit's "rigid" application of the teaching, suggestion, or motivation to combine test, instead espousing an "expansive and flexible" approach). Indeed, the Supreme Court held that a person of ordinary skill in the art is "a person of ordinary creativity, not an automaton" and "in many cases, a person of ordinary skill in the art will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id*. at 1742.  Thus, to a person of ordinary skill in the art, the Asserted Claims represent solutions that would have been obvious to try, with predictable results.

Nevertheless, should additional evidence of motivation to combine or modify be required to render the Asserted Claims obvious, Samsung contends that there was a motivation to combine

the references identified above.  That motivation was provided in the nature of the problem allegedly solved by the Patents-in-Suit, the teachings of the cited prior art itself, and/or the knowledge of a person of ordinary skill in the art.  For example, the combinations identified above would have been combined or modified using: known methods to yield predictable results; common sense; known techniques in the same way; a simple substitution of one known, equivalent element for another to obtain predictable results; and/or a teaching, suggestion, or motivation in the prior art generally.  In addition, it would have been obvious to try combining or modifying the prior art references identified above because there were only a finite number of predictable solutions and/or because known work in one field of endeavor prompted variations based on predictable design incentives and/or market forces either in the same field or a different one.  In addition, the combination of the prior art references would have been obvious because the combination represents known potential options with a reasonable expectation of success.

Additional evidence that there would have been a motivation to combine or modify the prior art references above includes the interrelated teachings of multiple prior art references; the effects of demands known to the design community or present in the marketplace; the existence of a known problem for which there was an obvious solution encompassed by the Asserted Claims; the existence of a known need or problem in the field of the endeavor at the time of the alleged invention(s); and the background knowledge, skill, or creativity that would have been possessed by a person having ordinary skill in the art.  Samsung may rely on uncited portions of the prior art references cited and produced, other publications and testimony, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.  References identified by Samsung address the same technical issues and suggest very similar solutions to those issues

discussed in the Patents-in-Suit and generally known at the time of the alleged invention(s) claimed in the Asserted Claims. Samsung reserves the right to supplement these Invalidity Contentions with additional charts for any of the references listed in above, and/or common knowledge and state of the art.

Each of the references cited above is in the encryption or security space and would have been known to a person of ordinary skill in the art.  In addition, the types of access described in the cited references, e.g., to financial information, to perform a financial transaction, or physical access to a location or room, were examples of situations requiring security well-known to a person of ordinary skill in the art.  Further, because each of the cited references are also directed to authenticating a user using biometrics on a device in order to grant access to function, service or application, a person of skill in the art would have been motivated to combine those references.

For example, one of ordinary skill in the art would have been motivated to combine Burger with Scott because Burger specifically identifies Identix, which is the assignee of the Scott reference.  As another example, a POSA would have been motivated to combine Stock with Scott because Stock specifically identifies Identix.  One of ordinary skill in the art would have been familiar with the major developers and equipment providers in the security space.  As Burger and Stock specifically note, one of ordinary skill would expect to use components from a variety of companies in this space.  This is similarly true of the underlying technologies embodied by the above noted references.  For example, Russell specifically mentions Stock at ¶25.

Likewise, one of ordinary skill would recognize many of the commonly approached problems.  For example, Burger, Lapsley, Hofi, Scott, and Berardi all relate to authenticating and authorizing financial transactions.  Moreover, these reference also use similar two-factor biometric and device authentication.  Other references such as Burger, RWKLB575, Pocket Vault, and Scott

14

relate to authenticating a user using similar two-factor authentication mechanisms to enable physical access to a location.  One of ordinary skill in the art would look to references that address similar problems with similar means to solve that problem.  As such one of ordinary skill in the art would be motivated to combine these references.

## V.      INVALIDITY UNDER 35 U.S.C. § 112

Pursuant to the Order Governing Proceedings, Samsung identifies below grounds of invalidity under 35 U.S.C. § 112.

### A.      Legal Background Regarding The Indefiniteness, Enablement, And Written Description Requirements

Section 112, ¶ 2 includes a definiteness requirement:  "[T]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112, ¶ 2.  "[A] patent is invalid for indefiniteness if its claims, read in light of the patent's specification and prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014).

