# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>   Defendants. | Civil Action No.: 6:21-cv-00210-ADA<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSED MOTION TO STAY THE CASE
PENDING *EX PARTE* REEXAMINATION OF THE ASSERTED CLAIMS**

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND ..................................................................................................................1
II. LEGAL STANDARD...........................................................................................................2
III. ARGUMENT ........................................................................................................................3
    A. The "Simplification of Issues" Factor Overwhelmingly Favors a Stay...................3
    B. The "Undue Prejudice to the Nonmoving Party" Factor Favors a Stay ..................4
    C. The "Stage of Proceedings" Factor Favors a Stay ....................................................5
IV. CONCLUSION.....................................................................................................................6

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*AGIS Software Dev. LLC v. Google LLC*,
   2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ........................................................................ 4

*Autoalert, Inc. v. Dominion Dealer Sols., LLC*,
   2013 WL 8014977 (C.D. Cal. May 22, 2013) ................................................................... 5

*CANVS Corp. v. U.S.*,
   118 Fed. Cl. 587 (2014) ..................................................................................................... 6

*Clinton v. Jones*,
   520 U.S. 681 (1997) ........................................................................................................... 2

*EchoStar Techs. Corp. v. TiVo, Inc.*,
   2006 WL 2501494 (E.D. Tex. July 14, 2006) ................................................................... 3

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
   No. 13-CV-04201-WHA, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ................................ 3

*Kirsch Research and Development, LLC v. IKO Indus., Inc.*,
   2021 WL 4555610 (W.D. Tex. Oct. 5, 2021) ............................................................ 3, 4, 5

*Multimedia Content Mgmt. LLC v. Dish Network LLC*,
   2019 WL 11706231 (W.D. Tex. May 30, 2019) ............................................................... 2

*NFC Tech. LLC v. HTC Am., Inc.*,
   2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) .................................................................. 3

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
   2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ...................................................................... 6

*Slip Track Sys., Inc. v. Metal Lite, Inc.*,
   159 F.3d 1337 (Fed. Cir. 1998) .......................................................................................... 3

*TAS Energy, Inc. v. San Diego Gas & Elec. Co.*,
   2014 WL 794215 (S.D. Cal. Feb. 26, 2014) ...................................................................... 6

*TC Tech. LLC v. T-Mobile USA, Inc.*,
   2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ............................................................... 4, 5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ..................................................................................... 4, 5

**FEDERAL AND LOCAL RULES**

Local Rule CV-5 ................................................................................................................. 8

Local Rule CV-7(h) ............................................................................................................ 6

Local Rule CV-7(i) ............................................................................................................. 8

Proxense accuses Samsung of infringing 19 claims across three patents. All 19 asserted claims are now subject to *ex parte* reexamination by the Patent Office. That alone warrants a stay because, with 100% of the asserted claims subject to post-grant review, the reexaminations are highly likely to cause a substantial narrowing and simplification of the issues in this case. But other facts here counsel in favor of a stay as well. A stay would not prejudice or tactically disadvantage Proxense, a non-practicing entity that seeks only monetary damages that will still be available after a stay should any of the asserted claims survive reexamination. While there is a claim construction order and fact discovery is nearly complete, there is also much work left to be done—expert discovery has not begun, dispositive motions have not been filed, and trial is months in the distance. As a result, all of the factors courts consider in weighing motions to stay pending post-grant Patent Office validity proceedings weigh in favor of a stay, and none weighs against. Samsung thus respectfully asks that the Court stay the cases pending the resolution of the *ex parte* reexamination proceedings against all of the asserted claims of all of the asserted patents.

**I.      BACKGROUND**

Proxense filed this suit on March 5, 2021, accusing Samsung of infringement of certain claims of five patents it claims to own. Dkt. 1. It amended its complaint on June 17, 2021, asserting infringement of the same patents. Dkt. 19. It has since dropped two of those patents from the case. Dkt. 62. The remaining asserted claims include claims 1-2, 5-6, 8, and 9 of U.S. Patent No. 8,352,730; claims 1, 4-5, 7, 9, 10, and 12 of U.S. Patent No. 9,298,905; and claims 1-6 of U.S. Patent No. 10,698,989. Dkt. 19 ¶¶ 95, 111, 128. Proxense seeks only monetary damages: while its Amended Complaint makes a vague boilerplate reference to "such other equitable relief which may be requested and to which [Proxense] is entitled" (*id.* at 53), it has never identified or requested any such relief and never sought a preliminary injunction.

