# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>      Defendants. | Civil Action No.: 6:21-cv-00210-ADA<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO STAY THE CASE
PENDING *EX PARTE* REEXAMINATION OF THE ASSERTED CLAIMS**

Proxense filed its opposition to Samsung's motion to stay three days late. Samsung respectfully submits that the Court should treat its motion as unopposed and grant it on that basis alone. But even considering Proxense's untimely opposition on the merits, Proxense cannot meaningfully dispute the relevant facts that counsel in favor of a stay here. Most importantly, Proxense cannot deny that **all** the asserted claims are subject to *ex parte* reexamination by the Patent Office, or that the vast majority of claims subject to such reexamination do not survive in their current form (in other words, the form in which Proxense has accused Samsung of infringing them). Thus, the simplification of issues factor alone warrants a stay. Nor can Proxense dispute that it is a non-practicing entity seeking money damages that will still be available after a stay, or identify any specific prejudice it would suffer if the case were stayed. Notably, Proxense's lateness in opposing Samsung's motion severely undermines its claim that mere delay would prejudice it. And while Proxense is right that the case is not in its infancy, it cannot deny that the burdensome and expensive work of most of expert discovery, summary judgment, pre-trial, trial, and post-trial briefing remains, or that where (as here) all asserted claims are subject to post-grant review, courts have routinely granted stays even in cases much closer to trial than this one.

Thus, all three factors courts consider in analyzing motions to stay pending post-grant Patent Office validity proceedings favor a stay. Samsung respectfully asks that the Court grant its motion and stay the case until the completion of the *ex parte* reexamination of the asserted claims.

I. **THE COURT SHOULD GRANT SAMSUNG'S MOTION AS UNOPPOSED**

Proxense failed to timely oppose Samsung's motion. A motion to stay is definitionally a case management motion, and "[a] response to a … case management motion shall be filed not later than 7 days after the filing of the motion." Local Rule CV-7(D)(2). Samsung filed its motion to stay on August 8, 2022. Dkt. 65. Thus, Proxense's opposition was due August 15. Local Rule CV-7(D)(2); *see also, e.g., MyPAQ Holdings Ltd. v. Dell Technologies, Inc. et al.*, 6-21-cv-00933-

1

ADA, Dkts. 43, 45 (opposition to stay motion filed 7 days after motion); *Kirsch Research and Development LLC v. IKO Industries Inc. et al.*, 6-20-cv-00317-ADA, Dkts. 22, 24 (same); *TC Tech. LLC v. T-Mobile USA, Inc.*, 6:20-cv-00899-ADA, Dkts. 38, 40 (same). Proxense did not file its opposition until August 18 (Dkt. 70), three days after it was due—and that only after Samsung's counsel pointed out the missed deadline. Dkt. 70-1 ¶¶ 2-6.[1] Thus, there was "no response filed within the time period prescribed by" the Local Rules, and "the court may grant the motion as unopposed." Local Rule CV-7(D)(2). Given Proxense's lack of justification for its late filing, Samsung respectfully submits that the Court should do so here.

## II.  THE "SIMPLIFICATION OF ISSUES" FACTOR ALONE WARRANTS A STAY

Proxense cannot deny that, as Samsung's motion established, *all* remaining asserted claims are now subject to *ex parte* reexamination on multiple grounds, or that about 80% of claims subject to such review are canceled or amended. Mot. at 1; 3-4. Nor can Proxense meaningfully dispute that courts "routinely stay[] cases" where the "PTO has granted EPR[]s as to all claims of all asserted patents." *Id.* at 4 (quoting *AGIS Software Dev. LLC v. Google LLC*, 2021 WL 465424, at *1 (E.D. Tex. Feb. 9, 2021)). Or that "[i]f the examiner invalidates the claims, that will fully resolve this case." *TC Tech. LLC v. T-Mobile USA, Inc.*, 2021 WL 8083373 at *3 (W.D. Tex. Dec. 7, 2021) (Albright, J.). Proxense instead asserts that, in its opinion, the Patent Office is unlikely to cancel or amend the claims here. Opp. at 5-6. But that is not for Proxense, or for this Court, to decide. It is improper for a district court to review the merits of the Patent Office's determination

---

[1] Proxense all but concedes its opposition was untimely, resorting to a contention that it had a "good faith" belief that the opposition was not due until August 22. Opp. At 7 n.6; Dkt. 70-1 ¶¶ 2-6. If Proxense truly believed that were a defensible position, it could have simply taken that position and filed on the 22nd. Instead, after Samsung pointed out its tardiness, Proxense realized its mistake and scrambled to file within a day of being notified of the deadline. *Id.* In any event, the cases Proxense cites do not support its purported belief. In *Sonrai*, the defendant failed to point out the plaintiff's untimely opposition. *See* 6:21-cv-00168-ADA, Dkt. 46. In *ACQIS v. MITAC*, as Proxense acknowledges, the parties agreed to extend the briefing schedule to give the plaintiff more time to oppose. 6:20-cv-00962-ADA (cited by Proxense as -00965), Dkts. 41, 42, 44.

as to the asserted claims' likely invalidity in ruling on a motion to stay. *VirtualAgility Inc. v. Saleforce.com, Inc.*, 759 F.3d 1307, 1313 (Fed. Cir. 2014). The Federal Circuit held in *VirtualAgility* that "the district court erred as a matter of law to the extent it decided to 'review' the PTAB's determination that the [asserted claims] are more likely than not to be invalid in the posture of ruling on a motion to stay" because "[t]he stay determination is not the time or place to review the PTAB's decisions" to take up post-grant validity proceedings. *Id.* As one court later explained the *VirtualAgility* holding: "the [district] court must take as true what the examiner has determined with respect to the pending *ex parte* reexamination*." TC Tech. LLC v. Sprint Corp.*, 2021 WL 4521045 at *6 (D. Del. Oct. 4, 2021) (Bryson, J.) (sitting by designation). That *VirtualAgility* holding controls here and squarely refutes Proxense's argument.

