# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PROXENSE, LLC, | |
| *Plaintiff*, | Civil Action No.  6:21-CV-00210-ADA |
| v. | ████████████ |
| SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC, | **<u>JURY TRIAL REQUESTED</u>** |
| *Defendants*. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND <u>PLAINTIFF'S CROSS-MOTION TO AMEND INFRINGEMENT CONTENTIONS</u>

**<u>TABLE OF CONTENTS</u>**

I.      BACKGROUND ................................................................................................................1

II.     LEGAL STANDARD ........................................................................................................7

III.    ARGUMENT .....................................................................................................................7

     A.     The Court Gave Leave to Amend the Complaint ....................................................7

     B.     Good Cause Exists for Proxense to Amend Its Infringement Contentions with
         Allegations of Indirect Infringement .......................................................................9

          1.    Proxense Timely Moved to Amend Its Contentions Along With
               Amending the Complaint ............................................................................10

          2.    Excluding the Amendment Would Prejudice Proxense ...........................13

          3.    Samsung Suffers No Prejudice From Proxense's Amendment .................14

     C.     Dr. Rubin's Disclosures are Well Supported by Proxense's Contentions.............16

     D.     Good Cause Exists for Proxense to Amend Its Infringement Contentions with
         an Updated List of Accused Products ....................................................................17

          1.    Proxense Timely Moved to Amend Its Contentions to Update the List of
               Accused Products ......................................................................................18

          2.    Excluding the Amendment Would Prejudice Proxense ...........................18

          3.    Samsung Suffers No Prejudice From the Amendment .............................19

IV.     CONCLUSION ................................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. Dick Co. v. Burroughs Corp.*,
    713 F.2d 700 (Fed. Cir. 1983) ...................................................................................13

*Fahim v. Marriott Hotel Svs, Inc.*,
    551 F.3d 344 (5th Cir. 2008) ......................................................................................7

*Intellectual Ventures II, LLC v. AT&T Corp.*,
    No. 1:13-CV-116-LY, 2016 WL 11782838 (W.D. Tex. Nov. 29, 2016).....................7, 12, 15

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
    852 F. Supp. 2d 470 (D. Del. 2012) ...........................................................................13

*Personal Audio, LLC v. Apple, Inc.*,
    9:09-CV-111, No. 9:09-CV-111, 2010 WL 9499679 (E.D. Tex. June 1, 2010)...................18

*Rangel v. Gonzalez Mascorro*,
    No. CV L-10-104, 2011 WL 13353220 (S.D. Tex. Aug. 19, 2011).........................................14

*Rivera v. Robinson*,
    C.A. NO:18-14005, 2020 WL 3441036 (E.D. La. June 22, 2020)........................................14

*True Chemical Solutions, LLC v. Performance Chemical Co.*,
    7:18-cv-00078-ADA, ECF No. 117 (W.D. Tex. June 9, 2020).............................................12

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ...............................................................................................7

Fed. R. Civ. P. 33(d).............................................................................................17, 18

Plaintiff Proxense, LLC ("Plaintiff" or "Proxense") opposes Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Defendants" or "Samsung") motion to strike portions of Proxense's Complaint and portions of Dr. Avi Rubin's expert report. Relatedly, Proxense cross-moves to amend its infringement contentions.

Samsung's motion to strike begins with a false premise – that this case was not about indirect infringement. As shown below, this case has, in fact, always been about both direct and indirect infringement. Samsung knew that well and tried to game the system. Proxense recently amended its Complaint to re-allege indirect infringement claims based on a non-infringement theory that Samsung disclosed on the last day of fact discovery and a list of accused products that Samsung disclosed 10 days after the close of fact discovery. Proxense now seeks to amend its infringement contentions to include the same allegations.

## I.    BACKGROUND

On December 20, 2021, the Court denied Samsung's motion to dismiss Proxense's claims of willful infringement set forth in Proxense's First Amended Complaint ("FAC") but granted it as to indirect infringement, though explicitly permitted later amendment of the complaint. *See* ECF No. 41 at 14 (the "Order"). The Court noted that "it may have been impossible for Proxense to allege any materiality without the benefit of fact discovery." *Id.* at 13. Thus, the Court held that "Proxense is allowed to amend its Complaint and re-plead induced infringement and contributory infringement claims if it is able to elicit sufficient facts during fact discovery to support such allegations." *Id.* at 14. Despite the fact that the relevant discovery requests were outstanding for six months, Samsung only revealed facts and produced documents that rendered Proxense "able to elicit sufficient facts to support" allegations of indirect infringement *at the end of fact discovery*. Accordingly, Proxense's amended Complaint and related motion for leave to amend its infringement contentions is timely and Samsung has articulated no plausible prejudice.

