# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PROXENSE, LLC, | |
| *Plaintiff*, | Civil Action No.  6:21-CV-00210-ADA |
| v. | |
| SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC, | **<u>JURY TRIAL REQUESTED</u>** |
| *Defendants*. | |

## PLAINTIFF'S SURREPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S <u>CROSS-MOTION TO AMEND INFRINGEMENT CONTENTIONS</u>

Proxense has shown good cause for amending its infringement contentions and the prejudice Proxense faces if it is denied – these are the same as those articulated in favor of denying Samsung's motion to strike.  *See* Opp., ECF No. 80 pp.  8-14.  It is clear that Samsung will argue to the jury that a "stub app" that automatically installs the infringing app shifts direct patent infringement from Samsung's to the end user's. This theory fails and the extra step does not shift the infringement because the connecting phrase in the claims is "comprising." *Id.* p 13. But by disclosing its theory on the last day of discovery and then resisting Proxense's attempts to amend, Samsung is trying to prevent the jury from hearing that indirect infringement is also a possible finding.  This could confuse a jury and prejudice Proxense.

Samsung had a duty to fully and accurately disclose its "stub-app" non-infringement theory on March 8, 2022, when Samsung's responses to Proxense's interrogatories nos. 1 and 6 were due. Only Samsung knew which devices allegedly use a "stub app" and that it would rely on this "stub app" to argue non-infringement. The only reason Samsung waited to disclose all of this until five months later, on August 8, was Samsung's hope that disclosing it at the close of discovery would prevent a fair trial.  To add insult to injury, Samsung continued to produce stub app information, for its own experts to rely on, after the close of discovery – producing a makefile three days later and a full list of devices with a "stub app" ten days later. Samsung has offered no explanation for why it disclosed a new non-infringement theory on the last day of fact discovery. To point the finger at Proxense, having deployed this strategy, is disingenuous and unjust.

Samsung argues that Proxense was apparently meant to divine Samsung's indefensible non-infringement theory from a public document from 2015. Reply, ECF No. 81 p. 6. At best, this document might mean that a Samsung phone came with a Samsung Pay auto-installer in 2015. However, this document is contradicted by many other public statements Samsung has made. *See*

1

Ex. 29 at 1 (Samsung's current current website reads: "If you have a supported device, you should have Samsung Pay or Samsung Wallet already installed on your phone."); *see also* SAC Ex. 9, ECF No. 73-10 at 3; Ex. 12, ECF No. 73-12 at 5, Ex. 14, ECF No. 73-15 at 1. Moreover, there is a deep, wide chasm between understanding that a Samsung smartphone once had an auto-installer, and the understanding that Samsung now intends to rely on a "stub app" for nearly every model to shift the blame of infringement to its customers. Because Samsung's theory that the end-user assembles the infringing product is legally unsound, Proxense had no reason to think Samsung would raise it. Samsung suddenly did and now it requires a response. Rather than move to strike Samsung's late interrogatory response and Samsung's upcoming expert report, which Proxense has every right to do, Proxense worked diligently to ingest and respond to it within one week.

Additionally, Samsung's excuse for failing to identify a fulsome list of accused products – that Proxense did not serve requests asking for Samsung devices "capable of" running Samsung Pay (Reply at 9) – blatantly disregards the wording of those requests.   The requests define "Accused Products" as "devices that have Samsung Pay preinstalled or *otherwise support or ever supported* Samsung Pay."  Hecht Decl., Ex. 1 at 2; Ex. 2 at 2 (emphasis added).

Samsung's attempt to draw a parallel between its motion to amend invalidity contentions and Proxense's motion to amend infringement contentions misses the mark. Samsung's motion tries to add two patents that were available many years before this case was filed, arguing that it was surprised by a claim term's construction. But Samsung cannot have been surprised by the construction that Samsung advanced in October of 2021. Opp. to Mot. To Amend, ECF No. 75 pp. 5-6.  Samsung also seeks to add evidence about plastic mockups of never-produced devices called "Pocket Vault" that Samsung has held in its possession since 2019.  *Id.* pp. 5-7. Proxense had nothing to do with Samsung's late disclosure and Proxense would be prejudiced by it.

But here, Samsung's reply still fails to offer a single concrete example of how it would be prejudiced by Proxense's amendments. There is no discovery that Samsung could have taken from Proxense about Samsung's indirect infringement or list of accused products. If Samsung needed more discovery on its new non-infringement theory, it should have disclosed it when Proxense first asked for Samsung's defenses five months earlier. In addition to interrogatories 1 and 6, Proxense proffered 30(b)(6) topics, including Nos. 21(c) and 37. Ex. 28 pp. 6-7 ("21. For each Accused Product: . . . c. How its design and functionality differ from other Accused Products with respect to the asserted claims of the Patents-in-Suit"), p. 8 ("37. The legal and factual bases for Samsung's affirmative defenses in this Litigation."). Samsung ignored these. In reality, no additional fact discovery is necessary, only expert disclosures.

All of Samsung's cited caselaw stands for the principle that trial should not be by ambush and counsels in favor of allowing the amended infringement contentions. This dispute is not about whether deadlines should apply but rather who is responsible for the late disclosures. Samsung is attempting the ambush here. Proxense disclosed in the initial complaint, and maintained throughout discovery, Proxense's intent to argue indirect infringement if Samsung's defense was that its end users – and not Samsung – infringe. Had Samsung disclosed its new defense earlier than August 8, Proxense would have moved to amend its infringement contentions earlier as well.

Finally, Dr. Rubin's report does not cover any aspects of the ███████████ that are not disclosed Proxense's original contentions. Samsung does not argue otherwise. No portions of Dr. Rubin's report are subject to a timely disclosure objection merely because other modes of operation of the ███████████ also possibly exist.

For the reasons outlined in Proxense's opposition, cross-motion, and this surreply, the Court should grant Proxense's Cross-Motion to amend its infringement contentions.

Dated:  August 28, 2022

Respectfully submitted,

/s/ David L. Hecht
David L. Hecht **(Lead Counsel)**
dhecht@hechtpartners.com
Maxim Price (*pro hac vice*)
mprice@hechtpartners.com
Conor B. McDonough (*pro hac vice*)
cmcdonough@hechtpartners.com
Yi Wen Wu (*pro hac vice*)
wwu@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 851-6821

Brian D. Melton
bmelton@susmangodfrey.com
Geoffrey L. Harrison
gharrison@susmangodfrey.com
Meng Xi
mxi@susmangodfrey.com
Bryce T. Barcelo
bbarcelo@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666

*Counsel for Plaintiff Proxense, LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2022, this document was properly served on counsel of record via electronic filing in accordance with the USDC, Western District of Texas Procedures for Electronic Filing.

/s/ David L. Hecht
David L. Hecht