**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| PROXENSE, LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC, *Defendants*. | Civil Action No. 6:21-CV-00210-ADA <br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF PROXENSE, LLC'S BRIEF IN SUPPORT OF**
**ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

i

# TABLE OF CONTENTS

I. LEGAL STANDARDS ...................................................................................................1

II. BACKGROUND ............................................................................................................3

III. ARGUMENT ..................................................................................................................5

    1. Claim 5 Of The 730 Patent Does Not Violate 35 U.S.C. § 112 ¶ 4 ........................5

    2. "Persistently storing" is Not Indefinite....................................................................6

        a) Samsung Cannot Now Argue That "Persistently Storing" Is Indefinite .....7

        b) Samsung's Newly Disclosed Theory That the Phrase "persistently storing biometric data of the user and a plurality of codes and other data values comprising a device ID code uniquely identifying the integrated device and a secret decryption values" Is Improper, And Also Unsupported by Evidence ...................................................................................................7

    3. Samsung's New, Previously Undisclosed Theory That "the one or more codesand other data values" is Indefinite is Improper, but Also Unsupported .......9

    4. Samsung Has Not Offered Any Analysis or Evidence That the Asserted Patents Lack Enablement as to the Terms "Persistently Storing" and "Unable to be Subsequently Altered"................................................................................................9

    5. Samsung's Newly Disclosed Theory Regarding "Smartphone" Is Improper And Unsupported...........................................................................................................10

    6. None of the Asserted Claims Trigger Divided Infringement ...............................12

IV. CONCLUSION .............................................................................................................15

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) ...................................................................................................3

*Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*,
  811 F.3d 1334 (Fed. Cir. 2016) ...................................................................................................1

*Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*,
  745 F.3d 1180 (Fed. Cir. 2014) .................................................................................................12

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
  598 F.3d 1336 (Fed. Cir. 2010) (en banc) ...............................................................................2, 3

*Celotex v. Catrett*,
  477 U.S. 317 (1986) .....................................................................................................................1

*Cephalon, Inc. v. Watson Pharmaceuticals, Inc.*,
  707 F.3d 1330 (Fed. Cir. 2013) .................................................................................................11

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
  No. 2:14-CV-911-JRG-RSP, 2016 WL 4768827 (E.D. Tex. Aug. 8, 2016) ...............................1

*Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*,
  635 F.3d 1373 (Fed. Cir. 2011) ...................................................................................................3

*D Three Enterprises, LLC v. SunModo Corp.*,
  890 F.3d 1042 (Fed. Cir. 2018) ...................................................................................................2

*INVT SPE LLC v. Int'l Trade Comm'n*,
  46 F.4th 1361 (Fed. Cir. 2022) ......................................................................................13, 14, 15

*Juno Therapeutics, Inc. v. Kite Pharma, Inc.*,
  10 F.4th 1330 (Fed. Cir. 2021) ....................................................................................................2

*Koito Mfg. Co. v. Turn-Key-Tech, LLC*,
  381 F.3d 1142 (Fed. Cir. 2004) .................................................................................................12

*MagSil Corp. v. Hitachi Global Storage Techs., Inc.*,
  687 F.3d 1377 (Fed. Cir. 2012) ...................................................................................................2

*Microsoft Corp. v. I4I Ltd. P'ship*,
  131 S. Ct. 2238 (2011) .................................................................................................................2

*Nature Simulation Sys. Inc. v. Autodesk, Inc.*,
  23 F.4th 1334 (Fed. Cir. 2022) ....................................................................................................1

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
    572 U.S. 898 (2014) ............................................................................................................. 1

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
    210 F.3d 1099 (9th Cir. 2000) ............................................................................................. 1

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
    521 F.3d 1351 (Fed. Cir. 2008) ......................................................................................... 13

*Pavilion Techs., Inc. v. Emerson Elec. Co.*,
    No. A-05-CA-898-SS, 2008 WL 11403181 (W.D. Tex. Aug. 26, 2008) ............................... 10

*Pisony v. Commando Constructions, Inc.*,
    No. 6:17-CV-00055-ADA, 2020 WL 4934463 (W.D. Tex. Aug. 24, 2020),
    reconsideration denied, No. 6:17-CV-00055-ADA, 2020 WL 6586253 (W.D.
    Tex. Nov. 10, 2020) ................................................................................................. 7, 8, 9, 11

