# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PROXENSE, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS, CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC,<br><br>             Defendants. | Civil Action No. 6:21-CV-00210-ADA<br><br><br>**<u>JURY TRIAL REQUESTED</u>**<br><br><br>**REDACTED VERSION OF<br>DOCUMENT FILED UNDER SEAL** |

**<u>PLAINTIFF PROXENSE, LLC'S OPPOSITION TO<br>DEFENDANTS' MOTIONS *IN LIMINE*</u>**

# **TABLE OF CONTENTS**

1.  MIL re Evidence or Argument by Proxense Subject to the NDA ...................................... 1

2.  MIL re Evidence or Argument re Amount for Which Samsung Acquired LoopPay ......... 2

3.  MIL re Patent Valuations Which Neither Damages Expert Relies..................................... 3

4.  MIL to Exclude Evidence or Argument re Samsung's Discovery Deficiencies ................ 4

5.  MIL to Exclude Results of Patent Office Proceedings Involving the Asserted Patents ........................................................................................................... 5

6.  MIL to Exclude Samsung's Overall Sales, Profits, Revenues, Size, Financial Resources, or Executive Compensation....................................................................... 7

7.  MIL to Exclude Argument Relating to Samsung's Status as a Foreign Company ..................................................................................................................... 8

8.  MIL to Exclude Unaccused Samsung Products and Other Lawsuits ................................ 9

9.  MIL to Preclude Claim Construction of "Third Party" .................................................... 9

10. MIL to Preclude Proxense's from Offering Opinions Not Included in Expert Reports ....................................................................................................................... 10

11. MIL to Exclude Suggestion of "Coping," "Stealing," or "Pirating" ................................ 11

12. MIL to Exclude Evidence or Argument of Harm to Proxense's Business ....................... 12

13. MIL to Exclude Argument Regarding the Presumption of Validity................................. 12

14. MIL to Exclude Argument Regarding Undisclosed Theories of Infringement ............... 13

15. MIL to Exclude Evidence or Argument re Proxense's Standard-Essential Patents ......... 14

16. MIL to Exclude Statements Related to a Witness's Native or Chosen Language............ 14

17. MIL to Exclude Argument re Samsung's Duty to Obtain an Opinion of Counsel........... 15

18. MIL to Exclude Evidence or Argument re █████████ ████████████ ███████ ........................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
  2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ...................................................... 3

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
  2013 WL 1563253 (N.D. Cal. Apr. 12, 2013) .................................................... 3, 9

*Bertroche v. Mercy Physician Assocs., Inc.*,
  2019 WL 7761809 (N.D. Iowa Oct. 28, 2019) ......................................................... 5

*Bormuth v. City of Jackson*,
  2013 WL 1944574 (E.D. Mich. May 9, 2013).......................................................... 5

*Broadcom Corp. v. Qualcomm Inc.*,
  543 F.3d 683 (Fed. Cir. 2008)................................................................................ 15

*Callaway Golf Co. v. Acushnet Co.*,
  576 F.3d 13313 (Fed. Cir. 2009)............................................................................... 6

*Caluori v. One World Techs., Inc.*,
  2012 WL 2004173 (C.D. Cal. June 4, 2012) ........................................................... 5

*City Nat'l Bank v. United States*,
  907 F.2d 536 (5th Cir. 1990) ................................................................................. 15

*Cybergym Res. LLC v. ICON Health & Fitness, Inc.*,
  2007 WL 9724605, 2 (E.D. Tex. Oct. 7, 2007) ..................................................... 14

*Data LLC v. Echostar Corp.*,
  2018 WL 10466786 (E.D. Tex. Dec. 17, 2018)........................................................ 9

*Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*,
  2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) ........................................................ 7

*DNT, LLC v. Spring Spectrum, LP*,
  2010 WL 582164 (E.D. Va. Feb. 12, 2010).......................................................... 10

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
  2015 WL 11143139 (D. N. Dakota Aug. 13, 2015) .............................................. 12

*Finjan, LLC v. ESET, LLC*,
  2021 WL 1541651 (S.D. Cal. Apr. 20, 2021)........................................................... 2

*Fractus, S.A. v. AT&T Mobility, LLC*,
  No. 2:18-cv-135, Dkt. 692 (E.D. Tex. Sept. 30, 2019) ................................................. 8, 10, 11

*Garcia v. Hackman*,
  2012 WL 401048 (S.D. Tex. Feb. 6, 2012) ................................................................................ 5

*Gonzalez v. City of Three Rivers*,
  2013 WL 1150003 (S.D. Tex. Feb. 8, 2013) ................................................................... 1, 9, 13

*Google Inc. v. Rockstar Consortium, et al.*,
  2014 WL 8735114 (N.D. Cal. Oct. 3, 2014) ............................................................................. 4

*Hitachi Consumer Elecs. Co. v. Top Victory Elecs. (Taiwan) Co.*,
  2013 WL 5273326 (E.D. Tex. Sept. 18, 2013) ....................................................................... 10

*Hologic, Inc. v. Minerva Surgical, Inc.*,
  2018 WL 3348998 (D. Del. July 9, 2018) .............................................................................. 15

