**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| PROXENSE, LLC, | |
| Plaintiff, | Civil Action No.: 6:21-cv-00210-ADA |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | ▮▮▮▮▮▮▮▮▮▮ |
| Defendants. | PUBLIC VERSION |

**SAMSUNG'S RESPONSE TO PROXENSE'S MOTIONS *IN LIMINE***

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

### TABLE OF CONTENTS

**Page**

I.   MIL NO. 1: MIL TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO ANY UNELECTED PRIOR ART ................................................................. 1

II.  MIL NO. 2: MIL TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO ANY ALLEGED NON-INFRINGING ALTERNATIVE NOT DISCLOSED IN EXPERT REPORTS OR WERE NOT ACCEPTABLE OR AVAILABLE DURING THE RELEVANT PERIOD FOR DAMAGES CALCULATIONS ............... 1

III. MIL NO. 3: MIL TO EXCLUDE ARGUMENT OR EVIDENCE RELATED TO ANY EXPERT THEORIES OR OPINIONS THAT WERE NOT TIMELY DISCLOSED IN FINAL INVALIDITY CONTENTIONS ........................................... 3

IV.  MIL NO. 4: MIL TO EXCLUDE REFERENCES TO CLAIMS, PATENTS, DEFENSES, THEORIES THAT ARE NO LONGER AT ISSUE FOR TRIAL, INCLUDING CHARACTERIZATIONS OF LEGAL ARGUMENTS MADE IN ANY PRE-TRIAL MOTIONS ...................................................................... 3

V.   MIL NO. 5: MIL TO EXCLUDE REFERENCE TO THE RELATIVE IMPORTANCE OF CLAIM ELEMENTS; INCLUDING ANY STATEMENT THAT ANY SPECIFIC CLAIM ELEMENT IS MORE IMPORTANT THAN OTHERS ............................................................................................... 4

███   ███████████████████████████████████████

VII. MIL NO. 7: MIL TO EXCLUDE ANY REFERENCE THAT BECAUSE PROXENSE HAS NOT ACCUSED OR SUED A THIRD PARTY OF INFRINGING THE PATENTS-IN-SUIT, THAT THE ACCUSED PRODUCTS DO NOT INFRINGE OR THAT ANOTHER PARTY'S PRODUCTS ARE NON-INFRINGING ALTERNATIVES ...................................................... 6

VIII. MIL NO. 8: MIL TO EXCLUDE REFERENCES TO ANY OF SAMSUNG'S PATENTS; INCLUDING ANY STATEMENT IMPLYING THAT SAMSUNG'S PATENTS ALSO COVER THE ACCUSED PRODUCTS ..................... 7

IX.  MIL NO. 9: MIL TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO OTHER PATENTS AS A DEFENSE TO DAMAGES DUE TO "ROYALTY STACKING" .................................................................................. 8

X.   MIL NO. 10: MIL TO EXCLUDE EVIDENCE OR ARGUMENT THAT THE DAMAGES CLAIMED ARE UNPRECEDENTED OR OUTRAGEOUS .................... 9

XI.  MIL NO. 11: MIL TO EXCLUDE ANY ARGUMENT RELATING TO PROXENSE'S OTHER AGREEMENTS ..................................................... 9

XII. MIL NO. 12: MIL TO EXCLUDE REFERENCES TO SAMSUNG'S REPUTATION IN THE INDUSTRY, INNOVATION, OR PHILANTHROPY ........... 10

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

XIII.  MIL NO. 13: MIL TO EXCLUDE REFERENCES TO PRIOR JUDICIAL
       OPINIONS PERTAINING TO ANY OF PROXENSE'S EXPERT WITNESSES ........ 10

XIV.   MIL NO. 14: MIL TO EXCLUDE EVIDENCE OR ARGUMENT RELATED
       TO ANY SOURCE CODE OR SOURCE CODE VERSION THAT WAS NOT
       PRODUCED IN THIS LITIGATION .......................................................................... 11

XV.    MIL NO. 15: MIL TO EXCLUDE ANY EVIDENCE OR ARGUMENT
       RELATED TO THE POCKET VAULT SYSTEM, INCLUDING ANY
       ATTEMPTS TO INTRODUCE PHYSICAL EXHIBITS OF POCKET VAULT
       DEVICES ................................................................................................................ 11

XVI.   MIL NO. 16: MIL TO PRECLUDE SAMSUNG FROM ARGUING THAT THE
       PARTIES' NON-DISCLOSURE AGREEMENT PRECLUDES ANY CLAIM
       FOR WILLFUL INFRINGEMENT OR THAT PROXENSE CANNOT
       DISCUSS THE PARTIES' POST-NDA DISCUSSIONS ............................................ 13

XVII.  MIL NO. 17: MIL TO EXCLUDE REFERENCES TO THE PENDING EX
       PARTE REEXAMINATION OF THE PATENTS-IN-SUIT ...................................... 14

