

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Case Nos. 6:21-cv-00210-ADA<br><br>JURY TRIAL DEMANDED |

## SAMSUNG'S PRELIMINARY INVALIDITY CONTENTIONS

**I.     INTRODUCTION**

Defendant Samsung Electronics, Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") provides these Preliminary Invalidity Contentions to Plaintiff Proxense, LLC ("Proxense") for the following patents (collectively, "Asserted Patents" or "Patents-in-Suit" ) and claims (collectively, "Asserted Claims") identified as asserted in Plaintiff's Disclosure of Preliminary Infringement Contentions served on July 1, 2021 ("Infringement Contentions"):

- U.S. Patent No. 8,352,730 ("the '730 Patent"), claims 1-2, 5-6, 8, and 9 ("the '730 Asserted Claims");

- U.S. Patent No. 9,298,905 ("the '905 Patent"), claims 1, 4-5, 7, 9, 10, and 12 ("the '905 Asserted Claims");

- U.S. Patent No. 10,698,989 ("the '989 Patent"), claims 1-6 ("the '989 Asserted Claims");

- U.S. Patent No. 9,049,188 ("the '188 Patent"), claims 1, 3-10, and 13-16 ("the '188 Asserted Claims");

- U.S. Patent No. 9,235,700 ("the '700 Patent"), claims 1, 3, 5-9, 11, 15-17, and 19 ("the '700 Asserted Claims");

Samsung addresses the invalidity of the Asserted Claims and concludes with a description of their document production and identification of additional reservations and explanations.

## II. PRIORITY DATE OF THE ASSERTED PATENTS AND CLAIMS

Proxense asserts that the '730 Patent, the '905 Patent, and the '989 Patent are entitled to a priority date of December 20, 2004 and the '188 Patent, and the '700 Patent are entitled to a priority date of December 6, 2007 in its July 1, 2021 Infringement Contentions.

It is Proxense's burden to show entitlement to its asserted priority dates, and Samsung asserts that Proxense has failed to meet that burden. For example, Proxense has failed to show that any of the Asserted Claims are entitled to a priority date earlier than the filing of the applications that issued as the asserted patents. Proxense therefore has not demonstrated that the patents are entitled to the dates of the provisional applications. Nevertheless, Samsung has focused on prior art that predates the claimed priority dates. But, Samsung reserves the right to amend its invalidity contentions with additional prior art and/or with additional charts of the art if Proxense changes its position and alleges earlier or later priority dates. In addition, Proxense has not identified the date of conception for the patents-in-suit. In particular, on August 18, 2021, and has expressly stated that after a reasonable search, no such documents exist, Proxense expressly conceded that it "will only rely on the documents included with the provisional patent applications in terms of conception and reduction to practice evidence." Samsung therefore also reserves its right to amend its Invalidity Contentions if Proxense is permitted to allege earlier dates of conception for the patents-in-suit, or if Proxense does not meet its burden to prove the priority dates it asserts.

## III. PRIOR ART REFERENCES

Samsung identifies the following prior art now known to Samsung to anticipate or render obvious the Asserted Claims under at least 35 U.S.C. §§ 102(a), (b), (e), and/or (g), either expressly or inherently as understood by a POSITA, and/or rendered obvious under 35 U.S.C. § 103, either alone or in combination. At this time, Samsung contends that the following prior art references

2

described below anticipate or render obvious, either alone or in combination, one or more of the Asserted Claims of '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, and/or the '700 Patent. These prior art references also provide a description of the level of skill in the art and provide background information showing the knowledge of a person of skill in the art. Samsung reserves the right to rely on these references for those purposes.

Samsung additionally incorporates by reference all prior art references cited on the face of the '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, the '700 Patent, related patents, and all foreign counterparts. Samsung further incorporates by reference all prior art references identified in the file history of the same. Samsung reserves the right to rely upon foreign counterparts of the U.S. Patents identified in these invalidity contentions, U.S. counterparts of foreign patents and foreign patent applications identified in these invalidity contentions, U.S. and foreign patents and patent applications corresponding to articles and publications identified in these invalidity contentions, and any systems, products, or prior inventions related to any references identified in these invalidity contentions.