The definiteness requirement requires that the claim set forth what the applicant regards as the invention, and do so with sufficient particularity and definiteness.  *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1348 (Fed. Cir. 2002).  Where it would be apparent to one of skill in the art, based on the patent specification, that the "invention" set forth in a claim is not what the patent applicant regarded as the invention, the claim is invalid.  *Id.*

35 U.S.C. § 112 further includes an enablement requirement:  "The specification shall contain a written description . . . of the manner and process of making and using [the invention] in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same."  35 U.S.C. § 112,

¶ 1.  To satisfy the enablement requirement, the disclosure "must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997); *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1381 (Fed. Cir. 2012); *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008).  If a specification teaches away from a substantial portion of the claim or does not enable the full scope of the claim, there is no enablement.  *AK Steel Corp. v. Sollac*, 344 F.3d 1234 (Fed. Cir. 2003); *see also MagSil Corp.*, 687 F.3d at 1383-84 (Fed. Cir. 2012).

35 U.S.C. § 112 further includes a written description requirement:  "The specification shall contain a written description of the invention . . . ."  35 U.S.C. § 112, ¶ 1.  "To satisfy the written description requirement, a patent applicant must convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention." *ICU Medical Inc. v. Alaris Medical Systems, Inc.*, 558 F.3d 1368, 1377 (Fed. Cir. 2009) (internal quotation marks and citations omitted); *see also Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332, 1340 (Fed. Cir. 2013).  "The test [for written description support] requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art.  Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed."  *Ariad Pharmaceuticals, Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).

The specification must describe the claimed invention in sufficient detail so that a POSITA can recognize what is claimed.  "The appearance of mere indistinct words in a specification or a claim, even an original claim, does not necessarily satisfy that requirement."  *University of*

*Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 923 (Fed. Cir. 2004) (internal quotation marks and citations omitted).

> **B.       Invalidity Grounds Under 35 U.S.C. § 112**

Based on Proxense's Infringement Contentions, and subject to the Preliminary Statement and Reservation of Rights set out above and below, Samsung identifies grounds upon which it contends that the Asserted Claims are invalid for failure to meet the requirements of 35 U.S.C. §§ 112 ¶¶ 1, 2 and/or 4.  Although its investigation continues, Samsung believes that the Asserted Claims identified below are invalid for failure to comply with 35 U.S.C. § 112 for at least the following reasons: (1) the specifications of the Patents-in-Suit lack a written description of the alleged inventions of the Asserted Claims in full, clear, concise, and exact terms as required by 35 U.S.C. § 112 ¶ 1; and/or (2) the specifications of the Patents-in-Suit do not enable the Asserted Claims as required by 35 U.S.C. § 112 ¶ 1; and/or (3) one or more of the Asserted Claims fail to specify a further limitation of the subject matter claimed.  Samsung specifically reserves the right to amend and/or supplement these Invalidity Contentions based on a failure to comply with the requirements of 35 U.S.C. § 112, including, for example, based on supplementation or amendments to Proxense's deficient Infringement Contentions.

The Asserted Claims fail to meet the written description requirement because the alleged inventions claimed therein are not sufficiently described in the specification of the Patents-in-Suit. Specifically, the Asserted Claims fail to meet the written description requirement for at least the terms identified below because, based on those terms, the specifications of the Patents-in-Suit do not adequately convey to those skilled in the art that the inventors had possession of the claimed subject matter as of the filing date.  The Asserted Claims additionally fail to meet the enablement requirement because each specification of the Patents-in-Suit does not describe the manner and process of making and using the alleged inventions in the Asserted Claims to enable a person of

skill in the art to make and use the full scope of the alleged invention without undue experimentation.  Specifically, the Asserted Claims fail to meet the enablement requirement for at least the terms identified below because the specifications of the Patents-in-Suit do not describe the manner and process of making and using the alleged invention in the Asserted Claims.  Based on Samsung's present understanding of the Asserted Claims and Proxense's apparent interpretation of these claims as reflected in its Infringement Contentions, the Asserted Claims may fail to satisfy the requirements of § 112, ¶ 2 because the precise scope of at least the phrases listed below (or terms contained therein) cannot be determined with reasonable certainty by a POSITA when reading the claims in light of the specification and prosecution history.