On June 8, 2022, following the Patent Office's decision not to institute *inter partes* review of the '730, '905, and '989 patents, Samsung sought *ex parte* reexamination of the three patents. Exs. A-C.[1] Samsung challenged the validity of claims 1-17 of the '730 patent (Ex. A), claims 1-18 of the '905 patent (Ex. B), and claims 1-9 of the '989 patent (Ex. C) on numerous grounds. On August 2, 2022, the Patent Office ordered reexamination of all challenged claims, finding substantial new questions of patentability on all of the grounds Samsung raised. Exs. D-F. As a result, and as the below table shows, **all** of the asserted claims in this case are now subject to *ex parte* reexamination:

| Patent | Asserted Claims | Challenged Claims | Status |
|---|---|---|---|
| 8,352,730 | 1-2, 5-6, 8, and 9 | 1-17 | Reexamination ordered 8/2/2022 |
| 9,298,905 | 1, 4-5, 7, 9, 10, and 12 | 1-18 | Reexamination ordered 8/2/2022 |
| 10,698,989 | 1-6 | 1-9 | Reexamination ordered 8/2/2022 |

The latest Patent Office statistics indicate that roughly 80% of claims for which *ex parte* reexamination is ordered are ultimately cancelled or amended. Ex. G.

## II.     LEGAL STANDARD

A district court's inherent power to control its own docket includes the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "In particular, the question whether to stay proceedings pending [post-grant] review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network LLC*, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019) (Albright, J.). A stay is particularly justified where "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015).

---

[1] All exhibit cites are to the Declaration of Kevin Hardy.

District courts consider three factors in deciding whether to grant a stay pending post-grant review of a patent in suit: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Kirsch Research and Development, LLC v. IKO Indus., Inc.*, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021) (Albright, J.). Courts weigh these factors to "determine whether the benefits of a stay outweigh the inherent costs." *Id.* (quoting *EchoStar Techs. Corp. v. TiVo, Inc.*, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006)).

### III.  ARGUMENT

#### A.  The "Simplification of Issues" Factor Overwhelmingly Favors a Stay

"[T]he most important factor bearing on whether to grant a stay . . . is the prospect that the [post-grant] proceeding will result in simplification of issues before the Court." *Kirsch,* 2021 WL 4555610 at *3 (quoting *NFC Tech.*, 2015 WL 1069111 at *4). "A stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. 13-CV-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998)). Indeed, Congress's very purpose in creating post-grant review proceedings, including *inter partes* review and *ex parte* reexamination, was to "simplify proceedings before the courts and to give the courts the benefit of the [Patent Office's] full and focused consideration of the effect of prior art on patents being asserted in litigation." *TC Tech. LLC v. T-Mobile USA, Inc.*, 2021 WL 8083373 at *3 (W.D. Tex. Dec. 7, 2021) (Albright, J.). As a result, courts "routinely stay[] cases" where the "PTO has granted EPR[]s as to all claims

of all asserted patents." *AGIS Software Dev. LLC v. Google LLC*, 2021 WL 465424, at *1 (E.D. Tex. Feb. 9, 2021) (collecting cases).

Here, the pending *ex parte* reexamination proceedings are virtually certain to simplify the issues before the Court. ***All*** asserted claims in the case are subject to reexamination. *Supra* at Section I. The pending proceedings thus may very well "dispose of the entire litigation," which is of course "the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014). But even if not, roughly 80% of claims subject to *ex parte* reexamination are cancelled or amended (Ex. G), so it is a near mathematical certainty that at least some of the asserted claims will be eliminated from the case, at least in their current form, and the case will thus be simplified. As discussed *supra* at Section I, the Patent Office has found a substantial new question of patentability on multiple grounds. The "number of grounds" on which the Patent office ordered reexamination makes it even more likely "the PTAB will invalidate the [asserted claims], rendering continued litigation of this case wasteful." *Kirsch*, 2021 WL 4555610 at *3.

Thus, because ***all*** of the asserted claims are subject to post-grant validity challenges on multiple grounds, the pending *ex parte* reexamination proceedings will almost certainly simplify the issues remaining before this Court, and the simplification of issues factor overwhelmingly favors a stay. Indeed, even if the other factors favored a stay or were neutral (which as discussed below they do not and are not), "the simplification-of-issues factor overwhelms the other two factors" such that it alone warrants a stay. *Kirsch*, 2021 WL 4555610 at *3.