Thus, as Samsung's motion pointed out, this Court has stayed cases where all asserted claims are subject to *ex parte* reexamination or other post-grant validity proceedings. *TC Tech.*, 2021 WL 8083373 at *3; *Kirsch Research and Development, LLC v. IKO Indus., Inc.*, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021) (Albright, J.). Proxense does not try to distinguish either case, and the straightforward facts remain: 100% of the asserted claims are subject to review, and 80% of reviewed claims do not survive in their current form. It is likely that none of the asserted claims as they currently exist (and as Proxense accuses Samsung of infringing them) will survive, and a virtual certainty that many of them will not. The simplification of issues factor thus overwhelmingly favors a stay.

### III. THE "PREJUDICE TO THE NON-MOVING PARTY" FACTOR FAVORS A STAY

Proxense does not dispute that it is a non-practicing entity, that it has never taken any steps to pursue anything other than monetary damages beyond some boilerplate language in its complaint, or that those damages will still be available after a stay. Mot. at 4-5. Instead, and just as Samsung predicted it would (*see id.*), Proxense merely asserts that a delay in receiving monetary

3

damages would prejudice it. Opp. at 3-4. "But because that interest is present in every case where a patent owner resists a stay, that alone is insufficient to defeat a motion to stay." *TC Tech.*, 2021 WL 8083373 at *2. Thus, while the plaintiff's interest in timely enforcement of its patent right is entitled to some weight, that weight is "diminished [] where a stay would merely delay [p]laintiff's potential monetary recovery." *Kirsch*, 2021 WL 4555610, at *2. Proxense again simply ignores Samsung's citation to these cases, and offers nothing to rebut or distinguish them. In any event, the Court should not credit Proxense's complaints of prejudice from mere delay given Proxense's failure to timely file its opposition to Samsung's motion. *Supra*, Section I.

Proxense's conclusory assertion that it will be prejudiced by the passage of time "to the extent witnesses become unavailable" also does not help it. Opp. at 3. Proxense "has not made any showing as to particular evidence or discovery that is at risk of being lost," so its "blanket statement … does not amount to a compelling showing of prejudice." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015).

Proxense has failed to show that a stay would meaningfully or unduly prejudice it (and indeed has affirmatively shown it is in no hurry), and as a result this factor favors a stay.

IV. **THE "STAGE OF THE PROCEEDINGS" FACTOR FAVORS A STAY**

While this case is no longer in its infancy, expert discovery has just begun and summary judgment is still months away. Mot. At 5-6. More importantly, "the most burdensome task[s]" in a lawsuit—preparation for trial, trial, and post-trial briefing—remain in the future. *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015); *see also British Telecomms. PLC v. IAC/InterActiveCorp.*, 2020 WL 5517283, at *6 (D. Del. Sep. 11, 2020) ("While there has been substantial progress in this case, the most burdensome parts of the case for the parties and the court—preparation for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future.").

For that reason, courts routinely stay cases that are much further along than this one where, as here, all asserted claims are subject to Patent Office review. For example, in *AGIS Software Development LLC v. Google LLC*, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021), the court stayed a case in which "discovery [was] complete, pretrial briefing [was] submitted, and jury selection [was] pending" because the pretrial conference and trial preparation represented "significant resources yet to be expended by the parties" in light of the "increased possibility that the asserted claims will change in scope, or be dropped or canceled altogether." *Id.* at *3. Similarly, in *TC Tech.*, 2021 WL 4521045 at *7, the Delaware court stayed the case pending *ex parte* reexamination **six weeks before trial**, finding that even though "the pretrial proceedings in this case are largely complete, the most burdensome parts of the case for the parties and the court all lie in the future." *Id.* at *7. The court in the Delaware *TC Tech.* case also noted that "stays have been granted in a number of other cases that involved motions for a stay that were filed at times roughly as close to trial as in this case." *Id.* (collecting cases). Those cases were far further along than this one—in which expert discovery has just begun and summary judgment, pre-trial, trial, and post-trial briefing all lie in the future. This factor thus even more strongly favors a stay here.

## V.   CONCLUSION

Samsung respectfully asks that the Court stay the case pending the resolution of the *ex parte* reexamination proceedings against the asserted patents.

Dated: August 19, 2022       */s/ Victoria F. Maroulis*
Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
victoriamaroulis@quinnemanuel.com
Mark Tung
marktung@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sean Pak
seanpak@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin Hardy
kevinhardy@quinnemanuel.com
Marissa Ducca
marissaducca@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 19, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

Dated:  August 19, 2022               */s/ Victoria F. Maroulis*
                                      Victoria F. Maroulis