Discovery began on December 28, 2021 (ECF No. 31 (setting opening of fact discovery "1 business day after *Markman* hearing")) and fact discovery closed August 8, 2022. *See* ECF No. 48 at App'x. A. The Court set March 7, 2022 as the deadline to serve final infringement contentions and May 2, 2022 as the deadline to amend pleadings. *See id.*

On February 8, 2022, Proxense served its first sets of interrogatories and requests for production, which included discovery requests regarding indirect infringement and the identification of additional accused products. Examples of such discovery requests include:

- Interrogatory No. 1: Identify by name, model number, and any other identifying indicia for any Samsung Products that are capable of using any of the Samsung Pay, Samsung Health and/or Samsung Wear apps.[1]

- Interrogatory No. 6: For each asserted claim of any Patent-in-Suit, describe in detail all factual and legal bases on which Samsung intends to rely in support of it contentions that any Accused Product does not infringe, including, but not limited to, an identification of each limitation that Samsung contends is not found or present in any Accused Product, why such limitation is not included either literally or under the doctrine of equivalents, **and why Samsung does not actively induce or contribute to the infringement of that claim by others**. (emphasis added)

- Request for Production No. 12: All documents relating to the design, development, functionality, or testing of Samsung Pay, Samsung Health, and Samsung Wear, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, notebook entries, programming instructions, source code (including software and hardware or firmware languages).

- Request for Production No. 35: All documents relating to how Samsung instructs others on how to use or integrate with Samsung Pay, Samsung Health, and/or Samsung Wear, including any user manuals, articles, data sheets, or product specifications.

- Request for Production No. 48: All Production Source Code for Samsung Pay, Samsung Health, and Samsung Wear for All of the Accused Products.

Declaration of David Hecht ("Hecht Decl."), Ex. 1 at 8-9[2]; Ex. 2 at 9-10, 12-13, 15.

---

[1] Proxense's discovery requests also sought information on Samsung Health and Samsung Wear, although these applications are not relevant to the present dispute.

[2] All exhibit citations herein refer to those in the included Declaration of David Hecht unless otherwise specified.

Samsung also served discovery requests on the same day that expressly sought information relevant to indirect infringement and any additional accused products, including:

- Request for Production No. 25: All Documents Concerning any contention by Plaintiff that Samsung, infringes, or has infringed any claim of the Patents-in-Suit within the United States, including all Documents Concerning any contention by Plaintiff that Samsung **contributes or induces, or has contributed or has induced, infringement of any claim** of the Patents-in-Suit within the United States. (emphasis added)

- Interrogatory No. 2: Separately for each asserted claim of the Patents-in-Suit, identify each process, method, product, device, apparatus, act, or other instrumentality made, sold or used in the United States by any owner or licensee of the Patents-in-Suit that practices, incorporates, or reflects that claim. Your description shall include the name (including any code name), model number, and all other designations or descriptions used to identify such process, method, product, device, apparatus, act, or other instrumentality, whether formal or informal, current or past.

Ex. 25 at 9; Ex. 26 at 11.

On March 7, 2022, Proxense served its Final Infringement Contentions (the "Contentions"). ████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. 3 at 3 ██████

████████████████████████████████████████████████████████████████

████████████████████████████████████ Ex. 3A at 1 n.5, Ex. 3B at 1 n.5 ("For the avoidance of doubt, 'preloaded' includes devices that ship with Samsung Pay pre-installed or upon which Samsung Pay is otherwise installed by Defendants (e.g., through operating system upgrades."). Samsung purposely ignored this disclosure as follows.

Samsung filed an answer to the FAC for the first time on May 2, 2022. ECF No. 58. Samsung did this, despite the fact that the answer was due within fourteen days of the Court's December 20, 2021 Order, in part because the parties agreed to this during the meet and confer process. Ex 15 at 3, 7. After Samsung filed its answer, Proxense memorialized the meet and confer discussion regarding its intent to later amend its complaint to include indirect infringement as follows:

3

> Given that Samsung has filed an answer to the amended complaint on May 2, we can mark this issue as having been resolved.  As we stated on the call, **Proxense reserves the right to seek leave to amend its indirect infringement claims if it is able to elicit additional support for such allegations during discovery, as allowed and contemplated by the Court's December 20, 2021 order.**

*Id.* at 3 (emphasis added).[3]  Despite the fact that the written exchange took place after May 2, 2022, Samsung response to the above statement was a single word: "Understood."  *Id.* at 1.  Contrary to Samsung's current representations, it was clearly aware of and did not object to Proxense's open intent to amend its Complaint pursuant to the Court's December 2021 Order.