*SiRF Technology, Inc. v. ITC*,
    601 F.3d 1319 (Fed. Cir. 2010) ..................................................................................... 3, 13

*Sonix Tech. Co. v. Publications Int'l, Ltd.*,
    844 F.3d 1370 (Fed. Cir. 2017) ........................................................................................... 2

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*,
    135 S. Ct. 831 (2015) .......................................................................................................... 2

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*,
    782 F.3d 671 (Fed. Cir. 2015) ............................................................................................. 2

*In re Wands*,
    858 F.2d 731 (Fed. Cir. 1988) ......................................................................................... 2, 11

**Statutes**

35 U.S.C. § 112 .......................................................................................................... 1, 5, 15

**Other Authorities**

*GSM*, CNET (Sep. 10, 2003), available at
    https://www.cnet.com/reviews/samsung-sgh-i700-smartphone-gsm-preview ..................... 11

Proxense respectfully submits this brief in support of partial summary judgment on certain of Samsung's theories of invalidity and non-infringement. Summary judgment is warranted in favor of Proxense, where Samsung's theories at issue were improper to include in its expert witness's reports, insufficient to meet Samsung's burden of proof, and/or wrong as a matter of law.

## I.   LEGAL STANDARDS

Summary judgment is proper when there is no genuine issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 322 (1986). Where, as here, a party such as Proxense seeking summary judgment does not have the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4768827, at *1 (E.D. Tex. Aug. 8, 2016), *report and recommendation adopted*, No. 214CV911JRG, 2016 WL 4732856 (E.D. Tex. Sept. 12, 2016) (*quoting Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

Indefiniteness is a question of law. *See Nature Simulation Sys. Inc. v. Autodesk, Inc.*, 23 F.4th 1334, 1337 (Fed. Cir. 2022) (Claim indefiniteness is a legal conclusion, in implementation of 35 U.S.C. § 112). Claims are indefinite if "read in light of the specification delineating the patent, and the prosecution history, [they] fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). Analysis of whether a claim is indefinite may also involve consideration of underlying facts. *See Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1343 (Fed. Cir. 2016). Such underlying facts include assessment of the background science or the meaning

of a term in the relevant art during the relevant time period. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). A party seeking to show that a claim is indefinite must do so via clear and convincing evidence. *Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017).

Enablement is a question of law based on underlying factual assessments of whether undue experimentation is needed to practice the claimed invention. *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 684 (Fed. Cir. 2015). In considering whether experimentation is undue, several factors are considered: "(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims." *Id.* (*quoting In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988). "A party must prove invalidity based on nonenablement by clear and convincing evidence.". *MagSil Corp. v. Hitachi Global Storage Techs., Inc.*, 687 F.3d 1377, 1380 (Fed. Cir. 2012) (citing *Microsoft Corp. v. I4I Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011)).

Written description is a question of fact, which can be properly addressed on summary judgment where no reasonable fact finder could return a verdict for the non-moving party. *D Three Enterprises, LLC v. SunModo Corp.*, 890 F.3d 1042, 1047 (Fed. Cir. 2018). A patent complies with the written description requirement when it "reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *See Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 10 F.4th 1330, 1335 (Fed. Cir. 2021) (quoting *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc)). This analysis "requires an objective inquiry into the four corners of the specification from the perspective of a

person of ordinary skill in the art" and "[o]riginal claims are part of the specification and in many cases will satisfy the written description requirement." *Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1380 (Fed. Cir. 2011) (*quoting Ariad Pharms.,* 598 F.3d 1349-51 (Fed. Cir. 2010).

"Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Whether claims require joint infringement depends on claim construction, which is an issue of law. *See SiRF Technology, Inc. v. ITC*, 601 F.3d 1319, 1329 (Fed. Cir. 2010).