*Innovation Sciences, LLC v. Amazon.com, Inc.*,
  2020 WL 4884000 (E.D. Tex. Aug. 20, 2020) ....................................................................... 10

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
  2014 WL 8104167 (D. Del. Sept. 19, 2014) ............................................................................. 6

*INVT SPE LLC v. ITC*,
  46 F.4th 1361 (Fed. Cir. 2022) ............................................................................................. 14

*John the Greek Co., Inc. v. Eaternity LLC*,
  233 F. Supp. 3d 355 (E.D.N.Y. 2017) ...................................................................................... 7

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed Cir. 2012) ..................................................................................................... 3

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2012) ................................................................................................ 3

*Mobile Telecomm'cns Techs., LLC v. LG Elecs. MobileComm U.S.A., Inc.*,
  2016 WL 3611559 (E.D. Tex. Feb. 4, 2016) ......................................................................... 11

*Mobility Workx, LLC v. Cellco P'ship*,
  2019 WL 5721814 (E.D. Tex. Nov. 5, 2019) ........................................................................... 8

*Oracle Am., Inc. v. Google Inc.*,
  2012 WL 1189898 (N.D. Cal. Jan. 4, 2012) ...................................................................... 6, 13

*PACT XPP Techs., AG v. Xilinx, Inc.*,
  2012 WL 2774971 (E.D. Tex. May 13, 2012) ......................................................................... 4

*Parkervision, Inc. v. Qualcomm Inc.*,
    2013 WL 12152672 (M.D. Fla. Oct. 11, 2013) ....................................................... 3

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
    549 F.3d 842 (Fed. Cir. 2008) ............................................................................... 13

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    No. 13-cv-00213-JRG (E.D. Tex. Feb. 13, 2015), Dkt. 300 6: ............................. 12

*Robocast, Inc. v. Microsoft Corp.*,
    2014 WL 202399 (D. Del. Jan. 16, 2014)................................................................. 3

*Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs, Inc.*,
    933 F.3d 1367 (Fed. Cir. 2019)............................................................................. 12

*Serafin v. Winco Foods, Inc.*,
    2022 WL 504396 (N.D. Tex. Feb. 18, 2022)......................................................... 15

*SRI Int'l Inc. v. Internet Sec. Sys., Inc.*,
    647 F. Supp. 2d 323 (D. Del. 2009) ...................................................................... 13

*SSL Servs., LLC v. Citrix Sys., Inc.*,
    2012 WL 12906091 (E.D. Tex. May 24, 2012)...................................................... 14

*StoneEagle Servs., Inc. v. Pay-Plus Sols, Inc.*,
    2015 WL 3824208 (M.D. Fla. June 19, 2015).......................................................... 6

*Texchem Advanced Prods. Inc. Sdn. Bhd. v. e.PAK Int'l Inc.*,
    2014 WL 12589656 (C.D. Cal. June 11, 2014) ...................................................... 13

*Traxcell Techs., LLC v. AT&T Corp. et al.*
    No. 2:17-cv-718, Dkt. 429 (E.D. Tex. Oct. 1, 2019) ............................................. 12

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011)............................................................................... 7

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    2014 WL 8096334 (C.D. Cal. Apr. 21, 2014) ......................................................... 6

*Wilson v. Hartford Ins. Co. of the Midwest*,
    2011 WL 2670199 (W.D. Wash. July 7, 2011) ................................................. 9, 13

*Yan Zhao v. United States*,
    273 F. Supp. 3d 372 (W.D.N.Y. 2017) ................................................................. 15

**Statutes**

35 U.S.C. § 298..................................................................................................... 15

**Other Authorities**

Federal Judicial Center, The Patent Process: An Overview for Jurors, *available at*
    https://www.youtube.com/watch?v=ax7QHQTbKQE (last visited December
    5, 2022) ..................................................................................................................... 12

Proxense opposes Samsung's omnibus motions *in limine* as follows:

1.    **MIL re Evidence or Argument by Proxense Subject to the NDA**

This overreaching motion should be denied as moot. In denying Samsung's motion to dismiss Proxense's willful infringement claims, the Court already rejected Samsung's attempt to exclude any reference to the parties' communications ***before*** the NDA's ███████████ ███████ Dkt. 41 at 14. The Court held that, at most, the NDA applies *prospectively*, not retroactively. *Id.* at 6–8. Samsung's attempt to re-litigate this issue should be summarily rejected.

To the extent Samsung is seeking to preclude Proxense from referencing the parties' post-NDA communications, that, too, is contrary to the NDA's language and intent. For one, Samsung has failed to demonstrate any documents on Proxense's trial exhibit list which were, ████████

████████████████████████████████

████████████████████████████████

Dkt. 126-2 (emphasis added). If documents or emails exchanged after the NDA were not marked "confidential," they cannot be subject to the NDA and cannot be excluded on that basis.

████████████████████████████████

████████████████████████████████

████████████████████████████

Second, Samsung's motion is also overbroad and premature because it seeks a blanket ruling on evidence that is more appropriately handled through the pre-trial process for trial exhibits. "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions . . . can be resolved in the proper context." *Gonzalez v. City of Three Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) ("Evidence should not be

████████████████████████████████

████████████████████████████████

████████████████████████████

excluded *in limine* unless it is clearly inadmissible on all potential grounds"). Samsung's one-sided motion also makes little sense: if Samsung opens the door by introducing evidence of the parties' negotiations ███████████, especially ones that were not marked as being subject to the NDA, then at a minimum Proxense should be permitted to respond by introducing similar evidence.