XVIII. MIL NO. 18: MIL TO EXCLUDE EVIDENCE OR ARGUMENT THAT A
       DAMAGES AWARD TO PROXENSE WOULD CAUSE A LOSS OF JOBS,
       INCREASE PRICES FOR PRODUCTS, OR CREATE OTHER ECONOMIC
       OR FINANCIAL CONSEQUENCES .......................................................................... 15

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Adv. Tech. Incubator, Inc. v. Sharp Corp.*,
   2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ................................................ 3

*Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*,
   No. CV 07-8108 FMO (SHX), 2014 WL 12586105 (C.D. Cal. Jan. 3, 2014) ........................ 10

*Alice Corp. Pty. Ltd. V. CLS Bank Inter.*,
   573 U.S. 208 (2014) ................................................ 4

*Am. Standard Inc. v. Pfizer Inc.*,
   722 F. Supp. 86 (D. Del. 1989) ................................................ 12

*Cedarapids, Inc. v. Crushers*,
   No. 3:02-1243, 2005 WL 6736078 (M.D. Tenn. Oct. 3, 2005) ................................................ 3

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   2016 WL 4718963 (E.D. Tex. July 12, 2016) ................................................ 15

*E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*,
   849 F.2d 1430 (Fed. Cir. 1988) ................................................ 12

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   No. 6:11-CV-00201-JRG, 2017 WL 2773944 (E.D. Tex. May 26, 2017) ................................................ 6

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) ................................................ 7

*EVM Sys., LLC v. Rex Med., L.P.*,
   No. 6:13-CV-184, 2015 WL 11089476 (E.D. Tex. June 10, 2015) ................................................ 11

*Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp., LLC*,
   879 F.3d 1332 (Fed. Cir. 2018) ................................................ 1

*EZ Dock, Inc. v. Shafer Sys. Inc.*,
   2003 WL 1610781 (D. Minn. Mar. 8, 2003) ................................................ 3

*Georgia-Pacific v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970) ................................................ 4

*Halliburton Energy Servs., Inc. v. M-I LLC*,
   514 F.3d 1244 (Fed. Cir. 2008) ................................................ 4

**HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

*Huawei Techs. Co. v. T-Mobile US., Inc.*,
   No. 2:16-CV-00052-JRG, 2017 WL 11638984 (E.D. Tex. Sept. 29, 2017) ........................... 15

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
   802 F.2d 1367 (Fed. Cir. 1986) ......................................................................................... 13

*Lucent Techs., Inc. v. Microsoft Corp.*,
   No. 07-CV-2000 H (CAB), 2011 WL 13100710 (S.D. Cal. Feb. 4, 2011) .............................. 2

*Mars, Inc. v. TruRX LLC*,
   2016 WL 4055675 (E.D. Tex. Apr. 29, 2016) ...................................................................... 15

*MV3 Partners LLC v. Roku, Inc.*,
   No. 6:18-cv-308-ADA, Dkt. 332 (W.D. Tex. Sept. 29, 2020) ..................................... 3, 10, 15

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
   2017 WL 4173467 (E.D. Tex. Sept. 21, 2017) ...................................................................... 9

*Ocasio v. Turner*,
   No. 2:13-CV-303-PRC, 2015 WL 13817409 (N.D. Ind. Sept. 15, 2015) ............................... 9

*Oracle Am., Inc. v. Google Inc.*,
   No. C 10–03561 WHA, 2012 WL 1189898 (N.D. Cal. Jan. 4, 2012) .................................... 15

*Osteotech, Inc. v. Regeneration Techs., Inc.*,
   No. CIVA306CV-04249-FLW, 2008 WL 4449564 (D.N.J. Sept. 25, 2008) ......................... 14

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*,
   No. 2:13–CV–213–JRG–RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) ..................... 4, 11

*Robotic Visions Sys., Inc. v. View Eng'g, Inc.*,
   999 F.Supp. 1325 (C.D. Cal. Nov. 6, 1997) ........................................................................ 13

*Rohm Hass Co. v. Brotech Corp.*,
   127 F.3d 1089 (Fed. Cir. 1997) ........................................................................................... 4

*Sandt Tech. Ltd. v. Resco Metal and  Plastics Corp.*,
   264 F.3d 1344 (Fed. Cir. 2001) .......................................................................................... 13

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*,
   No. 16-284-LPS, 2019 WL 77046 (D. Del. 2019) .................................................................. 7

*Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*,
   774 F.3d 968 (Fed. Cir. 2014) ............................................................................................ 13

*Uniloc v. Samsung Elecs.*,
   2:17-CV-00651, Dkt. 230 23:13- 24:3, Dkt. 208 (E.D. Tex. Apr. 10, 2019) ........................... 9

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

*Verdegaal Bros. v. Union Oil Co. of California*,
    814 F.2d 628 (Fed. Cir. 1987)............................................................................................. 4

*VLSI Tech. LLC v. Intel Corp.*,
    No. 21-cv-00057-ADA, Dkt. 508 (W.D. Tex. Feb. 19, 2021) ............................................ 1, 9

*Vringo, Inc. v. ZTE Corp.*,
    No. 14-CV-4988 LAK, 2015 WL 3498634 (S.D.N.Y. June 3, 2015) .................................... 14

*ZiiLabs Inc., v. Samsung Elecs Co.*,
    No. 2:14-cv-203-JRG-RSP, 2015 WL 6690403 (E.D. Tex. Nov. 2, 2015)............................. 2

## Federal Cases

Fed. R. Civ. P. 56(a)............................................................................................................. 12

Fed. R. Evid. 408................................................................................................................. 14

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

Proxense's MILs are overbroad, vague, and should be denied.