In these invalidity contentions, including the exhibits, any citation to a printed publication or other reference describing a prior art system should also be construed to include a reference to the prior art system itself.

A.   **Prior Art Patents, Publications, and Systems**

| Prior Art | Date of Issue or Publication | Effective Filing Date |
|---|---|---|
| U.S. Patent No. 6,353,889 B1 to Hollingshead et al ("Hollingshead") | March 5, 2002 | May 13, 1998 |
| U.S. Patent No. 8,548,927 B2 to Beenau et al ("Beenau") | October 1, 2013 | July 10, 2001 |
| U.S. Patent No. 6,819,219 B1 to Bolle et al ("Bolle") | November 16, 2004 | October 13, 2000 |

| | | |
|---|---|---|
| U.S. Patent Application No. 2003/0120934 A1 to Ortiz ("Ortiz") | September 7, 2010 | January 10, 2001 |
| U.S. Patent Application No. 2004/0044627 A1 to Russell et al ("Russell") | March 4, 2004 | November 30, 1999 |
| U.S. Patent Application No. 2001/0000535 A1 to Lasley et al ("Lapsley") | September 27, 2005 | November 28, 1994 |
| U.S. Patent Application No. 2003/0177102 A1 to Robinson et al ("Robinson") | September 18, 2003 | September 21, 2001 |
| U.S. Patent Application No. 2004/0153649 A1 to Rhoads et al ("Rhoads") | August 3, 2010 | July 27, 1995 |
| US Patent Application No. US 2002/0109580 to Shreve et al. ("Shreve") | August 15, 2002 | February 15, 2001 |
| U.S. Patent Application No. 2003/0055792 A1 to Kinoshita et al ("Kinoshita") | March 20, 2003 | July 23, 2001 |
| U.S. Patent Application No. 2007/0245157 A1 to Giobbi et al ("Giobbi '157") | October 18, 2007 | November 30, 2005 |
| U.S. Patent Application No. 2004/0255139 A1 to Giobbi ("Giobbi '139") | December 4, 2007 | December 27, 2000 |
| European Patent Office Patent No. 1,536,306 A1 to Buer et al ("Buer I") | June 1, 2005 | September 30, 2003 |
| European Patent Office Patent No. 2,797,020 A3 to Buer et al ("Buer II") | December 3, 2014 | September 30, 2003 |
| European Patent Office Patent No. 3,023,899 B1 to Buer et al ("Buer III") | September 16, 2020 | September 30, 2003 |
| U.S. Patent Application No. 2008/0100414 A1 to Diab et al ("Diab I") | May 1, 2008 | October 30, 2006 |
| U.S. Patent No. 8,395,478 B2 to Diab et al ("Diab II") | March 12, 2003 | October 30, 2006 |
| U.S. Patent Application No. 2009/ 0215385 A1 to Water et al ("Waters I") | August 27, 2009 | February 15, 2005 |
| U.S. Patent No. 8,594,563 B2 to Waters et al ("Waters II") | November 26, 2013 | February 15, 2005 |

4

| | | |
|---|---|---|
| U.S. Patent Application No. 2010/0049987 A1 to Ettore et al ("Ettore I") | February 25, 2010 | December 19, 2006 |
| U.S. Patent No. 8,955,083 B2 to Ettore et al ("Ettore") | February 10, 2015 | December 19, 2006 |
| U.S. Patent Application No. 2005/0269401 A1 to Spitzer et al ("Spitzer") | December 8, 2005 | June 3, 2004 |
| U.S. Patent No. 9,042,819 B2 ("Dua") | January 15, 2015 | May 12, 2005 |
| U.S. Patent No. 6,219,439 B1 ("Burger") | April 17, 2001 | July 9, 1998 |
| US Patent No. US 7,239,226 ("Berardi") | July 3, 2007 | July 9, 2002 |
| PCT Application No. WO 99/56429 to Scott et al. ("Scott") | November 4, 1999 | April 26, 1999 |
| iCLASS TWKLB575 bioCLASS Biometric Keypad Smart card Reader | -- | -- |
| Pocket Vault System ("Pocket Vault") | -- | -- |
| IBM's Secure PDA --CDL Paron MPC | -- | -- |

Samsung additionally identifies and relies on patent or publication references that describe or are otherwise related to the prior art systems identified below. Samsung's investigation into prior art patent and publication references is ongoing, and Samsung reserves the right to identify and rely on additional patent or publication references that are identified through further investigation or discovery. Samsung reserves the right to supplement as further prior art is identified through investigation or discovery.