The Asserted Claims fail the requirements of 35 U.S.C. § 112 in view of at least the following claim terms and phrases:

| Asserted Claim(s) | Claim Term | Invalidity Based on 35 U.S.C. § 112 |
|---|---|---|
| **'188 Patent** | | |
| Claims 1-12, 15, 20 | "hybrid device" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claims 1, 5-6, 8, 10, 14, 16-20 | "personal digital key (PDK)" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claims 1, 3, 10, 12, 17 | "receiver-decoder circuit (RDC)" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claim 1 | "proximity zone" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claims 10-12, 17 | "enablement signal" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claims 1-3, 6, 10-12 | "enabled"/"enabling" | Lack of Written Description; Lack of Enablement; Indefinite |

| Asserted Claim(s) | Claim Term | Invalidity Based on 35 U.S.C. § 112 |
|---|---|---|
| **'700 Patent** | | |
| Claims 1-13, 16 | "hybrid device" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claims 1, 4-6, 8, 10-11, 14-15, 17-18, 20 | "personal digital key (PDK)" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claims 1, 3, 11, 13, 18 | "receiver-decoder circuit (RDC)" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claim 1 | "proximity zone" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claims 11-13, 18 | "enablement signal" | Lack of Written Description; Lack of Enablement; Indefinite |
| Claims 1-3, 6, 11-13 | "enabled"/"enabling" | Lack of Written Description; Lack of Enablement; Indefinite |
| **'730 Patent** | | |
| Claim 1 | "persistently storing" | Lack of Enablement; Indefinite |
| Claims 1, 8, 15 | "unable to be subsequently altered" | Lack of Enablement |
| Claim 5 | "The method of claim 1, wherein the biometric data and the scan data are both based on a fingerprint scan by the user." | 35 U.S.C. § 112, ¶ 4 |
| **'905 Patent** | | |
| Claims 1, 9, 13 | "persistently storing" | Lack of Enablement; Indefinite |
| **'989 Patent** | | |
| Claims 1, 7 | "persistently storing" | Lack of Enablement; Indefinite |

19

Samsung reserves the right to modify, amend, or supplement its contentions relating to 35 U.S.C. § 112 as the case progresses including, in particular, in view of any supplemental claim construction order entered by the Court in this matter.

## VI.   INVALIDITY UNDER 35 U.S.C. § 101[2]

To be patentable subject matter under § 101, a claim must be directed to one of four eligible subject matter categories: "new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101.  "Claims that fall within one of the four subject matter categories may nevertheless be ineligible if they encompass laws of nature, physical phenomena, or abstract ideas." *Diamond v. Chakrabarty*, 447 U.S. 303, 309 (1980).  The Supreme Court established a two-step test for deciding the subject matter eligibility of claims under § 101.  *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014).  First, the claims must be analyzed to determine whether they are drawn to one of the statutory exceptions.  *Id.*  Claims that invoke generic computer components instead of reciting specific improvements in computer capabilities are abstract under this first step.  *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335-36 (Fed. Cir. 2016).  Second, the elements of the claims must be viewed both individually and as an ordered combination to see if there is an "inventive concept."  *Id.*  The mere fact that a claim recites or implies that an abstract idea is implemented using a general-purpose computer does not supply an inventive concept necessary to satisfy § 101.  *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016); *Alice*, 134 S. Ct. at 2357-59.

---

[2]   The Court's Order Governing Proceedings require only "an identification" of claims that Samsung contends are directed to ineligible subject matter.  While, in the interest of disclosure, Samsung has gone beyond what is required by the OGP, its patent ineligibility disclosures are exemplary and nothing herein shall limit or waive Samsung's patent ineligibility arguments.

All of the Asserted Claims are directed to ineligible subject matter under 35 U.S.C. § 101 and applicable case law authority.[3]

### A.       '730/'905/'989 Patents

Under Proxense's interpretation, the claims of the '730/'905/'989 Patents are directed to a patent-ineligible abstract idea of two-factor authentication, i.e., preventing unauthorized use of a wireless device by verifying both biometric data and the device itself.  The '730/'905/'989 Patents describe biometric authentication of a user of a wireless device using a generic "computerized authentication" system that provides rudimentary access to resources such as ATM and locked areas. The '730/'905/'989 Patents purport to solve the problem of users having to "memorize or otherwise keep track of the[ir] credentials," while providing security from illegitimate users "us[ing] a stolen access object to enter a secured location because the user's identity is never checked." But this type of biometric authentication system was known years before the '730/'905/'989 Patents were filed. Indeed, the '730/'905/'989 Patents merely recite the well-