### B. The "Undue Prejudice to the Nonmoving Party" Factor Favors a Stay

Proxense is a non-practicing entity that does not make or sell any products that compete with Samsung's (or anyone else's). And Proxense seeks only damages in this case. Dkt. 19 at 52-53. Thus, the only prejudice Proxense could identify would be a delay in recovering such damages.

It is true that a patent owner has a valid interest in timely enforcement of its patent right. "But because that interest is present in every case where a patent owner resists a stay, that alone is insufficient to defeat a motion to stay." *TC Tech.*, 2021 WL 8083373 at *2.  Thus, while the plaintiff's interest in timely enforcement of its patent right is entitled to some weight, that weight is "diminished [] where a stay would merely delay [p]laintiff's potential monetary recovery." *Kirsch*, 2021 WL 4555610, at *2.  That is the case here.

Proxense's conduct also confirms it would suffer little to no prejudice from delay.  The case has now been pending for nearly a year and a half and Proxense has never sought a preliminary injunction, which "further suggests that monetary damages will adequately compensate" it. *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) (plaintiff failed to file for a preliminary injunction in seven months after filing of the complaint). In any event, Proxense can expedite the *ex parte* reexamination proceeding by, for example, responding to office actions without taking the full time provided by the Patent Office's rules. *See TC Tech.*, 2021 WL 8083373 at *2.  Proxense's ability to self-expedite further reduces any concern of undue prejudice from a stay. *See id.*  So does Samsung's diligence in filing this motion less than a week after the Patent Office ordered the reexaminations on which the motion is based.  Exs. D-F.

Thus, "[a] stay will not diminish the monetary damages to which [Proxense] will be entitled if it succeeds in its infringement suit – it only delays realization of those damages." *VirtualAgility*, 759 F.3d at 1318.  Any prejudice to Proxense from a stay is thus *de minimis* and not undue. *TC Tech.*, 2021 WL 8083373 at *2.  This factor favors a stay.

### C. The "Stage of Proceedings" Factor Favors a Stay

The further along a case is, the less the "stage of proceedings" factor favors a stay. *Kirsch*, 2021 WL 4555610, at *2.  If "the court has expended significant resources, then courts have found

5

that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595 (2014).

Here, while the case is not in its infancy, much work remains to be done for both the parties and the Court. While fact discovery is nearly complete, expert discovery has not begun, and summary judgment and trial are still months away. Dkt. 48 at 5-6. Even where "the parties and courts have already invested significant time and effort" into the case, "a claim construction order has been issued," and "the close of fact discovery is fast approaching," this factor favors a stay where the parties "have yet to engage in the significant and costly work of conducting expert discovery and preparing summary judgment motions." *PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014 WL 116340, at *3–4 (N.D. Cal. Jan. 13, 2014); *see also TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014) ("While the case is not in its early stages, it is in the midst of discovery and no trial date has been set. Moreover, [a] significant amount of work still remains such as expert discovery, summary judgment motions and trial. Therefore, the Court concludes that at this stage of the litigation, a stay would not be improper.").

So too here: because expert discovery, summary judgment briefing, and trial have not yet happened, the parties and the Court would still save considerable time and resources by staying the case and allowing the *ex parte* reexaminations to proceed to their conclusion. This factor favors a stay.

### IV. CONCLUSION

As explained above, all three factors courts consider in weighing motions to stay pending Patent Office proceedings way in favor of a stay, none weighs against, and the most important factor (simplification of the issues) overwhelmingly favors a stay. The benefits of a stay greatly outweigh the costs, and Samsung thus respectfully asks that the Court stay the case pending the resolution of the *ex parte* reexamination proceedings against the asserted patents. Under L.R. CV-7, Samsung requests an oral hearing on this motion.

6

Dated:  August 8, 2022

/s/ *Victoria F. Maroulis*
Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
victoriamaroulis@quinnemanuel.com
Mark Tung
marktung@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sean Pak
seanpak@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin Hardy
kevinhardy@quinnemanuel.com
Marissa Ducca
marissaducca@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 8, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

Dated:  August 8, 2022  /s/ *Victoria F. Maroulis*
Victoria F. Maroulis

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), Samsung certifies that counsel has complied with the meet and confer requirement of the Local Rules.  Proxense opposes the foregoing motion.  The parties could not reach agreement because Samsung believes that a stay is warranted and Proxense disagrees.

Dated:  August 8, 2022  /s/ *Victoria F. Maroulis*
Victoria F. Maroulis