Samsung unveiled its legally indefensible non-infringement theory late in discovery. Despite the fact that Proxense's Interrogatory No. 6 requested Samsung's non-infringement contentions on February 8, Samsung chose to disclose the "stub app" theory solely as a "non-infringing alternative" for the first time on July 8, 2022 in response to Proxense's Interrogatory No. 14.  ECF No. 75-4 at 8-9.   At that time, Samsung improperly couched this as a non-infringing alternative.  A non-infringing alternative, as a method of reducing damages, is extremely different from a non-infringement theory.  But Samsung's new theory later turned into a brand new primary non-infringement theory.  On August 8, *the very last day of fact discovery*, Samsung added this theory to its supplemental responses to Interrogatory No. 6 for the first time and stated that it considered most of its products to be non-infringing under this new theory. Ex. 9 at 19-26.

Samsung played similar games with its 30(b)(6) designations. Samsung provided a technical 30(b)(6) witness for deposition scheduled for August 3, at 8pm Eastern Time.  At 1:33am Eastern Time on August 3, Samsung for the first time provided the name of the witness, ▮▮▮

---

[3] Although counsel used the phrase "seek leave to amend" at the time, a later review of the Court's December 2021 Order indicated that a motion for leave would be redundant of the leave already granted by the Court.  However, Counsel for Proxense gave Samsung a week's notice and a courtesy copy of the complaint and the opportunity to move to strike, which puts the issue of the SAC in front of the Court just the same as a motion for leave would.

██ and his designations – including non-infringing alternatives generally.  Ex 16 at 1.  Samsung further narrowed ████ topics to user interface elements through email at 9:03am Eastern Time that same day.  *Id.*  And Samsung narrowed the scope of ████ deposition even further *after the deposition began* to just the technical details of what was referred to as a "stub app." *See* Ex. 20 at 6:17 – 7:25, 30:7 – 31:17, 68:9 – 69:3. At the time it had only been disclosed as a non-infringing alternative.  Yet, ████████████████████ about how this amounted to a non-infringing alternative and was, in fact, instructed by counsel not to answer those questions on the grounds of attorney-client privilege.  *Id.* at 30:7-31:17; 68:9-69:3. At that time, Samsung deferred to its upcoming expert reports to disclose how a stub app was non-infringing.  *Id.* at 30:7-31:17.

Samsung then purported to produce source code for this stub app for the first time three days after the close of fact discovery.  On August 11, Samsung's counsel sent the following correspondence: "Please be advised that **pursuant to Samsung's supplemental discovery responses**, portions of source code for Samsung's "stub app" is also available for review."  Ex. 18 at 6 (emphasis added).  But Samsung did not even produce the source code at that time, providing only a "makefile," a list of source code files that would have comprised the source code had it been produced.  Ex. 21.  The parties are still in an active dispute over that source code production.

As discussed in detail below, Samsung's new non-infringement theory is legally unsupportable.  It merely adds one step by which the infringing devices first automatically downloads the infringing app, which amounts to direct infringement.  However, Proxense is entitled to plead in the alternative that Samsung's late-disclosed theory also amounts to induced infringement and that Samsung's mistaken belief that its "stub app" does not infringe is further evidence of willfulness and/or willful blindness.

Samsung made a similar attempt at obstruction with respect to the accused products. On March 10, 2022, Samsung served its response to Proxense's discovery requests.  Samsung's response to Interrogatory No. 1 indicated that it would "respond with 33(d) documents identifying by name, model number, and any other identifying indicia Samsung Products Samsung understands from the appropriately included portions of Proxense's Final Infringement Contentions that are accused of infringement."  Ex. 4 at 6, 11-17.  But Samsung apparently withheld information about other Samsung devices that were capable of installing and running Samsung Pay until after discovery ended.  Ex. 8 at 6-7; Ex. 7 at 40:19 – 42:8, 109:3 – 110:25.