## II.     BACKGROUND

Samsung's Final Invalidity Contentions were served on March 7, 2022. *See* Statement of Undisputed Material Facts ("SUMF") ¶6. In those contentions, Samsung included several invalidity challenges to several asserted claims on grounds that these claims did not satisfy, among other things, the requirements of definiteness, enablement, and that dependent claims be narrower in claim scope than the independent claims from which they depend. SUMF ¶6. Samsung's positions as set forth in the March 7, 2022 Final Invalidity Contentions are replicated below.

| | | '730 Patent | |
|---|---|---|---|
| | Claim 1 | "persistently storing" | Lack of Enablement; Indefinite |
| | Claims 1, 8, 15 | "unable to be subsequently altered" | Lack of Enablement |
| | Claim 5 | "The method of claim 1, wherein the biometric data and the scan data are both based on a fingerprint scan by the user." | 35 U.S.C. § 112, ¶ 4 |
| | | '905 Patent | |
| | Claims 1, 9, 13 | "persistently storing" | Lack of Enablement; Indefinite |
| | | '989 Patent | |
| | Claims 1, 7 | "persistently storing" | Lack of Enablement; Indefinite |

SUMF ¶ 6.

Samsung's expert witness, Dr. Seth Nielson, advances other theories of invalidity—many of which were not set forth in Samsung's Final Invalidity Contentions, nor did Samsung seek leave to amend its invalidity contentions with them.  SUMF ¶ 8.

Dr. Nielson's more extensive invalidity theories are as follows:

| Patent | Claims | Term | Invalidity based on 35 U.S.C. § 112 |
|---|---|---|---|
| U.S. Patent No. 8,352,730 | 1 | "persistently storing" | Lack of Enablement; Indefinite |
| | 1, 8, 15 | "unable to be subsequently altered" | Lack of Enablement |
| | 5 | "The method of claim 1, where in the biometric data and the scan | Invalidity based on 35 U.S.C. § 112 ¶ 4 |

4

|  |  | data are both based on a fingerprint scan by the user" |  |
|---|---|---|---|
| U.S. Patent No. 9,298,905 | 1, 9, 13 | "persistently strong" | Lack of Enablement; Indefinite |
| U.S. Patent No. 10,698,989 | 1, 7 | "persistently strong" | Lack of Enablement; Indefinite |
|  | 1, 2, 5, 6, 7, 8 | "smartphone" | Lack of Enablement; Written Description |

SUMF ¶10.

As discussed below, the Court has already rejected Samsung's argument based on 35 U.S.C. § 112 ¶ 4 as to claim 5 of the 730 Patent. Samsung's remaining arguments about invalidity of the asserted patents under Section 112 are untenable and/or unsupported by any evidence, and thus do not raise material issues of disputed fact. Therefore, summary judgment in favor of Proxense on this issue is proper and should be granted.

### III. ARGUMENT

#### 1. Claim 5 Of The 730 Patent Does Not Violate 35 U.S.C. § 112 ¶ 4

The Court has already ruled against Samsung on its (now rejected) argument that dependent claim 5 of the 730 Patent does not satisfy Section 112, Paragraph 4. SUMF ¶12. During claim construction, Samsung argued that claim 5 of the 730 Patent was invalid under § 112 ¶ 4 where claim 5 recites biometric data based on a fingerprint scan, and where claim 1 recites biometric data based on a Markush group of "palm print, a retinal scan, an iris Scan, a hand geometry, a facial recognition, a signature recognition and a Voice recognition." *See* SUMF ¶ 3. The Parties disputed whether a person of ordinary skill in the art would understand that such a Markush group of biometric data recited in claim 1 of the 730 Patent would encompass a fingerprint as recited in claim 5, particularly where said Markush group of "biometric data" in claim 1 was added during prosecution by Examiner amendment. Samsung raised this argument during claim construction in December of 2021 and this Court rejected that argument, finding that the term should be afforded

its plain and ordinary meaning. *See* SUMF ¶ 4, 5. This issue has, therefore, been resolved since the Court's claim construction ruling in January 2022. Samsung's own expert, Dr. Nielson, admits this point as well, where he acknowledges the Court's claim construction ruling. *See* SUMF ¶ 12. Samsung has never challenged this Court's construction, and it should not be allowed to take any inconsistent positions at trial.