2.   **MIL re Evidence or Argument re Amount for Which Samsung Acquired LoopPay**

Samsung's acquisition of LoopPay on February 28, 2015—which facilitated the launch of Samsung Pay in September 2015 (the same date of the hypothetical negotiation in this case)—is relevant to the parties' hypothetical negotiation. Key to the hypothetical exercise is evidence reflecting how much Samsung valued Samsung Pay and its development, and what it was actually willing to pay for technology which paved the way for the app's success. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ Ex. 2

(Kim Tr. at 73:7–13). Samsung's acquisition price of LoopPay was thus considered and referenced by both parties' experts for precisely this reason. *See* Dkt. 107-7 at at ¶ 26; Ex. 3 at ¶ 137. Courts regularly permit referencing other agreements relevant to the hypothetical negotiation. *See, e.g.*, *Finjan, LLC v. ESET, LLC*, 2021 WL 1541651, at *7 (S.D. Cal. Apr. 20, 2021) (documents related to an "acquisition of a company" were relevant "even when there are significant time gaps between the hypothetical negotiation and an acquisition").

Evidence related to LoopPay, including the acquisition price, is thus probative of Samsung's development goals, practices, and potential licensing tendencies with respect to technology enabling and underlying Samsung Pay. Samsung's motion simply asserts, without justification or explanation, that the circumstances related to LoopPay are "radically different" from the hypothetical negotiation between Samsung and Proxense, and should be denied. For

example, the evidence excluded in *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2012) were non-contemporaneous as the date of the relevant hypothetical negotiation and involved vastly divergent technologies—unlike here where both Loop Pay and the patents-in-suit are foundational to Samsung Pay's *payment* ability. *Id*. Indeed, the patent holder in *Lucent* "candidly admi[ted] in its brief that" the excluded evidence could have any bearing on the "hypothetical royalty negotiation." *Id*. at 1329.[2] Fundamentally, any potential prejudicial value does not *substantially outweigh* the amount of the LoopPay acquisition—which, like the patents-in-suit, involved technology foundational to Samsung Pay's development.

3.    **MIL re Patent Valuations Which Neither Damages Expert Relies**

Samsung's *limine* criticisms of the ███████████ go to its weight, rather than admissibility, and should be rejected. An independent valuation of Proxense's patent portfolio, including the patents-in-suit, "serves as a relevant data point in determining the value which the parties to the hypothetical negotiation would place on" the patents. *Robocast, Inc. v. Microsoft Corp.*, 2014 WL 202399, at *2 (D. Del. Jan. 16, 2014). Samsung is incorrect to assert that such assessments are irrelevant and therefore inadmissible. "[I]t is up to the jury to determine the weight accorded the valuation," and courts routinely *permit* such valuations. *Id.*; *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2010 WL 11451797, at *4 (E.D. Tex. Mar. 31, 2010) (denying MIL to exclude evidence related to a an independent valuation of a related patent because "any valuation of [that patent] is probative of the value of the patents-in-suit"); accord *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 2013 WL 1563253, at *5 (N.D. Cal. Apr. 12, 2013) ("Apple's internal discussions about the relative value of the patented features to its products . . . would shed light on Apple's perception at the time of the value of its patents," and "might aid a fact finder in

---

[2] Samsung's other citations are equally distinguishable. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 80 (Fed Cir. 2012) (noting that an excluded licensing survey "was not even limited to any particular industry" relevant for the patent-in-suit); *Parkervision, Inc. v. Qualcomm Inc.*, 2013 WL 12152672, at *6 (M.D. Fla. Oct. 11, 2013) (noting that the excluded evidence involved "technology obtained by Qualcomm" that "was not patented").

determining a 'hypothetical' rather than 'purely speculative' reasonable royalty rate").

That Proxense's damages expert did not rely *exclusively* on the valuation in reaching her conclusions is immaterial to whether the valuation can aid the jury in determining damages. What *weight* the jury will give the valuation is a topic that can be addressed on cross-examination. The law is clear that Proxense's "valuations of its own patents is perhaps *the most telling evidence* on" how much Proxense valued its patents for purposes of a hypothetical negotiation, which means "[t]his information may be relevant to the determination of patent damages in the form of a reasonable royalty." *Google Inc. v. Rockstar Consortium, et al.*, 2014 WL 8735114, at *5 (N.D. Cal. Oct. 3, 2014) (emphasis added). Samsung's sole citation to *PACT XPP Techs., AG v. Xilinx, Inc.*, 2012 WL 2774971 (E.D. Tex. May 13, 2012), is inapplicable because the transaction information excluded in *PACT* involved "patents that [were] not asserted in [the] case." *Id.* at *2.