I.    **MIL NO. 1: MIL TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO ANY UNELECTED PRIOR ART[1]**

Proxense's vague and overly broad MIL should be denied.  Proxense asks for a blanket exclusion of "references to any alleged prior art" not included in the case-narrowing Order without considering potential alternative grounds as to why these references may be relevant.  Mot. at 1. Proxense's sole legal citation, *VLSI*, held that "Non-Elected Prior Art" was "[r]elevant to damages" and declined to decide "admissibility for other purposes" and instructed the parties to "ask and object to non-elected prior art or individual claim elements."  *VLSI Tech. LLC v. Intel Corp.*, No. 21-cv-00057-ADA, Dkt. 508 at 5 (W.D. Tex. Feb. 19, 2021); *see also Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1351 (Fed. Cir. 2018) (district court abused its discretion in excluding prior art evidence that "would have demonstrated that many of the benefits [the patentee] attributed to the [claimed device] were already present in the prior art").  Instead of allowing a blanket ban on unspecified evidence, this Court should, like in *VLSI*, hold that the evidence is relevant for damages and allow the parties to ask and object during trial if such references come up on a case-by-case basis.

II.   **MIL NO. 2: MIL TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO ANY ALLEGED NON-INFRINGING ALTERNATIVE NOT DISCLOSED IN EXPERT REPORTS OR WERE NOT ACCEPTABLE OR AVAILABLE DURING THE RELEVANT PERIOD FOR DAMAGES CALCULATIONS**

This MIL should be denied as an untimely and baseless *Daubert* masquerading as a MIL.

---

[1]  Proxense's own exhibit list contains at least four examples of Samsung's unelected prior art that Proxense seeks to exclude.  PXT-0752 (Berardi 226),  PXT-0753 (Shreve), PXT-757 (Robinson), PXT-771 (Kinoshita).  *See* Joint Pretrial Order ("JPO") Ex. A-2 (Proxense Exhibit List); *see also* Ex. 1 (Samsung's Prelim. Invalidity Contentions) at 4-5.

1

**HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

*First*, Proxense has already missed the *Daubert* motion deadline and failed to raise any issue with respect to Dr. Nielson's non-infringing alternative opinions. Dkt. 98; Order Governing Proceedings ("OGP") Version 4.2 at 9, n.8 (clarifying the scope of a *Daubert* motion).

*Second*, Dr. Nielson's report is replete with detailed analysis as to the availability and acceptability of each of the non-infringing alternatives. ███████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████ *see also* Ex. 7 (Nielson Rebuttal Rpt.) at ¶¶ 49, 335-346 (responding to Dr. Rubin's opinions about non-infringing alternatives). Mr. Bakewell then discusses the acceptability of these NIAs during the damages period in his analysis of the cost and income approaches. Ex. 3 (Bakewell Rpt.) at §§ 4.4-4.5. Proxense's complaints at best go to the weight, not admissibility, of these opinions.

*Third*, Proxense's cited authority does not support exclusion. In *Lucent*, the plaintiff sought to preclude testimony on non-infringing alternatives. *Lucent Techs., Inc. v. Microsoft Corp.*, No. 07-CV-2000 H (CAB), 2011 WL 13100710, at *2 (S.D. Cal. Feb. 4, 2011). The *Lucent* court did not grant this MIL in full—rather, the parties agreed that defendant's expert could testify as to non-infringing alternatives referenced in his declaration. *Id.* at *3. Further, in *ZiiLabs*, only four of six paragraphs related to non-infringing alternatives were stricken because they appeared *for the first time* in the defendants' *rebuttal* expert report. *ZiiLabs Inc., v. Samsung Elecs Co.*, No. 2:14-cv-203-JRG-RSP, 2015 WL 6690403, at *2-*3 (E.D. Tex. Nov. 2, 2015). Indeed, the *ZiiLabs* court suggested the prejudice to plaintiff could have been avoided if the alternatives were disclosed in the opening report. Here, Samsung's expert Dr. Nielson opines on these non-infringing alternatives in his timely-served opening report, and all of these alternatives were

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

already disclosed to Proxense long before that.  Ex. 4 (Samsung's First Supplemental Response to Interrog. No. 6 [August 8, 2022]); Ex. 4 (Samsung's Response [July 8, 2022] and First Supplemental Response to Interrog. No. 14 [August 8, 2022]).