B.   **Prior Art Systems and Products**

Samsung also contends that the Asserted Claims of the '730 patent, the '905 Patent, the '989 Patent, the '188 Patent, and the '700 Patent are invalid based on public knowledge and uses and/or offers for sale or sales of products and services that are prior art under 35 U.S.C. § 102(a) and/or (b); and/or prior inventions made in the United States by other inventors who had not

5

abandoned, suppressed, or concealed them under 35 U.S.C. § 102(g), and that anticipate or render obvious under 35 U.S.C. § 103 the Asserted Claims.

For example, systems and products developed by encryption and/or security concerned companies such as IBM, Broadcom, and Pocket Vault may constitute prior art. However, discovery in this case does not open until December 17, 2021 – the day after the claim construction hearing – and thus Samsung has not had the opportunity to conduct third-party discovery from companies and sources that may have relevant prior art. Samsung reserves the right to conduct such discovery and supplement its invalidity contentions to include any prior art systems and products that render the asserted claims invalid. Samsung may use physical samples, executable software, or source code as evidence of the relevant functionality of these prior art products or services. Samsung will make available for inspection any physical samples of products, systems, or software listed above, and/or any source code therefor, that it has in its possession or that becomes available in the future during discovery.

## IV.     INVALIDITY UNDER 35 U.S.C. §102 AND §103

At this time, Samsung contends that at least each of the prior art references described and charted in Exhibits 730-A-R anticipates or renders obvious, either alone or in combination, one or more of the asserted claims of the '730 patent.

Likewise, Samsung contends that at least each of the prior art references described and charted in Exhibits 905-A-R anticipates or renders obvious, either alone or in combination, one or more of the asserted claims of the '905 Patent.

Likewise, Samsung contends that at least each of the prior art references described and charted in Exhibits 989-A-R anticipates or renders obvious, either alone or in combination, one or more of the asserted claims of the '989 Patent.

| | |
|---|---|
| Dated:  August 26, 2021 | */s/ Victoria F. Maroulis* <br> Kevin P.B. Johnson <br> kevinjohnson@quinnemanuel.com <br> Victoria F. Maroulis <br> victoriamaroulis@quinnemanuel.com <br> Mark Tung <br> marktung@quinnemanuel.com <br> Quinn Emanuel Urquhart & Sullivan, LLP <br> 555 Twin Dolphin Drive, 5th Floor <br> Redwood Shores, CA 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 <br><br> Sean Pak <br> seanpak@quinnemanuel.com <br> Quinn Emanuel Urquhart & Sullivan, LLP <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 875-6600 <br> Facsimile: (415) 875-6700 <br><br> Marissa Ducca <br> marissaducca@quinnemanuel.com <br> Quinn Emanuel Urquhart & Sullivan, LLP <br> 1300 I Street NW, Suite 900 <br> Washington, DC 20005 <br> Telephone: (202) 538-8000 <br> Facsimile: (202) 538-8100 <br><br> Scott L. Cole <br> scottcole@quinnemanuel.com <br> Quinn Emanuel Urquhart & Sullivan, LLP <br> 201 West 5th Street <br> 11th Floor <br> Austin, TX 78701 <br> Telephone: (737) 667-6104 <br><br> *Counsel for Defendants Samsung Electronics, Co., Ltd. and Samsung Electronics America, Inc.* |

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 26, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

Dated:  August 26, 2021          */s/ Victoria F. Maroulis*
                                 Victoria F. Maroulis