---

[3] *See, e.g., Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012); *Trading Techs. Int'l, Inc. v. IBG, LLC*, 921 F.3d 1084 (Fed. Cir. 2019); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759 (Fed. Cir. 2019); *SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335 (Fed. Cir. 2018); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018); *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329 (Fed. Cir. 2017), *cert. denied*, 139 S. Ct. 378 (2018); *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332 (Fed. Cir. 2017); *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229 (Fed. Cir. 2016); *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253 (Fed. Cir. 2016); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016); *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016); *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363 (Fed. Cir. 2015); *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015); *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359 (Fed. Cir. 2015); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343 (Fed. Cir. 2014); *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350 (Fed. Cir. 2014); *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344 (Fed. Cir. 2014); *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366 (Fed. Cir. 2011).

known concept of verifying biometric data and authenticating a user's device using a third-party trusted agent. There are no elements of the claims that transform the claims into a patent-eligible application of this abstract idea or provide necessary inventive concept.  All limitations of the claims merely involve well-understood, routine, conventional activity and implementations previously used by those in the field at the time of the alleged invention as demonstrated at least by the prior art in the exhibits attached.

### B.    '188/'700 Patents

Under Proxense's interpretation, and confirmed by the Court's claim construction order (Dkt. No. 43), the claims of the '188/'700 Patents are directed to a patent-ineligible concept of securely storing and authorizing access to sensitive information. That is, the '188/'700 Patents merely recite well-known concepts of securing data or services with a digital lock and key and using biometrics to access, which were known in the art years before either patent was filed. The Federal Circuit has confirmed that such claims are invalid.

For example, in *Universal Secure Registry LLC v. Apple, Inc*., 10 F.4th 1342 (Fed. Cir. 2021), the Federal Circuit held that the patent claims were directed to the abstract idea of combining multiple conventional authentication techniques for verifying the identity of a user to facilitate a financial transaction. The patent specifications disclosed that biometric authentication, multi-factor authentication, and using multiple devices to authenticate were all conventional authentication techniques. The claims, then, were simply directed to combining these long-standing, well-known authentication techniques to achieve the expected result of increased security no greater than the sum of the security provided by each technique alone. Under *Alice* step two, the Federal Circuit held that these claims did not recite an inventive concept because the combination of long-standing conventional methods of authentication yielded expected results of an additive increase in security, and nothing in the record suggested an additional technological

improvement.

The claims of the '188/700 patent are no different than the claims in *Universal Secure Registry LLC*. The '188/'700 Patents use their own nomenclature such as PDK and RDC (terms which are found in the prior art such as Giobbi '139 and Giobbi '157) to identify different components of the claimed invention but these components merely represent a wireless decoder device and a device capable of storing secured information.   These are basic, well-known technologies and the claims do not combine them in any special way producing unknown or unexpected results.   All limitations of the claims merely involve well-understood, routine, conventional activity and implementations previously used by those in the field at the time of the alleged invention.

Indeed, in cases involving authentication technology, patent eligibility often turns on whether the claims provide sufficient specificity to constitute an improvement to computer functionality itself. For example, in *Secured Mail Solutions LLC v. Universal Wilde, Inc*., the Federal Circuit held that claims directed to using a marking (e.g., a conventional barcode) affixed to the outside of a mail object to communicate information about the mail object, including claims reciting a method for verifying the authenticity of the mail object, were abstract. 873 F.3d 905, 907, 910–11 (Fed. Cir. 2017). The Court explained that the claims were not directed to specific details of the barcode or of the equipment for generating and processing the barcode. Nor was there a description of how the barcode was generated, or how that barcode was different from long-standing identification practices. At step two, the Federal Circuit determined that there was no inventive concept that transformed the claimed abstract idea into a patent-eligible application of the abstract idea. *See id*. at 912. Again, the Court explained that the claims recited well-known and conventional ways to verify an object using a barcode and to allow generic communication

between a sender and recipient using generic computer technology, and that the patents themselves suggested that all the hardware used was conventional. *See id*.

In *Electronic Communication Technologies, LLC v. ShoppersChoice.com, LLC*, the Federal Circuit drew a similar conclusion about claims focused on monitoring the location of a "mobile thing" and using authentication software to increase security. 958 F.3d 1178, 1181 (Fed. Cir. 2020). As to the authentication limitations—"namely, enabling a first party to input authentication information, storing the authentication information, and providing the authentication information along with the advance notice of arrival to help ensure the customer that the notice was initiated by an authorized source"—the Federal Circuit determined that these limitations were themselves abstract and thus were not an inventive concept. *Id*. The Court pointed to the specification, which stated that the claimed "authentication information" could be essentially any information recognizable to the party being contacted. *Id*. Businesses have long been recording customer information that would qualify as authentication information as broadly defined in the specification. *See id*. at 1182.