Samsung's response to Proxense's Request for Production No. 35 also agreed to produce responsive documents, but as with Interrogatory No. 1, Samsung apparently limited any productions only to products listed in Proxense's Contentions that Samsung unilaterally and arbitrarily selected as "appropriately included."  Ex. 5 at 28-29.  Samsung again made no specific objection to these requests to the extent they sought documents relevant to indirect infringement theories.  Samsung's response to request for production 36 also made no specific objection as to indirect infringement theories, but also sought to meet and confer regarding the scope of the request.  *Id.* at 29-30. Following a protracted dispute between the parties over Samsung's disclosure and a threat by Proxense to file a motion to compel.  Samsung relented and produced this information in a supplemental response to Interrogatories Nos. 1 and 6 on August 18.   Ex. 8 at 6-7; Ex. 10 at 1-2; Ex. 11 at 2; Ex. 12 at 3, 17-19.

Proxense provided a copy of its Second Amended Complaint (ECF No. 73, hereinafter "SAC") on August 15 promptly (Ex. 23 at 3-4) and timely filed it on August 19, 2022.  The instant motion and cross-motion followed soon thereafter.

## II.     LEGAL STANDARD

"The court should freely give leave to amend [the pleadings] when justice so requires.  Fed. R. Civ. P. 15(a)(2).

Under this Court's Scheduling Order and the Standing Order Governing Proceedings (OGP) 4.1, a party must have leave of Court to amend its infringement contentions.  ECF No.  48 at App'x. A; OGP 4.1 at 13.  This requires the movant to demonstrate good cause, and four factors are relevant to this determination: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Intellectual Ventures II, LLC v. AT&T Corp.*, No. 1:13-CV-116-LY, 2016 WL 11782838, at *2 (W.D. Tex. Nov. 29, 2016) (citing *Fahim v. Marriott Hotel Svs, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)) (additional citation omitted).

Pursuant to the framework set forth above, good cause exists for Proxense to amend its Complaint and infringement contentions.

## III.     ARGUMENT

The Court permitted Proxense to amend its Complaint if fact discovery justified re-raising Proxense's indirect infringement claims.  It did, and Proxense amended its Complaint accordingly. In line with this amendment, Proxense also seeks leave to amend its infringement contentions with the following changes: 1) add indirect infringement claims in line with the SAC, 2) update the list of accused products based on Samsung's supplemental interrogatory response, and 3) remove two patents that are no longer asserted[4].

### A.     The Court Gave Leave to Amend the Complaint

The Court's December 2021 Order is unambiguous – Proxense is permitted to amend its

---

[4] Proxense does not believe this is a disputed issue.

Complaint if it uncovered facts sufficient to support its indirect infringement claims during fact discovery:

> [] Proxense is allowed to amend its Complaint and re-plead induced infringement and contributory infringement claims if it is able to elicit sufficient facts during fact discovery to support such allegations.

ECF No. 41 at 14.

> However, given that it may have been impossible for Proxense to allege any materiality without the benefit of fact discovery, in accordance with the Court's usual practice, the Court permits Proxense to amend its Complaint after the start of fact discovery to [induced/contributory] infringement claims, if it is able to elicit sufficient facts to support such allegations.

*Id.* at 13, 14 (citations omitted).[5]

The Court's order does not appear to contemplate additional motion practice for leave to amend,[6] as Samsung suggests. The motion to dismiss and Proxense's request to amend in that context were considered and leave was granted.  Proxense complied with the Order: it used discovery to elicit facts supporting indirect infringement claims, then promptly amended its Complaint after learning of those facts.  *See supra* at 4-6.

Aware that Proxense was actively seeking evidence regarding indirect infringement and that fact discovery closed on August 8, 2022, Samsung implemented a "hide-the-ball" strategy.  *See supra* at 4-5.  And Samsung's current interpretation of the Court's order – that the May 2 amendment deadline cut off any ability for Proxense to add indirect infringement claims – conflicts with its position in late May, *after that deadline*, where Samsung had no objection to Proxense's

---

[5] The Court repeated this exact statement when discussing Proxense's claims for contributory infringement at page 14 of its ruling.  The bracketed terms indicate that single difference.

[6] To the extent the Court intended for Proxense to move to amend before filing its amended Complaint, Proxense requests that the Court treat its cross-motion to amend its infringement contentions (discussed *infra*) as a motion to amend the Complaint.

expressly stated intent to re-add indirect infringement claims if discovery warranted it.  *See supra* at 4-5.