### 2. "Persistently storing" is Not Indefinite

#### a) Samsung Cannot Now Argue That "Persistently Storing" Is Indefinite

Although Samsung's Final Invalidity Contentions posit that the term "persistently storing", as used in the asserted claims of the 730, 905, and 989 Patents, is indefinite, Dr. Nielson's report does not address that term. Instead, Dr. Nielson analyzes the claim term "persistently storing biometric data of the user and a plurality of codes and other data values comprising a device ID code uniquely identifying the integrated device and a secret decryption value." But that claim term is *only used in the asserted claims of the 730 Patent*, not the 989 or 905 Patents. *See* SUMF ¶ 22.

But Samsung's argument is toothless. Not only has its expert not offered an analysis of this term, Samsung itself proposed a construction for the term during *Markman*. *See* SUMF ¶ 7. Samsung's position during claim construction was that the term "persistently storing" should mean "permanently storing in a form that prevents subsequent writing to store new data or modifications to existing data." *See* SUMF ¶ 1. Having been able to understand and propose a construction for the term "persistently storing" in December of 2021, Samsung cannot now credibly contend that this term actually fails to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

Moreover, this Court already construed the terms in the patents-in-suit in January 2022, including the term "Persistently storing . . . [in] a tamper proof format written to a storage element


on the integrated device", giving this term its plain and ordinary meaning. *See* SUMF ¶ 4. Given that ruling, Samsung's argument that the term "persistently storing" is somehow indefinite is untenable—particularly where Samsung already took the position that this term be defined to mean the same thing as the term the Court construed.

Where Samsung's position is foreclosed by this Court's claim construction ruling, it cannot present a disputed issue of material fact. Summary judgment in favor of Proxense is thus proper, finding that "persistently storing" as used in the asserted claims of the patents-in-suit is not indefinite.

> **b)   Samsung's Newly Disclosed Theory That the Phrase "persistently storing biometric data of the user and a plurality of codes and other data values comprising a device ID code uniquely identifying the integrated device and a secret decryption values" Is Improper, And Also Unsupported by Evidence**

As noted above, Dr. Nielson did not include an opinion about the term "persistently storing," which was set out in Samsung's Final Invalidity Contentions. Instead, he took issue with a lengthier claim term "persistently storing biometric data of the user and a plurality of codes and other data values comprising a device ID code uniquely identifying the integrated device and a secret decryption values," and only as a limitation of the asserted claims of the 730 Patent, not the 989 or 905 Patents. *See* SUMF ¶ 18, 19. This new, previously undisclosed opinion is thus not properly part of Dr. Nielson's report and should be excluded from the case. *See Pisony v. Commando Constructions, Inc.*, No. 6:17-CV-00055-ADA, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020), reconsideration denied, No. 6:17-CV-00055-ADA, 2020 WL 6586253 (W.D. Tex. Nov. 10, 2020) ("[E]xpert invalidity reports may not introduce new theories not previously set forth in the invalidity contentions.").

However, to the extent the Court were to consider this opinion, Samsung fails to create a disputed issue of material fact as to indefiniteness.  For example, Dr. Nielson's analysis does not address the factual dispute over whether a skilled artisan would be able to understand the phrase "persistently storing biometric data of the user and a plurality of codes and other data values comprising a device ID code uniquely identifying the integrated device and a secret decryption values." Instead, Dr. Nielson performs a simulated claim construction hearing of his own wherein he argues that "ambiguity results from the patent term's confusing use of the transitional phrase 'comprising' and the term 'and'." *See* SUMF ¶ 21.  Dr. Nielson also posits, without explanation, that "[t]hose skilled in art would not understand whether the claim term "comprising" is directed to modify "a device ID code" only, or both of "a device code" and "a secret decryption values." *Id*. These arguments are completely untethered to any substantive evidence presented by Dr. Nielson, including any evidence that would demonstrate a POSITA's understanding of the term to be indefinite when viewed in light of this Court's Claim Construction Order.