**4.      MIL to Exclude Evidence or Argument re Samsung's Discovery Deficiencies**

Samsung's motion to exclude any reference to its discovery conduct is intentionally vague and should be denied. To the extent it is aimed at excluding Dr. Vanderhart's supplemental expert report and presentation of a royalty range, a MIL is not the appropriate vehicle to advance such argument. Even so, Samsung's belated production of its own financials without detailed breakdown is fair game at trial for Dr. Vanderhart to explain and contextualize her damages methodology—in particular, the necessity of presenting a *range* of royalties to the jury. Among other issues, Samsung (1) did not produce any consolidated financial statements of the Samsung group as a whole (including information as to how much profit Samsung made through selling the Accused Products in the U.S.) until after the close of fact discovery; and (2) has *never* produced financial documents that clearly break out detailed operating costs and expenses ("OpEx") for any Accused Product. The belated production of consolidated financial information for the Samsung group as a whole necessitated Proxense's expert to file a supplemental report (which brought down total royalties from a range of ███████████████████████

██████, *see* Dkt. 107-9 at ¶ 4, while the lack of OpEx data necessitated these royalty *ranges* instead of a single number. *Id*. at ¶ 20; Dkt. 107-7 at ¶136. It would be inappropriate to bar Proxense from explaining that Samsung was responsible for these numbers but at the same time allow Samsung to criticize Proxense's damages expert for failing to rely on specific data in forming her opinions. Courts regularly deny such MILs. *See, e.g.*, *Bertroche v. Mercy Physician Assocs., Inc.*, 2019 WL 7761809, at *9 (N.D. Iowa Oct. 28, 2019) ("An expert witness may testify that they were not provided with a particular document or specific information and how the absence of the document or information may have impacted their analysis."); *Caluori v. One World Techs., Inc.*, 2012 WL 2004173, at *7 (C.D. Cal. June 4, 2012) (permitting plaintiff to "introduce testimony that defendant's production did not include certain documents" where relevant).

Samsung's cited case law is inapposite because Proxense does not claim that it cannot meet its burden of proof without referencing Samsung's discovery deficiencies. *See Bormuth v. City of Jackson*, 2013 WL 1944574, at *1 (E.D. Mich. May 9, 2013) (denying a motion to voluntarily dismiss lawsuit filed by a *pro se* plaintiff). Indeed, *Bormuth* did not involve any expert testimony. *Id*. Put simply, Samsung's seeks to unfairly preclude Proxense from offering context on its expert's approach in forming her opinions even though Samsung clearly intends to criticize Dr. Vanderhart's approach on the same basis at trial. The Court should reject such an attempt.

At a minimum, the case-specific issues presented by this motion warrant its denial as premature. The Court can rule with the benefit of a fuller record at trial. *See Garcia v. Hackman*, 2012 WL 401048, at *2 (S.D. Tex. Feb. 6, 2012) (denying motion seeking to exclude argument "[t]hat facts exist that are contained in documents not produced initially or through supplementation in response to valid discovery requests" because there was "no reason to rule" and the court could wait "until presented in the context of the actual trial").

**5.**   **MIL to Exclude Results of Patent Office Proceedings Involving the Asserted Patents**

Samsung's motion seeks to selectively preclude evidence of the PTAB's decisions not to

institute IPR of the patents-in-suit, but is completely silent as to the ongoing EPRs. This double standard is contrary to the law. *Compare Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014) (denying defendant's MIL to exclude evidence related to PTAB's decision to not institute IPR on asserted patent) *with Oracle Am., Inc. v. Google Inc.*, 2012 WL 1189898, at *3 (N.D. Cal. Jan. 4, 2012) (excluding evidence from non-final reexamination proceedings because the "probative value is outweighed by the time and confusion that would be involved"). Samsung's citations asserting the opposite are distinguishable because the cases involved either defendants who *were not a party to the IPR Petition* or *non-final* proceedings. *See Interdigital Commc'ns Inc. v. Nokia Corp.*, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014) (noting that, "in this case, the Defendants were not a party to the IPR" in making its decision); *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1342–43 (Fed. Cir. 2009) (discussing non-final PTAB proceeding). At a minimum, the PTAB's decision to not institute IPR is relevant to Samsung's claim of invalidity, and "[a]ny potential confusion can be addressed by appropriate jury instructions on the standard of proof applicable to patent invalidity defenses and counterclaims." *Universal Elecs., Inc.*, 2014 WL 8096334, at *7; *StoneEagle Servs., Inc. v. Pay-Plus Sols, Inc.*, 2015 WL 3824208, at *8–9 (M.D. Fla. June 19, 2015) (denying MIL re decision not to institute IPR because, unlike *Interdigital v. Nokia*, the defendant *was* a party to the IPR, and also because the court "can and will instruct the jury on the appropriate law to apply to this case").

The motion should also be denied because Proxense is entitled to use the PTAB's claim construction of a key claim limitation—the "third-party trusted authority"—as well as its finding that certain prior art references which Samsung intends to use at trial (*e.g.* PCT application to Scott) lacks a "third-party trusted authority." *See, e.g.*, Dkt. 74-2 at 15, 27–28; Ex 4 at 12–14, 25–26; Ex. 5 at 9–11, 26–27 (PTAB decisions denying IPR of the patents-in-suit). Nor should Samsung be allowed to take any inconsistent positions at trial, particularly as it relates to the construction of "third-party trusted authority." *Compare id. with* Dkt. 33 at 6 (Samsung's claim

construction brief).[3] Such inconsistent positions are relevant to Samsung's credibility before the jury and should not be excluded. *See, e.g.*, *John the Greek Co., Inc. v. Eaternity LLC*, 233 F. Supp. 3d 355, 360 (E.D.N.Y. 2017) ("[T]o the extent that the Defendants' inconsistent positions may have raised questions going to their credibility, the Court finds that such determinations are best left to the trier of the facts.").