## III.   MIL NO. 3: MIL TO EXCLUDE ARGUMENT OR EVIDENCE RELATED TO ANY EXPERT THEORIES OR OPINIONS THAT WERE NOT TIMELY DISCLOSED IN FINAL INVALIDITY CONTENTIONS

Proxense merely rehashes its summary judgment motion.  Dkt. 98.  As explained in Samsung's opposition, Samsung has already put Proxense on sufficient notice and there was no prejudice to Proxense, Dkt. 105 at 8-10, so Proxense's cited cases are inapposite, and this motion should be denied.

## IV.   MIL NO. 4: MIL TO EXCLUDE REFERENCES TO CLAIMS, PATENTS, DEFENSES, THEORIES THAT ARE NO LONGER AT ISSUE FOR TRIAL, INCLUDING CHARACTERIZATIONS OF LEGAL ARGUMENTS MADE IN ANY PRE-TRIAL MOTIONS

Proxense's motion is unsupported by the case law and overly broad.  As such, it should be denied.  Courts do not summarily grant this motion, typically instead taking it under advisement depending on what evidence is affected.  *See, e.g.*, *Cedarapids, Inc. v. Crushers*, No. 3:02-1243, 2005 WL 6736078, at *1 (M.D. Tenn. Oct. 3, 2005) (taking the motion under advisement).

Proxense's cited case law stands only for precluding discussion that dropped claims were dropped.  *See Adv. Tech. Incubator, Inc. v. Sharp Corp.*, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) (precluding **only** discussion of withdrawn claims); *EZ Dock, Inc. v. Shafer Sys. Inc.*, 2003 WL 1610781, at *13 (D. Minn. Mar. 8, 2003) (same); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-308-ADA, Dkt. 332 at 4 (W.D. Tex. Sept. 29, 2020) (same).  **First,** these cases only excluded the fact that a claim was dropped, as opposed to the claims, patents, defenses, theories, or characterizations of legal arguments, which is the full extent of the MIL Proxense seeks.  **Second**, in this case, the cited cases are inapposite, since the dropped patents may be relevant to

3

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

issues in this case, such as Proxense's willful infringement allegations. For instance, the ███████ ████ on which Proxense hinges its willfulness allegations discusses one of the dropped patents. Dkt. 73-1. To the extent any dropped patents or claims are relevant to other allegations in this case, this MIL should be denied. As for the portion of this MIL which seeks to "preclude[] [a party] from attempting to characterize any statements Proxense has made during motion practice in this case" (Mot. at 3), such an exclusion is vague and unclear, and should be denied on that basis.

## V.    MIL NO. 5: MIL TO EXCLUDE REFERENCE TO THE RELATIVE IMPORTANCE OF CLAIM ELEMENTS; INCLUDING ANY STATEMENT THAT ANY SPECIFIC CLAIM ELEMENT IS MORE IMPORTANT THAN OTHERS

Proxense's blanket request to preclude all statements or testimony that *might even imply* the importance of a particular claim element of an asserted patent compared to another claim element is contrary to law and should be denied. *See Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008) (suggesting some claim elements "recite[] what has already been seen" while others go to the "exact point of novelty") (citation omitted). Samsung should be allowed to discuss the limitations of the asserted patents on an element-by-element basis and hone in on certain elements, which is expected for many issues, including: infringement, *Rohm Hass Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997); novelty, *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631 (Fed. Cir. 1987); patent-eligibility, *Alice Corp. Pty. Ltd. V. CLS Bank Inter.*, 573 U.S. 208, 217-18 (2014); and damages, *Georgia-Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).[2]

---

[2]   Proxense's cited authority is inapposite and disconnected from its request—Proxense fails to explain why a totality-of-elements consideration in some limited circumstances should wholly bar reference to claim elements relative to other claim elements. Proxense's concerns, if any, can be addressed in the jury instructions. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, No. 2:13–CV–213–JRG–RSP, 2015 WL 627430, at *3 (E.D. Tex. Jan. 31, 2015).

**HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

**VI.** ██████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████ ██████████████████████████████████

████████████████████████████████████████████████

---

[3]  Proxense's hearsay concerns are misplaced, as Samsung does not intend to offer these facts for truth of the matter asserted.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████   ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

**VII.    MIL NO. 7: MIL TO EXCLUDE ANY REFERENCE THAT BECAUSE PROXENSE HAS NOT ACCUSED OR SUED A THIRD PARTY OF INFRINGING THE PATENTS-IN-SUIT, THAT THE ACCUSED PRODUCTS DO NOT INFRINGE OR THAT ANOTHER PARTY'S PRODUCTS ARE NON-INFRINGING ALTERNATIVES**

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Rather than file a *Daubert* motion, Proxense seeks to preclude Samsung from arguing that the mere fact Proxense has not accused or sued Apple, Google, or another third party for infringement means these products are non-infringing. ████████████████████████████████

████████████████████████████████████████████████████

████████████████ Dr. Nielsen should be allowed to present the opinions disclosed in the four-corners of his reports, and Proxense should not be permitted to chip away at the scope of those opinions through vague and ambiguous MILs.  Further, the fact that Proxense has not sued any of

---

[4]  Proxense's cited cases are inapposite, as in neither case were the non-infringing alternatives disclosed in defendants' expert reports.  Mot. at 6.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

these third parties is at least probative of whether Proxense believes such products infringe. The jury should be able to hear all of relevant information to determine whether Samsung has proven these other products are non-infringing, or if Proxense has proven that such products infringe.