Similarly, in *Solutran, Inc. v. Elavon, Inc*., the Federal Circuit held ineligible claims that recited a method for electronically processing checks, which included electronically verifying the accuracy of a transaction to avoid check fraud, because the claims were directed to a long-standing commercial practice of crediting a merchant's account as soon as possible. 931 F.3d 1161, 1163, 1167 (Fed. Cir. 2019). The Court recognized that the claims only recited conventional steps that were not directed to an improvement to the way computers operate, noting that the patent specification explained that "verifying the accuracy of the transaction information ... was already common." *Id*. at 1167. Beyond that, at step two, the Federal Circuit rejected the argument that reordering these conventional steps constituted an inventive concept, and held that using a general-

purpose computer and scanner to perform the conventional activities of transaction verification does not amount to an inventive concept. *Id*. at 1168–69.

Finally, in *Prism Technologies LLC v. T-Mobile USA, Inc*., the claims broadly recited "receiving" identity data of a client computer, "authenticating" the identity of the data, "authorizing" the client computer, and "permitting access" to the client computer. 696 F. App'x 1014, 1016 (Fed. Cir. 2017). The Federal Circuit held that the claims at issue were directed to the abstract idea of "providing restricted access to resources" because the claims did not cover a "concrete, specific solution." *Id*. at 1017. Rather, the claims merely recited generic steps typical of any conventional process for restricting access, including processes that predated computers. *Id*. At step two, the Federal Circuit determined that the asserted claims recited conventional generic computer components employed in a customary manner such that they were insufficient to transform the abstract idea into a patent-eligible invention. *Id*. Like *Prism Technologies*, here, there are no elements of the claims that transform the claims into a patent-eligible application of this abstract idea or provide necessary inventive concept.

## VII.   DOCUMENT PRODUCTION ACCOMPANYING INVALIDITY CONTENTIONS

Samsung produced documents required under the parties' Scheduling Order (Dkt. 28 at 9), including all prior art referenced above and technical documents sufficient to show the operation of the accused products, and summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, at the following Bates numbers: SAMSUNG_Proxense_000001-SAMSUNG_Proxense_167684; SAMSUNG_Proxense_179080-179158.

## VIII.   OTHER RESERVATIONS AND EXPLANATIONS

These Final Invalidity Contentions and accompanying document productions are subject to further revision as follows.  Nothing in these contentions constitutes an admission concerning

the priority date, conception date, or date of reduction to practice of the Asserted Claims.  Samsung reserves the right to modify or supplement these Invalidity Contentions, including in response to any positions taken or information disclosed regarding the priority date, conception date, or date of reduction to practice of the Asserted Claims.

For prior art patents and prior art publications identified in these Invalidity Contentions, Samsung reserves the right to rely on the public use, offer for sale, sale, and/or actual products embodying the methods and systems described therein uncovered during discovery.  Samsung also reserves the right to rely on any related patents and patent applications, foreign patent counterparts and foreign patent applications of U.S. patents identified in these Invalidity Contentions, and U.S. counterparts of foreign patents and foreign patent applications identified in these Invalidity Contentions.

Samsung's Invalidity Contentions are based in part on Samsung's present understanding of the Asserted Claims and Proxense's apparent interpretation of these claims as reflected in its Infringement Contentions.  By including prior art that anticipates or renders obvious claims based on Proxense's apparent claim interpretations, Samsung is not agreeing that Proxense's claim interpretations are correct.

The accompanying invalidity claim charts provide examples of prior art that discloses, either expressly or inherently, every limitation of certain claims and/or teachings, suggestions and motivations through which a POSITA at the time of the alleged invention would have considered the limitations obvious in view of the state of the art at the time, the differences between the claimed invention and the state of the art, and the foreseeability from a technical perspective and/or marketing and/or natural and expected evolution of the art.  Where Samsung cites to a particular figure in a reference, the citation should be understood to encompass the caption and description

of the figure and any text relating to the figure.  Conversely, where Samsung cites to particular text referring to a figure, the citation should be understood to include the figure as well.  As discovery progresses and the scope and focus of the liability issues become clearer, Samsung may rely on uncited portions of the prior art.

Samsung reserves the right to revise its ultimate contentions concerning the invalidity of asserted the Asserted Claims, which may change depending on discovery taken in the case, the Court's construction of the Asserted Claims, any findings as to the priority date of the Asserted Claims, and/or positions that Proxense or expert witness(es) may take concerning claim construction, infringement, and/or invalidity issues.