Samsung's interpretation – that the May 2 deadline to amend pleadings somehow cut off Proxense's ability to amend the Complaint despite the Court's December 2021 Order permitting it – is ripe for exactly this kind of abuse. It would empower litigants with the unilateral ability to prevent the opposing side from re-raising indirect infringement claims for which leave to amend was granted by stalling the production of information and documents within its control.  In addition to the delays discussed above, Samsung has produced twenty-eight volumes of documents to date (with more forthcoming), *but only four of them were produced prior to May 2*.  These four productions totaled 2,972 documents and 179,158 pages, whereas the vast majority of documents were produced after (totaling 9,813 documents and 148,536 pages).  Hecht Decl. at ¶ 33.  The first deposition of Samsung's witnesses in this case also did not occur until after May 2, on July 17. *See id.* at ¶ 31.  We do not read the Court's Order to permit Samsung to so easily exploit it at Proxense's expense.

### B.    Good Cause Exists for Proxense to Amend Its Infringement Contentions with Allegations of Indirect Infringement

Proxense used fact discovery for its intended purpose: to marshal facts supporting its case, including facts that would support the renewed assertion of its indirect infringement claims. Shortly after the close of fact discovery, Proxense filed its SAC, reasserting its indirect infringement claims along with supporting facts identified during discovery, pursuant to the Court's December 20, 2021 Order.   Proxense seeks merely to serve amended infringement contentions that conform with the currently asserted claims in the SAC.  Not only is this timely, but Samsung cannot identify any prejudice it will suffer from this amendment – it has long been on notice of these claims and all the supporting evidence for such claims is Samsung's.

In fact, it was Samsung that deferred its interrogatory responses on this subject to expert discovery, not fact discovery.  *See* Ex. 4 at 11 ("Samsung objects to this Interrogatory on the grounds that: (i) it is premature to the extent it seeks information that is properly the subject of expert opinion prior to the deadline for expert reports …").  As late as the last day of fact discovery

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████   There is no prejudice where Samsung has a fulsome opportunity to conduct expert discovery on the topic. Samsung has not and cannot point to a single example of discovery it could have taken from Proxense about Samsung's induced infringement or Samsung's "stub app" where Samsung is aware of and in possession of all facts related to its "stub app."

> **1.   Proxense Timely Moved to Amend Its Contentions Along With Amending the Complaint**

Proxense moved to amend with appropriate haste.   The facts are: (a) Samsung first disclosed the "stub app" as a non-infringing alternative on July 8; (b) Samsung disclosed the "stub app" as a primary non-infringement theory on the last day of discovery, August 8; (c) Samsung then produced the "makefile" for the stub app on August 11; and (d) after a protracted discovery dispute, Samsung produced a list of accused devices that allegedly utilized a stub app on August 18.[7] *See supra* at 4-5.  Given this, Proxense's inclusion of indirect infringement in its expert report and simultaneous service of a proposed second amended complaint on August 15 reflects striking diligence.

---

[7] In order to get Samsung a draft amended complaint as quickly as possible, Proxense included the list of accused devices in its amended complaint by way of a reference to Samsung's promised incoming supplement to interrogatory response No. 1, which Samsung served on August 18.

Samsung attacks Proxense's diligence[8] by reference to one document that Proxense produced in April 2022, which (according to Samsung) shows that Proxense was aware of the "stub app" functionality earlier in discovery.  *See* Mot. at 2-3 (citing ECF No. 75-3 at 1).  A chasm of fantasy separates Samsung's characterization of this document from its actual contents. Samsung claims that this document "shows Samsung informing customers that '[o]n compatible devices, a Samsung Pay shortcut [the stub app] will be preloaded, allowing you to ***download and install the application***.'"  *Id.* (alterations and emphasis in original)  But Samsung's addition of its bracketed term ("[the stub app]") changes the meaning of the quoted matter entirely.   This document (ECF No. 75-3) makes no mention, suggestion, or other reference whatsoever to a "stub app" – in fact, the *only* "app" discussed in the document is Samsung Pay.  ███████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████

Samsung compounds its misrepresentation of the document with attorney speculation that "it is apparent that anyone using a Samsung device with the "stub app" that the device does not

---

[8] Samsung inveighs against Proxense's (a) beginning its source code review in July 2022, and (b) refusing as premature Samsung's proposed dates for depositions of Samsung's technical witnesses, instead seeking such depositions in August 2022.  Samsung conspicuously elides (a) its imposition of unreasonable restrictions on source code review (*see, e.g.*, Ex. 17 at 7-10), (b) its attempt to make Proxense take technical witness depositions before Proxense's experts could complete their review and analysis of source code critically relevant to such depositions, thus prompting Proxense to seek depositions at later dates (Ex. 16 at 7-8), and (c) that Samsung then declined to make their technical witnesses available for deposition until even later in August than Proxense ever sought (*id.* at 5).

have the full Samsung Pay application."  Mot. at 2-3.  ██████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████  Nothing about the

two applications indicates to a user that they are even separate applications.