To the extent Dr. Nielson's approach attempts to re-write what this Court has already provided the parties by way of its Claim Construction Order, all such inconsistencies should be stricken. It is evident that, under basic principles of English grammar, the phrase "persistently storing biometric data of the user and a plurality of codes and other data values comprising a device ID code uniquely identifying the integrated device and a secret decryption values" refers to the storage of "biometric data of the user" and a "plurality of other codes and data values."  This "plurality" comprises things like a "device ID code" and a "secret decryption value." Dr. Nielson provides no explanation or analysis as to why a person having ordinary skill in the art would not be able to understand this clear language, other than a conclusory assertion in one sentence of paragraph 2671 of his report ("Those skilled in art would not understand whether the claim term

8

"comprising" is directed to modify "a device ID code" only, or both of "a device code" and "a secret decryption values."). Dr. Nielson's discussion of this issue invades the province of the Court's role in construing claims. It is also a strained effort to confuse an otherwise straightforward matter and no reasonable jury could find indefiniteness based on Dr. Nielson's opinions. Thus, no basis exists in support of a disputed issue of material fact as to the indefiniteness of this term, and summary judgment in favor of Proxense on this issue is proper.

        **3.**        **Samsung's New, Previously Undisclosed Theory That "the one or more codes and other data values" is Indefinite is Improper, but Also Unsupported**

Dr. Nielson further opines that the term "the one or more codes and other data values" as used in claim 1 and 2 of the 730 Patent is indefinite. As an initial matter, this is not a theory disclosed in Samsung's Final Invalidity Contentions. *See* SUMF ¶ 23. It should, therefore, be stricken. *See Pisony*, 2020 WL 4934463, at *1 ("[E]xpert invalidity reports may not introduce new theories nor previously set forth in the invalidity contentions."). But even if the Court were to allow Dr. Nielson's testimony to stand, Dr. Nielson's analysis is contained in a single paragraph of threadbare and conclusory assertions and he provides no explanation of why a person of ordinary skill would not understand the meaning of the claim language. *See* SUMF ¶ 21. Again, no reasonable juror could find indefiniteness by clear and convincing evidence on the proposed record. Thus, no basis exists to find a disputed issue of material fact as to the indefiniteness of this term, and summary judgment in favor of Proxense on this issue is proper.

        **4.**        **Samsung Has Not Offered Any Analysis or Evidence That the Asserted Patents Lack Enablement as to the Terms "Persistently Storing" and "Unable to be Subsequently Altered"**

Although Samsung's Final Invalidity Contentions raise lack of enablement with respect to the claim terms "persistently storing" and "unable to be subsequently altered", Samsung's expert Dr. Nielson does not address these bases for alleged invalidity in his twice-corrected report. *See*

9

SUMF ¶¶ 22, 24. The totality of Dr. Nielson's opinions regarding lack of enablement are set forth in paragraphs 2663-2667 of the report, and these five paragraphs are only directed to his (improper) opinions regarding the term "smartphone" as used in the 989 Patent. *See* SUMF ¶ 14. Where Samsung's expert never opined on a lack of enablement as to the terms "persistently storing" and "unable to be subsequently altered," Samsung cannot support its position with competent evidence at trial. *Pavilion Techs., Inc. v. Emerson Elec. Co.*, No. A-05-CA-898-SS, 2008 WL 11403181, at *3 (W.D. Tex. Aug. 26, 2008) (The Court has previously informed both parties that opinions not reflected in the expert reports will be inadmissible at trial.").

Absent any such evidence, there cannot be an issue of material fact as to whether clear and convincing evidence supports a conclusion that practicing the claimed invention would require undue experimentation. Therefore, summary judgment in favor of Proxense that neither "persistently storing" nor "unable to be subsequently altered" lack enablement is proper. *See Nanology Alpha LLC*, 2018 WL 4289342, at *6-7 (granting summary judgment of no invalidity due to lack of enablement where theory was unsupported by any summary judgment evidence that a PHOSITA would be unable to practice the claimed invention without undue experimentation).