**6.     MIL to Exclude Samsung's Overall Sales, Profits, Revenues, Size, Financial Resources, or Executive Compensation**

Proxense should not be precluded from referencing Samsung's size, overall sales and profits or, in particular, its "total revenues or profits from the sale of Samsung's accused products." MIL at 6. To determine the value of the incremental contribution of the patented technology to Samsung's products, Proxense's expert considered the Samsung defendants' consolidated profits from the sale of Accused Products in the United States. *See* Dkt. 107-9 at ¶¶4–5. Consolidated financial information and similar data are relevant to damages and courts routinely permit their reference at trial. *See Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 4090550, at *6 (N.D. Cal. Aug. 19, 2014) (allowing global figures like total revenues, including for non-accused products, as necessary to establish foundation for expert's damages calculation).

Although patent-holders should not be permitted to simply cite large-revenue numbers from infringers to "skew the damages horizon," *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1319–20 (Fed. Cir. 2011), that does not mean all citations to revenues are off-limits. And Samsung provides no support for its contrary claim. Indeed, there are situations, like here, where calculations need to be performed on revenues to generate metrics that are tied to the accused features of the Accused Products. Moreover, Samsung's expert criticized Proxense's expert by claiming that she ████████████████████

---

[3] Before the PTAB, Samsung had argued that a bank or other financial institution could be the "third-party trusted authority" for purposes of the patents' claim limitations. For example, it argued that a POSITA "would have further understood that it was common to have an ATM that is not owned by a bank use the bank as a third party for authorization and it was common for a store to use a bank or credit card exchange as a third party for authorization." *See, e.g.*, Dkt. 74-2 at 26. The PTAB rejected this argument. *Id*. If Samsung raises the same argument at trial as it did before the PTAB, Proxense should be permitted to contextualize the argument for the jury.

████████████████████████████████████████████████████████████████

████ Ex. 3 at ¶390. Given the disagreement, both experts will want to show their math and explain their methodology, including the inputs used in arriving at their damages calculations. The jury will then decide what weight to give each expert's testimony. *See Mobility Workx, LLC v. Cellco P'ship*, 2019 WL 5721814, at *15 (E.D. Tex. Nov. 5, 2019) (the "jury's job" is to determine whether a "particular statistic should have been included" in the inputs to expert's damages model). Samsung's revenues and profits from its sale of Accused Products is thus probative of an issue for trial, which Samsung's own expert acknowledges. *See, e.g.*, *Fractus, S.A. v. AT&T Mobility, LLC*, No. 2:18-cv-135, Dkt. 692 at *9 (E.D. Tex. Sept. 30, 2019) (allowing evidence on "revenues, total value, or net worth, or reference to prices end users pay for cell phone service, or the total amount paid . . . or the total revenues or profits received" "to the extent such an opinion is set forth in an expert's report"). Samsung vastly overstates the risk of prejudice from Proxense's expert simply explaining her calculations. Should Samsung open the door by suggesting that the Accused Products are unprofitable or that the infringing technologies are minor features of Samsung Pay (which it will), then Proxense should be permitted to respond by referencing Samsung's profits and the overall success of the Accused Products.

7. <u>**MIL to Exclude Argument Relating to Samsung's Status as a Foreign Company**</u>

Samsung's motion is overbroad as it seeks to preclude *any* reference to its foreign status. The Court should not preclude Proxense from discussing the relationship between Samsung Electronics Co. ("SEC," the Korean parent), and Samsung Electronics America ("SEA," the American subsidiary). How SEC operates and coordinates its sales of the Accused Products into the United States through SEA, and the sales data for each entity, are relevant. For example,

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████ Ex. 6 (Lee Tr. at 40:17–42:23). Proxense certainly will not disparage Samsung's status as a foreign company. But precluding *any* reference to undisputed and public facts like how Samsung is a Korean company, and how it operates and organizes its manufacturing, sales, and accounting, would unfairly hamstring Proxense's ability to present its case.

**8.**     **MIL to Exclude Unaccused Samsung Products and Other Lawsuits**

Samsung's motion to exclude evidence concerning "unaccused Samsung products" should be denied because Samsung has failed to identify any such products. *See Gonzalez*, 2013 WL 1150003, at *1; *Wilson v. Hartford Ins. Co. of the Midwest*, 2011 WL 2670199, at *1 (W.D. Wash. July 7, 2011) (denying MIL that did not cite any "particular evidence that it wished to exclude" as "[t]he court cannot resolve a motion that provides no factual context"). Samsung can (and should be required to) object to any proposed exhibits on a case-by-case basis.