Finally, the Court should not construe Proxense's MIL No. 7 to be any broader—the Court should not preclude Samsung from offering evidence and expert testimony explaining how applications like Google Pay are non-infringing alternatives.

## VIII.  MIL NO. 8: MIL TO EXCLUDE REFERENCES TO ANY OF SAMSUNG'S PATENTS; INCLUDING ANY STATEMENT IMPLYING THAT SAMSUNG'S PATENTS ALSO COVER THE ACCUSED PRODUCTS

Proxense's motion mischaracterizes Samsung's evidence—Samsung does not intend to assert that Samsung's or a third-party's patent that covers Samsung Pay as a general defense to infringement, and Samsung should be allowed to reference the existence of such other patents for other purposes, such as damages, apportionment, and willfulness. *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. 16-284-LPS, 2019 WL 77046, *1 (D. Del. 2019) (denying blanket exclusion of evidence of defendant's patents because "there may well be proper purposes for introducing evidence of the existence of [defendant's] patents").

Proxense writes that this MIL does not cover ███████████████████████ ███████████████████████████████████████████████ yet Samsung's damages expert considers additional patent licenses in his market approach analysis, as does Samsung's technical expert. *See* Exs. 3 (Bakewell Rpt.) at § 4.3, 2 (Nielsen Rpt.) at § XIII. These properly-disclosed expert opinions regarding comparable licenses, which form the market approach analysis portion of Samsung's damages theory—which were not subject to any *Daubert* motion—should not be excluded based on this MIL.

Further, the existence of other patents are relevant to the issue of apportionment. *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014); Ex. 3 (Bakewell Rpt.) at ¶ 291

(relying on fact testimony that ████████████████████████████████

████████ to support his opinion as to apportionment under *Georgia Pacific* factor 13).   For

example, Samsung's own patents, reflecting its own contributions to the accused products, may be

relevant to apportionment and also to certain willfulness considerations, such as "[w]hether or not

Samsung intentionally copied a product of Proxense that is covered by the '730 patent, the '905

patent, or the '989 patent" or "[w]hether or not Samsung reasonably believed it did not infringe."

*See, e.g.*, Ex. E-1 at § 2.25 (Samsung's proposed jury instructions for willfulness).

Consequently, this MIL should be denied to the extent that any Samsung's own patents or

third-party patents are relevant to issues in this case and were timely disclosed.   Ex. 8 (Samsung's

Response to Interrog. No. 20 [Aug. 8, 2022]) (identifying Samsung's patents and patent

applications related to Samsung Pay in a damages-related interrogatory); Ex. 3 (Bakewell Rpt.) at

¶ 284 (relying on this Interrogatory in his discussion of apportionment under *GP* factor 13).

## IX.   MIL NO. 9: MIL TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO OTHER PATENTS AS A DEFENSE TO DAMAGES DUE TO "ROYALTY STACKING"

This Court should deny this MIL because it is an improper and belated *Daubert* motion

under the OGP and is vague insofar as it is not clear exactly what evidence or argument Proxense

seeks to exclude.   What is clear is that Mr. Bakewell (Samsung's damages expert) should be

permitted to discuss the full scope of opinions properly disclosed in his reports.   His opinions

were not challenged in a *Daubert* motion, and any such challenges are untimely per the OGP.

While he does not address royalty stacking directly, he covers related concepts.   Ex. 3 (Bakewell

Rpt.) ¶¶ 196, n. 380, *see generally* § 5.12.   Proxense contends that his analysis is not reasoned,

but did not file a *Daubert* motion.   Mot. at 12.   In *Uniloc v. Samsung Elecs.*, the court denied in

part a MIL to preclude a damages expert from testifying on royalty stacking where the opposing

party failed to file a *Daubert* motion.   *Uniloc v. Samsung Elecs.*, 2:17-CV-00651, Dkt. 230 at

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

23:13-24:3, Dkt. 208 at 5 (E.D. Tex. Apr. 10, 2019).  The Court stated that the testimony was better dealt with on cross-examination, and permitted discussion of royalty stacking as long it was not used pejoratively and was within the expert's report.  *Id.*[5]  This Court should similarly permit Mr. Bakewell to testify to opinions within the scope of his report.