Samsung may rely on Proxense's or any inventor's admissions concerning the scope of prior art relevant to the Asserted Patents; the patent prosecution histories for the Asserted Patents; any deposition testimony of the named inventors on the Asserted Patents; and the papers filed and any evidence submitted by Proxense in connection with this litigation.  For example, Samsung reserves the right to assert that the Asserted Claims are invalid under 35 U.S.C. § 102(f) in the event that Samsung obtains evidence that the named inventors did not invent (either alone or in conjunction with others) the subject matter claimed in the Asserted Patents.  Should Samsung obtain such evidence, it will provide the name(s) of the person(s) from whom and the circumstances under which the claimed invention or any part of it was derived.

Prior art not included in this disclosure, whether known or not known to Samsung, may become relevant.  In particular, Samsung is currently unaware of the extent, if any, to which Proxense will contend that limitations of the Asserted Patents are not disclosed in the prior art identified by Samsung.  To the extent such an issue arises, Samsung reserves the right to identify other references that would render obvious the allegedly missing limitation(s) of the disclosed

27

device or method.  Further, because Samsung has not yet completed its search for or analysis of relevant prior art, Samsung reserves the right to revise, amend, and/or supplement the information provided herein, including identifying, charting, and relying on additional references, should Samsung's further search and analysis yield additional information or references, consistent with the Federal Rules of Civil Procedure. Plaintiff also has a duty to produce to Defendants all relevant documents from other proceedings involving the patents related to the asserted patents or their subject matter, including but not limited to all prior art invalidity contentions and expert reports on invalidity among other relevant items.

Additionally, because third-party discovery is not yet complete, Samsung reserves the right to present additional items of prior art under 35 U.S.C. §§ 102(a), (b), (e), and/or (g), and/or § 103, located during the course of such discovery or further investigation, and to assert invalidity under 35 U.S.C. §§ 102(c), (d), or (f), to the extent that such discovery or investigation yields information forming the basis for such invalidity.  For example, Samsung has issued subpoenas to, has received and expects to receive additional information from, third parties believed to have knowledge, documentation, and/or corroborating evidence concerning some of the prior art listed below and/or additional prior art.  These third parties include, without limitation, the authors, inventors, vendors, or assignees of the references listed in these disclosures.

Samsung further reserve the right to modify or add additional contentions in the event that Proxense provides amended infringement contentions and to the extent the Court orders or allows Proxense to amend its infringement contentions.

Pursuant to the Scheduling Order, and in light of Proxense's Infringement Contentions and accompanying claim chart, Samsung lists in these Invalidity Contentions the prior art now known to it that it contends anticipates or renders obvious the Asserted Claims.  Although Samsung has

identified at least one disclosure of a limitation for each prior art reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  In an effort to focus the issues, Samsung's citations are only representative portions of an identified reference, even where a reference may contain additional support for a particular claim limitation.  POSITAs generally read an item of prior art as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely on uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.

Samsung incorporates in these Invalidity Contentions, in full, all prior art references cited in the Asserted Patents and their prosecution histories.

Subject to Samsung's reservation of rights, Samsung identifies each item of prior art that anticipates and/or renders obvious the Asserted Claims.  The patents/applications, publications, and systems identified are also relevant to show the state of the art and reasons and motivations for making improvements, additions, and combinations.

Samsung also contends that the Asserted Patents are invalid in view of public knowledge and uses and/or offers for sale or sales of products and services that are under 35 U.S.C. § 102(a) and/or 35 U.S.C. § 102(b) and/or prior inventions made in this country by other inventors who had not abandoned, suppressed, or concealed them under 35 U.S.C. § 102(g).

Samsung also reserves the right to rely on any system, public knowledge or use embodying or otherwise incorporating any of the prior art disclosed herein alone or in combination.  Samsung

further reserves the right to rely on any other documents or references describing any such system, knowledge, or use.

Dated:  March 7, 2022

*/s/ Victoria F. Maroulis*
Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
victoriamaroulis@quinnemanuel.com
Mark Tung
marktung@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sean S. Pak
seanpak@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Marissa Ducca
marissaducca@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

*Counsel for Defendants Samsung Electronics, Co., Ltd.*
*and Samsung Electronics America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 7, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

Dated:  March 7, 2022                    */s/ Joshua Scheufler*
                                         Joshua Scheufler