Proxense's motion to amend its contentions only weeks after first discovering the "stub app" functionality and pursuing discovery on this topic is clear evidence of diligence and timeliness.  *See AT&T Corp.*, 2016 WL 11782838, at *1-2 (plaintiff was diligent where it moved to amend infringement contentions in September 2016 after first learning about the possibility of raising a claim in July 2016); *True Chemical Solutions, LLC v. Performance Chemical Co.*, 7:18-cv-00078-ADA, ECF No. 117 (W.D. Tex. June 9, 2020) (good cause to amend infringement contentions shown where inspection of accused product during discovery gave rise to amendment).

Proxense also seeks to amend based on uncovered facts supporting specific intent to induce infringement that naturally flow from the newly disclosed non-infringement theory.  In the Order, this Court held that "mere recitation of marketing activities is insufficient to plead specific intent."  ECF No. 41 at 12.  Accordingly, the SAC includes allegations – on top of the aforementioned marketing activities – supporting a specific intent to induce infringement that Proxense identified only during discovery.  *See* SAC at ¶¶ 37-40, 89.  ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████.  Despite this knowledge, Samsung continued to encourage others to infringe the patents-

in-suit by releasing instructions, manuals, marketing materials, technical guides, and the like on the accused the Samsung Pay application.  SAC at ¶¶ 82-89.  This, combined with Samsung's reliance on the "stub app," are key admissions supporting indirect infringement.  *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476 (D. Del. 2012) (specific intent to induce infringement shown where defendant had knowledge they were infringing and continued activities causing or aiding others to infringe) (citations omitted).

The Court's December 2021 Order contemplated that Proxense would use fact discovery to uncover facts supporting any claim of indirect infringement it might seek to reassert.  Proxense did just that, and moves to amend its infringement contentions in line with amending its SAC.

### 2.   Excluding the Amendment Would Prejudice Proxense

Samsung's non-infringement theory centered on a "stub app" (unveiled for the first time at the close of fact discovery) is legally indefensible.  On August 8, Samsung switched from claiming that its stub app was merely a non-infringing alternative to a primary non-infringement theory – claiming that it is the user that assembles the infringing device and thus the user's infringement, not Samsung's.  *See supra* at 4. ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████  But Samsung is merely adding an extra step to its infringement – ██████████████████████████████████████

██████████████████████████████████████  The devices are sold in an infringing configuration and Samsung cannot escape infringement by adding a single step to the users' initial activation of that feature.  *See A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 703 (Fed. Cir. 1983) ("It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device.") (internal citations omitted).

Nevertheless, Proxense is entitled to plead indirect infringement in the alternative. Samsung's new position is that it is the end-user, and not Samsung, that assembles most of the accused infringing devices by clicking the ███████████████████ Proxense would thus be prejudiced without the ability to plead indirect infringement in the alternative. Even though Samsung disclosed this new theory on August 8, Proxense put together all of its relevant allegations with respect to Samsung's induced infringement within a week and served them with opening expert discovery. Proxense is entitled to respond to Samsung's untimely theory, however legally unsound it is, as an alternative theory of liability. *See Rivera v. Robinson*, C.A. NO:18-14005, 2020 WL 3441036, at *4 (E.D. La. June 22, 2020) ("where newly acquired evidence may establish Defendants' liability under an alternative theory, the importance of the proposed amendment also weighs in favor of a 'good cause'") (quoting *Rangel v. Gonzalez Mascorro*, No. CV L-10-104, 2011 WL 13353220, at *3 (S.D. Tex. Aug. 19, 2011)) (quotation marks omitted).

### 3.      Samsung Suffers No Prejudice From Proxense's Amendment

Despite Samsung's hyperbolic claim that it would be "severely prejudiced" by Proxense's amendment (Mot. at 11), Samsung identified no such harm beyond conclusory statements.

First, Samsung's claim that the amendment would change this case from a direct infringement one to an indirect infringement one is plainly false. Through discovery, Proxense has maintained its intent to present direct and indirect infringement claims. *See supra* at 5. That remains so. The presence of the "stub app" does not absolve Samsung of direct infringement, and Proxense pursues indirect infringement as an alternative theory.