### 5.    Samsung's Newly Disclosed Theory Regarding "Smartphone" Is Improper And Unsupported

Dr. Nielson opines that the term "smartphone" that the term "smartphone" lacks enablement and/or written description as used in claims 1, 2, 5, 6, 7, and 8 of the 989 Patent. *See* SUMF ¶ 13. These theories were not included in Samsung's Final Invalidity Contentions and, throughout this litigation, neither party has ever challenged the term "smartphone" until Dr. Nielson's report.[1]  *See* SUMF ¶ 16. These opinions are, therefore, entirely improper for Dr. Nielson

---

[1] Samsung cannot argue that "smartphones" were not known to it as of the patents-at-suit because Samsung publicly sold and advertised "smartphones" as early as at least 2003. *See*

10

to set forth, and the Court should disregard them.  *See Pisony*, 2020 WL 4934463, at *1 ("[E]xpert invalidity reports may not introduce new theories nor previously set forth in the invalidity contentions.").  But even if the Court were to consider Dr. Nielson's opinion, it is evident that no reasonable juror could find that these claims lack enablement or were insufficiently described in the patent.

As to enablement, Dr. Nielson's opinion does not provide any analysis of the *Wands* factors that would speak to whether practicing the claimed invention would require undue experimentation.  Dr. Nielson's analysis of lack of enablement is limited to paragraph 2666 of his report, which contains the conclusory assertions that (a) "The term "smartphone" is not cleared [sic] defined in the specification" and (b) "[w]hen the Asserted Patents were filed, there was no high level skill in the area of 'smartphone' and all of the methods needed to practice the invention were not known., [sic] which would make the amount of effort needed to practice the claimed invention unreasonably excessive."  *See* SUMF ¶ 15.  Failing to provide any evidentiary support for this assertion, this unsubstantiated summary paragraph does not meet the clear and convincing standard of evidence required to find a lack of enablement.  *See Cephalon, Inc. v. Watson Pharmaceuticals, Inc.*, 707 F.3d 1330, 1337-40 (Fed. Cir. 2013) ("Unsubstantiated statements indicating that experimentation would be 'difficult' and 'complicated' are not sufficient" to establish lack of enablement by clear and convincing evidence); *Nanology*, 2018 WL 4289342, at *6 (granting summary judgment of non-invalidity where Defendant failed to support lack of enablement with clear and convincing evidence).  Absent such evidence, there cannot be a disputed issue of material fact as to this issue, and summary judgment in favor of Proxense is proper.

---

Houston, Patrick, *Samsung SGH I700 – smartphone – GSM*, CNET (Sep. 10, 2003), available at https://www.cnet.com/reviews/samsung-sgh-i700-smartphone-gsm-preview.

11

As to lack of written description, Dr. Nielson's report similarly fails to create a disputed issue of material fact. Dr. Nielson devotes only paragraph 2661 to this issue, which comprises the conclusory assertion that at the time of filing "the term 'smart phone' was not commonly used." But whether a term is commonplace among the general public (though it was[2]) is not the standard by which written description is assessed; the sufficiency of the description in the specification is analyzed from the perspective of a person of ordinary skill in the art. Dr. Nielson fails to address the actual standard or provide any corroborating evidence. Thus, no reasonable juror could find that skilled artisans at the time of filing of any of the patents-in-suit would not understand what the term "smartphone" referred to. *See Koito Mfg. Co. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1154–55 (Fed. Cir. 2004) (conclusory opinions are insufficient to meet clear and convincing evidence required to show lack of written description); *Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*, 745 F.3d 1180, 1191–92 (Fed. Cir. 2014) (failure to address standard of written description from perspective of PHOSITA reading the patent disclosures was critical flaw, and did not meet burden of clear and convincing evidence). There cannot be a dispute of material fact as to this issue, and summary judgment in favor of Proxense is proper.

### 6. None of the Asserted Claims Trigger Divided Infringement

Samsung also argues, via Dr. Nielson, that the asserted claims recite "interactions between multiple parties," and that the claims are thus subject to divided infringement. *See* SUMF ¶ 25. Dr. Nielson highlights elements of three of the asserted method claims that, according to him, trigger a divided infringement issue:

   a. 730 Patent Claim 1: "receiving an access message from the agent allowing the user access to an application,"

---

[2] *See* fn.1.

      b. 905 Patent Claim 1: "responsive to receiving an access message from the third party trusted authority… allowing the user to complete a financial transaction."

      c. 989 Patent Claim 1: "a transaction being completed responsive to the third-party trusted authority successfully authenticating the ID code."

*See* SUMF ¶ 26.