The Court should also deny this motion as to Samsung's request to exclude "other lawsuits" involving Samsung. Samsung's own damages expert relies on such lawsuits and ensuing settlement agreements, including with ██████████████████████████ ████████████████████████████████ Ex. 3 at ¶¶134, 152–83. When a party concedes that certain lawsuits and litigation-derived agreements are relevant to damages, courts regularly deny MILs seeking to exclude such evidence. *See e.g.*, *Data LLC v. Echostar Corp.*, 2018 WL 10466786, at *1 (E.D. Tex. Dec. 17, 2018) (limiting exclusion of other litigations "Except as Relevant to Licenses Relied on by the Parties' Damages Experts").

**9.**     **MIL to Preclude Claim Construction of "Third Party"**

This motion should be denied because the Court never construed the term "third-party" and so no testimony can contradict a construction "adopted by the Court."[4] Indeed, it was *Samsung* who argued at claim construction that a variation of the term "third-party trusted authority" should

---

[4] As an initial matter, Samsung never moved to exclude any portion of Dr. Rubin's opinion pursuant to *Daubert*, and an attempt to do so now *in limine* violates the Court's scheduling order mandating October 17, 2022 to be the deadline for filing any motions seeking to exclude expert opinions. Dkt. 48.

be interpreted according to its plain and ordinary meaning, which Proxense agreed with and the Court accepted. Dkt. 33 at 6; Dkt. 36. "For terms 'given their plain and ordinary meaning, the jury *is free to apply an expert's description of the claims* if it is consistent with the jury's understanding." *Innovation Sciences, LLC v. Amazon.com, Inc.*, 2020 WL 4884000, at *1 (E.D. Tex. Aug. 20, 2020) (quoting *Hitachi Consumer Elecs. Co. v. Top Victory Elecs. (Taiwan) Co.*, 2013 WL 5273326, at *10 (E.D. Tex. Sept. 18, 2013)) (emphasis added) (denying MIL to exclude an expert's alleged "inappropriate claim construction" of terms that the Court held should be understood by their plain and ordinary meanings). Only interpretations that *contradict* the Court's construction are excludable, but here, "there is no claim construction to contradict." *Id*. at *2. Even Samsung's citations stand for the proposition that litigants "may be permitted to elicit testimony as to the plain and ordinary meaning of claim terms not construed." *See* MIL at 8 (citing *DNT, LLC v. Spring Spectrum, LP*, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010)). Samsung makes no more than a conclusory assertion that Dr. Rubin's opinions are contrary to the plain and ordinary meaning of "third party," but such arguments are for the jury to resolve, not the Court *in limine*.[5]

**10.**    **MIL to Preclude Proxense's from Offering Opinions Not Included in Expert Reports**

This motion is unnecessary because Rule 26 requires expert witnesses to testify within the scope of their reports, and Samsung does not identify any specific testimony it seeks to exclude. *See Fractus*, No. 2:18-cv-135, Dkt. 692 at *9 (denying motion to "exclude arguments or expert testimony outside the context of the experts' Rule 26 reports" "as duplicative of the Federal Rules of Civil Procedure"). The motion also improperly seeks to exclude any expert opinion not formed by "August 15, 2022"—the deadline set out for the close of expert discovery. However, as the Court is aware, due to Samsung's delay in producing necessary discovery, Proxense was forced to

---

[5] To be clear, Dr. Rubin's POSITA-based opinions on "third-party trusted authority" is distinct from Dr. Nielson's improper offering of legal opinions and contradicting the Court's claim construction order which is the subject of Proxense's *Daubert* motion. Proxense's *Daubert* motion seeks to exclude Dr. Nielson's re-hashed *legal* arguments about *invalidity* and *indefiniteness*—not his understanding of claim terms the Court never construed.  Dkt. 98. at 2, 3.

serve supplemental expert reports. *See* Dkt. 107-9; Ex. 7 (Rubin Supplemental Rep.). The parties have also agreed that Proxense's expert will provide additional opinions related to late-disclosed references that Samsung had attempted to correct through service of "errata" to its technical expert's report *on October 4, 2022*. Ex. 8. The motion should be denied to the extent that it seeks to cabin Proxense's (but not Samsung's) experts only to opinions formed before August 15, 2022, rather than opinions not expressed in expert reports. *See Mobile Telecomm'cns Techs., LLC v. LG Elecs. MobileComm U.S.A., Inc.*, 2016 WL 3611559, at *2 (E.D. Tex. Feb. 4, 2016) (denying as overbroad a MIL seeking to exclude "any evidence, argument, or suggestion regarding theories or opinions not included in expert reports that were timely and properly submitted or supplemented").