## X.   MIL NO. 10: MIL TO EXCLUDE EVIDENCE OR ARGUMENT THAT THE DAMAGES CLAIMED ARE UNPRECEDENTED OR OUTRAGEOUS

This MIL should be denied at least based on vagueness, as it is not clear what Proxense seeks to exclude.  Mr. Bakewell clearly opines that Proxense's damages expert, "Dr. Vanderhart's royalty damages estimates are unsound and result in inflated conclusions" and that "Dr. Vanderhart's conclusions fail many tests of external validity and reasonableness." Ex. 3 (Bakewell Rpt.) at ¶ 310.  Proxense—which, again, did not file a *Daubert* motion against Mr. Bakewell— should not be permitted to use this MIL to exclude his properly disclosed opinions.  Furthermore, Samsung should be allowed to "reasonably challenge the amount of damages asked by Plaintiff." *Ocasio v. Turner*, No. 2:13-CV-303-PRC, 2015 WL 13817409, at *1 (N.D. Ind. Sept. 15, 2015). Proxense's MIL should be denied to the extent it seeks to exclude such arguments.

## XI.   MIL NO. 11: MIL TO EXCLUDE ANY ARGUMENT RELATING TO PROXENSE'S OTHER AGREEMENTS

This Court has already ordered, per the parties' agreement, that "No party shall introduce any evidence, testimony, or argument that references Proxense's license agreements or settlement licenses related to patents that are not the patents-in-suit." Dkt. 133 at 1 (Agreed MIL 3).  It is

---

[5]   Proxense's cited cases are all distinguishable.  In none of them did the Court grant a MIL to preclude an expert's testimony regarding royalty stacking that was included in his report and not stricken.  *See Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492, 2017 WL 4173467, at *3 (E.D. Tex. Sept. 21, 2017); *VLSI Tech. LLC v. Intel Corp.*, No. 21-cv-00057-ADA, Dkt. 508 at 2.  In the alternative, the Court should, as in *VLSI*, permit the parties to revisit this issue if the door is opened.  *Id.*

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

thus not clear what this MIL will accomplish.  To the extent that Proxense seeks to include

evidence which is relied upon by Samsung's experts, this MIL should be denied.

## XII.   MIL NO. 12: MIL TO EXCLUDE REFERENCES TO SAMSUNG'S REPUTATION IN THE INDUSTRY, INNOVATION, OR PHILANTHROPY

A company's reputation in the industry can be relevant to damages, specifically

hypothetical negotiations and royalties.  *See Alfred E. Mann Found. for Sci. Rsch. v. Cochlear

Corp.*, No. CV 07-8108 FMO (SHX), 2014 WL 12586105, at *12 (C.D. Cal. Jan. 3, 2014).

Additionally, evidence "referencing Samsung's supposed reputation in the industry for

innovation," which Proxense seeks to exclude, is relevant to issues of apportionment and also to

several willfulness considerations, such as  "[w]hether or not Samsung intentionally copied a

product of Proxense that is covered by the '730 patent, the '905 patent, or the '989 patent."  *See

e.g.*, Ex. E-1 at § 2.25 [Proposed Jury Instruction] (Samsung's proposed jury instructions for

willfulness).  Additionally, this issue is relevant to apportionment under *Georgia-Pacific* factor

13, such as Mr. Bakewell's timely disclosed and unchallenged opinions Samsung's innovation is

among the "host of factors unrelated to the claims of the patents-in-suit that contribute to the

popularity of Samsung Pay and demand for the accused products," including concrete examples

of how that innovation contributed to consumer demand.  Ex. 3 (Bakewell Rpt) at ¶¶ 278-285.

## XIII.   MIL NO. 13: MIL TO EXCLUDE REFERENCES TO PRIOR JUDICIAL OPINIONS PERTAINING TO ANY OF PROXENSE'S EXPERT WITNESSES

Proxense's MIL is vague and overreaching.  Samsung should not be subject to a blanket

exclusion of any adverse rulings that may have been issued in other matters against any of

Proxense's experts, as such adverse rulings may be relevant for impeachment.  In all three of

Proxense's cited cases, the court did not order blanket bans.  *MV3 Partners*, No. 6:18-cv-00308-

ADA, Dkt. 332 at 3 (Roku could make arguments with the court's prior approval); *EVM Sys., LLC

v. Rex Med., L.P.*, No. 6:13-CV-184, 2015 WL 11089476, at *2 (E.D. Tex. June 10, 2015)

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

("[s]ubject to reconsideration on the witness opening the door"); *Rembrandt Wireless*, No. 2:13-cv-213-JRG-RSP, Dkt. 248 at 4 (qualifying discussion and further limited what plaintiffs could discuss).  Proxense's motion should be denied.