Further, amendment would not require Samsung to obtain discovery via information it does not already possess; any information and evidence relating to indirect infringement in this case is within Samsung's knowledge and control. The "stub app" is Samsung's software, and Samsung's

knowledge that they were infringing the patents-in-suit is within their control as well.[9]  Samsung cannot be prejudiced if they are the party with the relevant information.  *AT&T Corp.*, 2016 WL 11782838, at *2 (no undue prejudice where nonmovant is the party with the relevant information).

Samsung also cannot claim surprise.  The Court's Order was clear that Proxense would potentially re-raise indirect infringement claims if fact discovery justified it.  *See* ECF No. 41 at 14.  Both parties propounded discovery on indirect infringement despite the Court dismissing such claims from the Complaint.  *See supra* at 2-3.  In late May, after the deadline to amend pleadings, Samsung acknowledged without comment or objection Proxense's explicit statement of its intent to renew claims of indirect infringement.  *See supra* at 3-4.  With respect to the "stub app," Samsung chose to wait until July 8 to first disclose it.  It could have done so much earlier.  *See supra* at 4.

Finally, Samsung has ample opportunity to address indirect infringement claims relating to the "stub app" in its rebuttal expert report, due September 12.  Proxense served its infringement expert report along with a copy of the SAC on August 15.  Samsung's justification for expedited briefing of its motion was because of this rebuttal report deadline.  *See* Ex. 24 at 7 (Samsung requesting expedited briefing on the instant motion due to the September 12 deadline for rebuttal expert reports).  Samsung also took the position in its discovery responses that addressing infringement allegations is the subject of expert discovery.  *See supra* at 5, 10.

Samsung claims that it is prejudiced in terms of some vague "strategy" that it developed in this case.  The bad faith of this claim could not be clearer.  The only "strategy" that Samsung could be referring to is lying in wait until the end of discovery to spring a new non-infringement theory

---

[9] Discovery on Samsung's activities after █████████████████████████████████  This was the subject of the Court's August 16, 2022 hearing where it ordered Samsung to search for ESI and permitted a deposition that Samsung long resisted.  ECF No. 68.

based on the mistaken belief that they had waited long enough to claim that some unspecified prejudice precludes Proxense's amendment.  This so-called "strategy" should not be countenanced.

Proxense's amendment will not affect how the case proceeds in any meaningful way.  In light of the foregoing, all factors weigh in favor of granting Proxense's amendment.

### C.    Dr. Rubin's Disclosures are Well Supported by Proxense's Contentions

Nearly all of Samsung's citations to expert report paragraphs that allegedly involve indirect infringement have nothing to do with indirect infringement.  *See* Mot. at 13.  It is evident that all Samsung did was to perform a search for the words "user" and "instruct" and included every paragraph that had either word. ██████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████  Samsung's inclusion of all of these paragraphs as dealing with indirect infringement is plainly improper.  The only five paragraphs even arguably at issue amount to background discussions of indirect infringements in Dr. Rubin's report.  *Id.* at ¶¶ 26, 27, 57, 149, 940.  For all the reasons discussed above, Dr. Rubin's disclosures with respect to the legal requirements for indirect infringement (*id.* at ¶¶ 26, 27, 57, 149) and his discussion of the newly disclosed noninfringement theory called the "stub app" (*id*. at ¶ 940) should not be stricken.  Samsung's gamesmanship should not be rewarded.

Additionally, Samsung's assertion that Proxense's Contentions did not fully and adequately disclose each and every allegation related to the ████████████ (Mot. at 14) is plainly untrue.  Even a cursory review of the Contentions reveals a fulsome disclosure of this model.  Ex. 3A at 7-9, 10-12, 14-15, 24-25 ('730 Chart); Ex. 3B at 5-6, 8-10, 11-12, 16-18, 20-21 ('905 Chart); Ex. 3C at 5-6, 8-10, 12-15, 19, 24-26 ('989 Chart).  The discussion in Plaintiff's final infringement contentions of the Merchant App's function with Samsung Pay within accused devices is

extremely thorough and precise and far too detailed to incorporate verbatim in this brief.  The

Contentions contain page after page of diligently laid-out allegations about █████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████    ████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████ That is because

Dr. Rubin's report makes no such analysis.  ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