Whether claims are subject to joint or divided infringement "depends in part on claim construction, which is an issue of law." *See SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1329 (Fed. Cir. 2010). Samsung could, therefore, have sought to cement this issue during the parties' *Markman* briefing, and doing so would have promoted greater efficiency, where the parties would have the benefit of knowing whether to tailor discovery requests to broader issues of divided infringement or not.[3] Nevertheless, now that Samsung has raised a dispute regarding the scope and meaning of the claims, "the court, not the jury, must resolve that dispute[,]" so that there is no risk of jury confusion as to competing and unresolved claim constructions at trial. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).

The asserted claims do not trigger divided infringement as a matter of law. As the Federal Circuit has explained, "[b]ecause of the nature of the technology, computer and software claims typically use functional language to define the invention." *See INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1372 (Fed. Cir. 2022). Further, the Federal Circuit has noted that "[w]e have frequently construed such functional language as not requiring actual performance of those operative steps for infringement purposes. Moreover, we have not required claims to adhere to a specific grammatical form to find that the claim is drawn to capability." *Id.* at 1372–73. And claims (like those asserted here) may recite operations of an apparatus whose functions are affected

---

[3] Samsung appears to have first disclosed this divided infringement contention in its August 8, 2022 supplemental interrogatory responses, served at the close of discovery. *See* SUMF ¶ 30.

by interactions with another entity, without triggering divided infringement. For example, in *IVNT*, the Federal Circuit held that claim language directed to an LTE device whose claimed function depended on the operation of a recited external base station was not divided infringement, because the recited external base station was merely a definition of the environment in which the claimed device operated. *Id.* at 1374-75. Here, the claims' recitation of elements such as "third party trusted authority" and "agent" having particular roles or characteristics are merely descriptions of the environment in which the claimed invention operates, not elements that trigger divided infringement. *See* SUMF ¶ 29 [reciting full text of claim 1 of each patent in suit]

The asserted claims only cover the function of the device receiving or sending data, not the third party trusted authority. For "an accused device [to be] a device with the 'capability' of performing the recited functions, it must be able to perform those functions when it is activated and put into operation." *INVT SPE*, 46 F.4th at 1375. Here, the asserted claims cover an accused device that sends information to and/or receives information from a "third party trusted authority," or an "agent." Thus, knowing if an accused device sends or receives the information as claimed requires knowing the capabilities or functional role of the "third party trusted authority" or "agent." Under such an arrangement, the Federal Circuit has determined that even though the operation or role of a recited external entity "affects whether the claims are met," that external entity (such as a "third party trusted authority" or "agent") "is not 'a limitation on the claimed invention itself'" and infringement does not require that accused infringer "make, use, or sell" the external entity. *Id.* Instead, the Federal Circuit views such language as claiming a "device [that] operates in an environment that involves the actions of another device." *Id.* 1374-75.

14

Thus, while Samsung could and should have raised this claim construction issue earlier, summary judgment that the claims do not require divided or joint infringement is proper on the merits.

## IV.  CONCLUSION

For the foregoing reasons, Proxense requests that the Court grant its limited motion for Summary Judgment, and find that Samsung cannot meet its burden on any of the theories of invalidity pursuant to Section 112, and rule in Proxense's favor that Samsung's theories discussed above fail as a matter of law.

Dated:   October 17, 2022

Respectfully submitted,

/s/ David L. Hecht
David L. Hecht (**Lead Counsel**)
dhecht@hechtpartners.com
Maxim Price (pro hac vice)
mprice@hechtpartners.com
Conor B. McDonough (pro hac vice)
cmcdonough@hechtpartners.com
Yi Wen Wu (pro hac vice)
wwu@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 851-6821

Brian D. Melton
bmelton@susmangodfrey.com
Geoffrey L. Harrison
gharrison@susmangodfrey.com
Meng Xi
mxi@susmangodfrey.com
Bryce T. Barcelo
bbarcelo@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666
*Counsel for Plaintiff Proxense, LLC*

**CERTIFICATE OF SERVICE**

I certify that on Ocober 17, 2022, this document properly was served on counsel of record via electronic filing in accordance with the USDC, Western District of Texas Procedures for Electronic Filing:

<div style="text-align: right;">

/s/ David L. Hecht
David L. Hecht

</div>