## 11.   <u>MIL to Exclude Suggestion of "Coping," "Stealing," or "Pirating"</u>

Proxense does not intend to accuse Samsung of copying, pirating, or stealing Proxense's technology without first approaching the bench and seeking leave, should the circumstances warrant such an argument. However, the Court should not grant Samsung's motion given that it seeks to exclude *"any* evidence or argument" that may be construed as charged. This framing is improperly vague, and the Court can easily decide such issues *should* they arise trial.[6] Proxense should also not be precluded from referencing how Samsung may have "trespassed" on Proxense's intellectual property. Analogizing intellectual property to real property is common, and courts regularly permit counsel to equate patent claims to deed metes and bounds. *See, e.g.*, *Fractus*, No. 2:18-cv-135, Dkt. 676 at 168:9–15 (court ruling at pretrial conference that "I'm not going to limine out Plaintiff's reference to Defendants as trespassers on their patents. That's a part of alleging infringement."); *id*. Dkt. 692 at 9 (plaintiff "is not precluded from referring to the Defendants as trespassers on [plaintiff's] patents"). Even the Federal Judicial Center's video introduction for patent jurors explains that: "A patent is in many ways like a deed to a piece of property. It grants

---

[6] Should the Court grant any portion of this motion, then Samsung should be precluded from claiming that "copying" or anything similar is *required* for infringement. Samsung should not be permitted to prohibit Proxense from asserting any "copying" while simultaneously telling the jury that copying is required for infringement.

the owner the right to keep people off the property or to charge them a fee, like rent, for using it. And just as a deed indicates boundaries defining the landowner's property, a patent claim defines the patentee's domain." *See* Federal Judicial Center, The Patent Process: An Overview for Jurors, *available at* https://www.youtube.com/watch?v=ax7QHQTbKQE, at 3:14-3:32 (last visited December 5, 2022). There is no reason to preclude use of the term "trespassing."

**12.    MIL to Exclude Evidence or Argument of Harm to Proxense's Business**

This motion should be denied because Samsung never identifies any specific evidence it seeks to exclude, and a general motion seeking to preclude any reference to Samsung "harm[ing]" Proxense is overbroad. Proxense should not be prevented from presenting evidence related to its business history, including its founding, patent portfolio, how it employed over thirty engineers at one time, and how it was well regarded as an innovative technology startup in the mobile payment industry. *See* Dkt. 73 at ¶¶29–36. Nor should it be barred from presenting evidence on ███████ ███████████████████████████████ Samsung is free to challenge the weight of such evidence on cross examination, and can offer its own evidence that it did not harm Proxense's business. But the Court should not issue a premature, blanket ruling before trial based on no more than a conclusory request. *See, e.g.*, *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 2015 WL 11143139, at *4 (D. N. Dakota Aug. 13, 2015) (denying MIL re plaintiffs' business "to the extent that [it] . . . is based on the actual history and capabilities of the Plaintiffs' businesses").

**13.    MIL to Exclude Argument Regarding the Presumption of Validity**

This motion should be denied because it is black-letter law that patents are entitled to a presumption of validity. *See Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs, Inc.*, 933 F.3d 1367, 1375 (Fed. Cir. 2019) ("A patent is presumed valid and overcoming that presumption at the district court requires clear and convincing evidence."). Courts routinely deny identical motions and instruct jurors that patents are presumed valid. *See, e.g.*, *Traxcell Techs., LLC v. AT&T Corp. et al.* No. 2:17-cv-718, Dkt. 429 at 3 (E.D. Tex. Oct. 1, 2019) (denying motion); *Rembrandt Wireless*

*Techs., LP v. Samsung Elecs. Co.*, No. 13-cv-00213-JRG (E.D. Tex. Feb. 13, 2015), Dkt. 300 at 25:25–26:3 (instructing jury that "[a]n issued patent is accorded a presumption of validity."); AIPLA Model Jury Instructions § II.1.2 ("A patent is presumed to be valid.").

Samsung's claims about EPRs and prejudice are a red herring. First, whether there is an ongoing EPR for a patent-in-suit is irrelevant to the issue of validity *at trial*. "*[N]on-final decisions* made during reexamination are not binding, moreover, they are more prejudicial (considering the overwhelming possibility of jury confusion) than probative of validity." *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 356 (D. Del. 2009) (emphasis added). This is because "a requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a defendant's burden to prove invalidity by clear and convincing evidence at trial." *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008). Even the case Samsung cites discusses "re-examinations that had reached *a final rejection* [of asserted claims] by the examiner"—not *pending* EPRs for which there has been no final decision, much less a first office action. *Oracle*, 2012 WL 1189898, at *3 (emphasis added). By contrast, the only *final* PTAB decisions related to any patent-in-suit are the PTAB's decisions to *not institute* IPR of them.

Second, there cannot be any prejudice when the Court instructs the jury on a correct matter of law. The presumption is helpful for the jury to understand that it is *Samsung's* burden to prove invalidity by clear and convincing evidence. "[T]he presumption of validity is linked to the burden of proving that a patent is invalid by clear and convincing evidence, and the presumption of validity is appropriate information for the jury." *Texchem Advanced Prods. Inc. Sdn. Bhd. v. e.PAK Int'l Inc.*, 2014 WL 12589656, at *4 (C.D. Cal. June 11, 2014) (collecting cases).