## XIV.   MIL NO. 14: MIL TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO ANY SOURCE CODE OR SOURCE CODE VERSION THAT WAS NOT PRODUCED IN THIS LITIGATION

Proxense's MIL should be denied.  After rehashing discovery disputes that were either resolved or abandoned by Proxense, Proxense broadly and vaguely asserts that "Samsung should be precluded from making any argument regarding any differences between versions of source code or models of accused devices."  Mot. at 11.  As Proxense knows and concedes, there is a substantial dispute in the case regarding the fully-preloaded Samsung Pay application and the "stub app," and Samsung's experts offered extensive non-infringement and damages-related arguments on those issues, none of which was challenged at *Daubert*.[6]  To the extent Proxense seeks to exclude any argument reflected in Samsung's expert reports or contentions, this MIL should be denied.  To the extent Proxense is concerned about hypothetical arguments that Samsung's experts might make, that is best addressed by agreed MIL 11.  *See* Dkt. 133 at 2.

## XV.    MIL NO. 15: MIL TO EXCLUDE ANY EVIDENCE OR ARGUMENT RELATED TO THE POCKET VAULT SYSTEM, INCLUDING ANY ATTEMPTS TO INTRODUCE PHYSICAL EXHIBITS OF POCKET VAULT DEVICES

Proxense's MIL No. 15 reflects a clear misunderstanding of the law and a baseless attempt to strike Samsung's prior art defenses after the deadlines for *Daubert* and summary judgment.

***First***, Proxense misstates the law, citing to AIA § 102 rather than pre-AIA § 102.  Mot. at 12; *but see* Ex. 9 (Rubin Opening Rpt.) at ¶¶ 48-50 (claiming an effective filing date of December

---

[6]  To be clear, Samsung produced one version of the Samsung Pay source code and also produced five different versions of the stub app source code.

**HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

20, 2004 for each of the asserted patents); Ex. 10 (Rubin Rebuttal Rpt.) at ¶ 44 (citing only pre-AIA § 102 in his analysis).  Pre-AIA section 102 provides that a patent may be anticipated if "before [patentee's] invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2).  Confidential documents can indeed be relevant to § 102(g)(2), and they are here for the reasons explained in Dr. Nielson's reports. Ex. 2 (Nielson Opening Rpt.) at ¶¶ 115-116 (identifying the Pocket Vault system as prior art under at least § 102(g)); *see also id.* at ¶¶ 301-424, 531-631, 1178-1241, 1293-1343, 1705-1841, 1959-2076.  Section 102(g)(2) does not prohibit confidential evidence used to prove prior invention.  *See Am. Standard Inc. v. Pfizer Inc.*, 722 F. Supp. 86, 113 (D. Del. 1989).

*Second*, this MIL should be denied as an untimely and baseless motion for summary judgment disguised as a MIL.  In effect, Proxense here moves for summary judgment that the Pocket Vault fails to qualify as prior art under § 102.  Not only does Proxense fail to cite and satisfy the summary judgment standard under Fed. R. Civ. P. 56(a), it also fails to apply the correct substantive law as mentioned above.

*Third*, Proxense's insistence that Samsung combine two prior art references into one makes no sense and is contrary to the law, which provides several ways for a given reference to qualify as prior art.  Proxense cites to no authority that prior art references that derive from the same or similar sources must be asserted as only a single piece of prior art—indeed, the opposite is true. *See Robotic Visions Sys., Inc. v. View Eng'g, Inc.*, 999 F.Supp. 1325, 1329-30 (C.D. Cal. Nov. 6, 1997) ("The same facts which tend to show 'invention by another' (invalidating a patent under § 102(g)) may also demonstrate 'know[ledge] or use by others' under § 102(a) or 'public use' under § 102(b)."); *see also Sandt Tech. Ltd. v. Resco Metal and Plastics Corp.*, 264 F.3d 1344, 1351-52 (Fed. Cir. 2001) (a patent application was found to be corroborating evidence to inventor testimony

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

as to prior art status under § 102(g)(2)).  Samsung can separately assert the Burger patent application as a § 102(a) or § 102(b) reference, and the Pocket Vault invention as a § 102(g)(2) reference.  The jury will not be "undoubtedly [] confused" by this separation.

*Fourth*, the Court should not exclude physical exhibits of Pocket Vault devices.  The physical exhibits, as well as the confidential Pocket Vault documents, are evidence of invention by another in the U.S. such that Proxense's asserted patents are anticipated. *See, e.g.*, *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, 774 F.3d 968, 975 (Fed. Cir. 2014) (detailed drawings, physical embodiments, and corroborated testimony were admissible); *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1378 (Fed. Cir. 1986) (lab notebooks were admissible).  To preclude Samsung from referencing and showing these exhibits would inappropriately and unduly hamper Samsung's ability to prove invalidity under § 102(g)(2).