### D.     Good Cause Exists for Proxense to Amend Its Infringement Contentions with an Updated List of Accused Products

In addition to amending its infringement contentions with indirect infringement claims,

Proxense also seeks to amend its list of accused products.  Its Contentions identified 59 devices

that ran Samsung Pay, with the caveat that this was a nonexhaustive list.  *See* Ex. 3 at 3.  Proxense's

very first interrogatory served in this case sought to obtain a complete list of devices that were

capable of running Samsung Pay.  *See* Ex. 1 at 8.  As Samsung both makes and sells these devices

and develops the Samsung Pay application, it should be well aware of such a list.  Samsung

responded to Interrogatory 1 on March 10, promising that it would supplement its answer via Rule

33(d).  During the deposition of one of Samsung's witnesses on July 27, it became evident that Samsung would shirk its discovery responsibilities and provide a deficient answer to this interrogatory.  *See supra* at 6.  Samsung did just that, and  Samsung did not provide a supplemental response to Interrogatory 1 until August 18, only after Proxense threatened to raise a discovery dispute with the Court.  *See supra* at 6.

> ### 1.     Proxense Timely Moved to Amend Its Contentions to Update the List of Accused Products

Samsung supplemented its response to Interrogatory 1 on August 18, 2022, providing a fuller list of accused products.  *See* Ex. 10 at 1 (Samsung confirming it would supplement its response to Interrogatory 1 upon the spectre of a motion to compel); Ex. 12 at 3, 17-19.  This motion, mere days after receiving this amended response, is clearly timely.

To the extent Samsung argues that Proxense should have compiled a fulsome list of accused products on its own, it is unlikely that Proxense would be able to identify every Samsung device from 2015 to 2022 capable of running Samsung Pay.  Rather, Samsung is best positioned to obtain this list.  *See Personal Audio, LLC v. Apple, Inc.*, 9:09-CV-111, No. 9:09-CV-111, 2010 WL 9499679, at *3 (E.D. Tex. June 1, 2010) (use of Rule 33(d) unjustified where owner and producer of accused products was in better position to obtain information on said products).  To drive the point home, Samsung's own witness even testified that Samsung maintains such a list. Ex. 20 at 81:12 – 83:16.  Proxense had every reason to use discovery to obtain this information from Samsung, who has it readily available.

> ### 2.     Excluding the Amendment Would Prejudice Proxense

Prohibiting Proxense from amending contentions to provide a more complete list of accused products would prejudice Proxense.  First, Proxense is entitled to ensure that the full range of accused products – devices capable of running Samsung Pay – is captured should an injunction

be necessary.  Further, the list of accused products is relevant to damages calculations.  Dr. Jennifer Vanderhart's damages report is quite clear that her damages model is incomplete because it does not capture the full range of accused products.  Ex. 14 at ¶¶ 7, 46-47.

### 3. Samsung Suffers No Prejudice From the Amendment

Samsung cannot show that this amendment would result in undue prejudice.  Updating the list of accused products does not affect any theory of the case.  There is also no additional discovery burden, as Samsung has already agreed to supplement its financial data production to capture the fuller range of accused products.  *See* Ex. 13 at 1.  The only thing affected by an updated list of accused products is that Dr. Vanderhart will supplement her report with an updated set of numbers. But her report already contemplates supplementation based on more fulsome data and this amendment would only affect the input and output of numbers in her report.

In sum, good cause exists to permit Proxense to amend its infringement contentions with an updated list of accused products.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Proxense respectfully requests that the Court deny Samsung's motion to strike and grant Proxense's cross-motion to amend its infringement contentions.


Dated: August 26, 2022                              Respectfully submitted,

<u>/s/ David L. Hecht</u>
David L. Hecht **(Lead Counsel)**
dhecht@hechtpartners.com
Maxim Price (*pro hac vice*)
mprice@hechtpartners.com
Conor B. McDonough (*pro hac vice*)
cmcdonough@hechtpartners.com
Yi Wen Wu (*pro hac vice*)
wwu@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor

New York, New York 10017
Telephone: (212) 851-6821

Brian D. Melton
bmelton@susmangodfrey.com
Geoffrey L. Harrison
gharrison@susmangodfrey.com
Meng Xi
mxi@susmangodfrey.com
Bryce T. Barcelo
bbarcelo@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666

*Counsel for Plaintiff Proxense, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 26, 2022, this document was properly served on counsel of record via electronic filing in accordance with the USDC, Western District of Texas Procedures for Electronic Filing.

/s/ David L. Hecht
David L. Hecht