**14.**     **MIL to Exclude Argument Regarding Undisclosed Theories of Infringement**

This motion should be denied because Samsung never identifies any specific infringement theory it seeks to exclude. *Gonzalez*, 2013 WL 1150003, at *1; *Wilson*, 2011 WL 2670199, at *1. As Samsung acknowledges, the Court granted Proxense leave to amend its infringement

contentions to include theories related to Samsung's "stub app" given Samsung's decision to wait until the last day of discovery to even disclose its "stub app" theory of non-infringement.[7]  Such ill-defined, overbroad requests without specificity are heavily disfavored and should be denied. *See, e.g.*, *SSL Servs., LLC v. Citrix Sys., Inc.*, 2012 WL 12906091, at *2 (E.D. Tex. May 24, 2012) (denying MIL to preclude expert from offering opinions "not disclosed in [] infringement contentions"); *Cybergym Res. LLC v. ICON Health & Fitness, Inc.*, 2007 WL 9724605, at *1–2 (E.D. Tex. Oct. 7, 2007) (denying MIL to preclude information outside scope of amended infringement contentions). Any renewed objections can be addressed at trial.

**15.**     **MIL to Exclude Evidence or Argument re Proxense's Standard-Essential Patents**

Proxense will not argue that the patents-in-suit are standard essential patents ("SEPs"). *See INVT SPE LLC v. ITC*, 46 F.4th 1361, 1377 (Fed. Cir. 2022) (a SEP is a "patent [that] covers every possible implementation of a standard"). However, the Court should deny this motion to the extent Samsung seeks to preclude any reference to the EMV "standard," or how Samsung Pay's compliance with the standard factors into the issue of infringement. Both parties' technical experts acknowledge EMV as an international standard, and each focuses heavily on Samsung Pay's compliance with EMV specifications as evidence of infringement. *See, e.g.*, Ex. 9 (Nielson Rebuttal Rep.) at ¶¶ 54–60; 71–76; 177); Ex. 10 (Rubin Rep.) at ¶¶ 168–69; 171; 176; 253; 255–61. For the same reason, Samsung's correspondence and representations to EMVCo as part of the application process for EMV approval are also relevant to infringement. *See* Dkt. 73 at ¶¶53–58; 68–79; 105, 123, 127, 144–50. Thus, the EMV "standard" and specifications are clearly probative, as is testimony on whether Samsung Pay met that standard, and such evidence should be allowed.

**16.**     **MIL to Exclude Statements Related to a Witness's Native or Chosen Language**

Proxense will not disparage any witness for choosing to testify in her chosen language. But

---

[7] Even after the Court's order, Samsung has continued to limit review of its "stub app" source code: Proxense's technical expert was still reviewing the "stub app" source code as of November 11, 2022, after Samsung made certain aspects available. Dkt. 132-6.

the Court should not preclude Proxense from asking neutral questions related to a witness's fluency of English, as that can factor into the witness's credibility. *Yan Zhao v. United States*, 273 F. Supp. 3d 372, 379 (W.D.N.Y. 2017) ("Plaintiff's lack of candor regarding her ability to speak English played a role in the Court's assessment of her credibility."). The Court should also deny this motion to the extent that Samsung seeks to preclude playback of videotaped depositions of its witnesses testifying in Korean if those same witnesses choose to testify in English at trial.

**17.**  **MIL to Exclude Argument re Samsung's Duty to Obtain an Opinion of Counsel**

Proxense does not intend to argue that Samsung had an affirmative duty to obtain an advice-of-counsel letter regarding Proxense's patents. But if Samsung opens the door—either by referencing any purported legal advice regarding the patents, or by noting how it did not have a duty to seek such advice—then Proxense should be allowed to respond. *See, e.g.*, *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008) ("It would be manifestly unfair to allow opinion-of-counsel evidence to serve an exculpatory function . . . and yet not permit patentees to identify failures to procure such advice as circumstantial evidence of intent to infringe."); *Hologic, Inc. v. Minerva Surgical, Inc.*, 2018 WL 3348998, at *2 (D. Del. July 9, 2018) ("The protection granted by 35 U.S.C. § 298 dissolves in the event defendants 'open the door' by attempting to refute a claim of willful infringement by implying that they relied on the advice of counsel.").

**18.**  **MIL to Exclude Evidence or Argument re** ███████████████████

This motion should be denied because Samsung represented in briefing that Samsung Pay had ███████████████████. Dkt. 121 at 9. Courts "can appropriately treat statements in briefs as binding judicial admissions of fact." *City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990); *Serafin v. Winco Foods, Inc.*, 2022 WL 504396, at *1 (N.D. Tex. Feb. 18, 2022). Samsung has failed to establish any prejudice that would befall it from Proxense presenting such evidence.

Dated:    December 5, 2022

Respectfully submitted,

/s/ David L. Hecht

David L. Hecht (**Lead Counsel**)
dhecht@hechtpartners.com
Maxim Price (pro hac vice)
mprice@hechtpartners.com
Conor B. McDonough (pro hac vice)
cmcdonough@hechtpartners.com
Yi Wen Wu (pro hac vice)
wwu@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 851-6821

Brian D. Melton
bmelton@susmangodfrey.com
Geoffrey L. Harrison
gharrison@susmangodfrey.com
Meng Xi
mxi@susmangodfrey.com
Bryce T. Barcelo
bbarcelo@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666

Lear Jiang
ljiang@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Counsel for Plaintiff Proxense, LLC*

16

## **CERTIFICATE OF SERVICE**

I certify that on December 5, 2022, this document properly was served on counsel of record via electronic filing and for documents under seal via email in accordance with the USDC, Western District of Texas Procedures for Electronic Filing:

/s/ David L. Hecht
David L. Hecht