## XVI.  MIL NO. 16: MIL TO PRECLUDE SAMSUNG FROM ARGUING THAT THE PARTIES' NON-DISCLOSURE AGREEMENT PRECLUDES ANY CLAIM FOR WILLFUL INFRINGEMENT OR THAT PROXENSE CANNOT DISCUSS THE PARTIES' POST-NDA DISCUSSIONS

Proxense misstates the terms of the parties' NDA in arguing for its position.  The Court should grant Samsung's MIL No. 1 in lieu of this one. ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████  █  ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████.  Proxense should not be allowed to avoid this provision

────────────────────────

█ ████████████████████████████████████████████

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

by arguing that it should be permitted to present post-NDA communications if "Samsung opens the door." Mot. at 14. Because Proxense has alleged willful infringement, Samsung has the right to use information exchanged pursuant to the NDA, and any communications related thereto, to defend against such allegations. The terms of the valid, binding NDA should be enforced. *See Osteotech, Inc. v. Regeneration Techs., Inc.*, No. CIVA306CV-04249-FLW, 2008 WL 4449564, at \*5 (D.N.J. Sept. 25, 2008); *see also Vringo, Inc. v. ZTE Corp.*, No. 14-CV-4988 LAK, 2015 WL 3498634, at \*5 (S.D.N.Y. June 3, 2015). In light of █████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████.

## XVII.  MIL NO. 17: MIL TO EXCLUDE REFERENCES TO THE PENDING EX PARTE REEXAMINATION OF THE PATENTS-IN-SUIT

Proxense's MIL No. 17 is entangled with Samsung's MIL No. 5 (Dkt. 126 at 5), in which Samsung moved the Court to exclude any reference to the PTAB decisions not to institute IPR proceedings against the asserted patents. Here, even though Proxense similarly asks the Court to exclude references to non-final PTO proceedings (and particularly the currently pending EPRs), it turns around and self-servingly asks the Court to carve out an exception as to the IPR proceedings. But Proxense should not be allowed to have it both ways. If Proxense insists on a carveout to be allowed to refer to the IPR institution *denials*, then reference to the EPR institution *grants* should also be allowed. Proxense's cited authority to support its one-sided request is immaterial. *Huawei Techs. Co. v. T-Mobile US., Inc.*, No. 2:16-CV-00052-JRG, 2017 WL 11638984, at \*1 (E.D. Tex. Sept. 29, 2017) (granted by reciprocal agreement). Proxense's MIL No. 17 and Samsung's MIL No. 5 should rise and fall together.[8]

---

[8]  Further, if the Court grants Proxense's MIL No. 17 and excludes reference to the pending EPRs, the Court should also grant Samsung's MIL No. 13 (to exclude argument regarding the presumption of validity), because "it would be misleading to instruct the jury on the presumption

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

## XVIII. MIL NO. 18: MIL TO EXCLUDE EVIDENCE OR ARGUMENT THAT A DAMAGES AWARD TO PROXENSE WOULD CAUSE A LOSS OF JOBS, INCREASE PRICES FOR PRODUCTS, OR CREATE OTHER ECONOMIC OR FINANCIAL CONSEQUENCES

Proxense's motion to exclude all "economic or financial consequences" is overreaching and unsupported by the case law. The effect on the company can be relevant to damages, specifically hypothetical negotiations and royalties.[9] *Mars, Inc. v. TruRX LLC*, No. 6:13-cv-526, 2016 WL 4055675, at *2 (E.D. Tex. Apr. 29, 2016) (allowing "testimony suggesting that a damages award in this case (or damages awards generally) may drive up the price of products, put companies out of business, or cause jobs to be lost" if it relates to the "hypothetical negotiation regarding whether a particular royalty rate would have allowed Defendants to remain profitable"). Proxense's motion should be denied, and this matter should be reserved for appropriate objections at trial.

---

of validity while ***concealing from the jury the fact that the rationale for the presumption—PTO examiner expertise—has been drawn into question*** by more recent examiner rejections based in part on prior art previously not disclosed to the PTO." *Oracle Am., Inc. v. Google Inc.*, No. C 10–03561 WHA, 2012 WL 1189898, at *3 (N.D. Cal. Jan. 4, 2012) (emphasis added).

[9]  Proxense's cited cases do not support blanket bans of evidence economic and financial evidence when it relates to damages. *See, e.g., Mars, Inc. v. TruRX LLC*, No. 6:13-cv-526, 2016 WL 4055675, at *2 (E.D. Tex. Apr. 29, 2016); *MV3 Partners*, No. 6:18-cv-00308-ADA, Dkt. 332 at 2 (allowing argument if Roku "notif[ied] the court in advance"); *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.*, No. 2:14-cv-911, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) (limiting only evidence of a "higher costs to the consumer").

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

Dated:  December 5, 2022

*/s/ Victoria F. Maroulis*
Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
victoriamaroulis@quinnemanuel.com
Mark Tung
marktung@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sean Pak
seanpak@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin Hardy
kevinhardy@quinnemanuel.com
Marissa Ducca
marissaducca@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

Scott L. Watson
scottwatson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

**HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on December 5, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

Dated:  December 5, 2022          */s/ Victoria F. Maroulis*
                                 Victoria F. Maroulis

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), Samsung certifies that counsel has complied with the meet and confer requirement of the Local Rules.  Proxense opposes the foregoing motions.

Dated:  December 5, 2022          */s/ Victoria F. Maroulis*
                                 Victoria F. Maroulis