**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| PROXENSE, LLC, | |
| Plaintiff, | Civil Action No.:  6:21-cv-00210-ADA |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED**<br><br>PUBLIC VERSION |
| Defendants. | |

**SAMSUNG'S MOTION TO STRIKE
DR. RUBIN'S SUPPLEMENTAL EXPERT REPORT**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      INTRODUCTION................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................. 2

III.    LEGAL STANDARD ............................................................................................ 4

IV.     ARGUMENT.......................................................................................................... 4

        A.     Dr. Rubin's Supplemental Infringement Report Is Untimely............................. 5

        B.     Proxense Provides No Credible Excuse for the Untimely Supplemental
               Infringement Report........................................................................................ 7

        C.     Samsung Is Unduly Prejudiced by Proxense's Late Supplemental Report............ 8

        D.     There Is No Way to Cure the Prejudice to Samsung ......................................... 9

V.      CONCLUSION.................................................................................................... 10

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Adv. Micro Phones, Inc. v. LG Elecs., Inc.*,
No. 14-CV-01012-SI, 2017 WL 2774339 (N.D. Cal. June 26, 2017)....................................... 9

*CEATS, Inc. v. TicketNetwork, Inc.*,
No. 215CV01470JRGRSP, 2018 WL 453732 (E.D. Tex. Jan. 17, 2018) ........................... 6, 7

*Rivera v. United States*,
No. 12-CV-338-JRN, 2013 WL 12133975, (W.D. Tex. Oct. 1, 2013) .................................... 5

*Daedalus Blue LLC v. SZ DJI Tech. Co.,*
No. W-20-CV-00073-ADA, 2022 WL 831619 (W.D. Tex. Feb. 24, 2022).......................1, 4, 5

*Gallagher v. S. Source Packaging, LLC*,
568 F. Supp. 2d 624 (E.D.N.C. 2008) .................................................................................. 7

*Garza v. Allstate Texas Lloyd's Co.*,
284 Fed. App'x. 110 (5th Cir. 2008)..................................................................................... 10

*Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*,
No. CIV. SA-03-CA-189-RF, 2004 WL 5495589 (W.D. Tex. Oct. 8, 2004)......................... 6

*Harmon v. Georgia Gulf Lake Charles L.L.C.*,
476 Fed. Appx. 31 (5th Cir. 2012) ........................................................................................ 4

*In re Complaint of C.F. Bean, LLC,*
841 F.3d 365 (5th Cir. 2016 ............................................................................................ 4, 9

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*,
145 F.3d 320 (5th Cir. 1998) ................................................................................................ 5

*Reliance Ins. Co. v. Louisiana Land & Expl. Co.*,
110 F.3d 253 (5th Cir. 1997) ............................................................................................ 7, 8

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*,
73 F.3d 546 (5th Cir. 1996) .........................................................................................4, 6, 8, 9

*Vega v. Ford Motor Co.*,
No. 11-cv-450-FM, 2013 WL 6147506 (W.D. Tex. Mar. 27, 2013) ...................................... 8

*Villegas v. Cequent Performance Prods., Inc.*,
No. SA-15-CV-473-XR, 2017 WL 816872 (W.D. Tex. Mar. 1, 2017) .................................. 8

*Williams v. TESCO Servs., Inc.*,
719 F.3d 968 (8th Cir. 2013) ................................................................................................ 8

## Rules

Fed. R. Civ. P. 26 ......................................................................................................1, 4, 5, 6

Fed. R. Civ. P. 37 ............................................................................................................. 4, 8

## I.    __INTRODUCTION__

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move to strike the untimely December 20, 2022, Supplemental Expert Report of Aviel D. Rubin, Ph.D. (the "Supplemental Report") submitted by Plaintiff Proxense, LLC ("Proxense") (Ex. 1[1]). Despite fact and expert discovery closing several months ago, Proxense served the belated Supplemental Report on the eve of trial, with opinions Dr. Rubin could and should have raised much earlier. The Supplemental Report violates both this Court's Procedural Schedule and the Federal Rules of Civil Procedure, which mandate that if a party fails to provide information as required by Rule 26(a) or (e), ***the party is not allowed to use that information*** to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. *See Daedalus Blue LLC v. SZ DJI Tech. Co.,* No. W-20-CV-00073-ADA, 2022 WL 831619, at *2 (W.D. Tex. Feb. 24, 2022) (striking a belated and unjustifiable attempt to supplement the record as Proxense is attempting here). The Court should strike the Supplemental Report for several reasons.

*First,* fact discovery in this case closed on August 8, 2022, expert discovery closed on October 3, 2022, and trial is scheduled to begin January 23, 2023, just one month away. Proxense suggests that the Supplemental Report merely corrects inaccuracies, but in reality it introduces a ***new theory of liability*** based on information that has long been available in this case.

Dr. Rubin's new theory relates to the Samsung Pay stub app. Now, for the first time, Dr. Rubin contends that ***all*** Samsung phones with ***any*** version of Samsung Pay infringe because the Samsung phones purportedly always ship with software corresponding to a ████████████. Tellingly, Proxense offers no justification as to why it could not have offered this theory in Dr.

---

[1]   All exhibits are attached to the Declaration of Jason C. Williams, filed herewith.

Rubin's opening expert report. Indeed, Proxense concedes it has had access to Samsung's source code for months, had access to Samsung's technical documents even longer, and completed depositions of Samsung's witnesses in early August. ***There can be no good cause on these facts***.

*Second*, Dr. Rubin's new report should also be stricken because it is clearly prejudicial to Samsung. Dr. Rubin's untimely report presents a new theory that changes the landscape of direct infringement in this case. Moreover, the report appears to be riddled with factual inaccuracies Samsung is unable to adequately investigate in the short time remaining, as well as methodological flaws Samsung was unable to raise under *Daubert*. This new report compounds an already complex case involving complicated technology and should be rejected for this reason alone.

## II.   FACTUAL BACKGROUND

On August 15, Proxense served Dr. Rubin's opening infringement report. Proxense has represented to the Court that Dr. Rubin's opening report did not contain any opinions related to indirect infringement. ECF No. 80 at 16.

Samsung moved to strike Proxense's untimely Second Amended Complaint, amended infringement contentions, and portions of Dr. Rubin's expert report. ECF No. 75. On September 1, 2022, the Court held a hearing on this issue and allowed Proxense leave to add indirect infringement allegations to the case. ECF No. 91. The Court also ordered the parties to negotiate a parallel schedule for discovery related to indirect infringement but ***not once did Proxense ever contend that it wanted or needed to file a supplemental expert report***. On September 9, 2022, the Court adopted the parties' schedule. ECF No. 91. Samsung made its stub app source code available for inspection on September 16, 2022 (Ex. 2), and Proxense reviewed that code several times. On September 19, 2022, Proxense served Amended Final Infringement Contentions which do not include the infringement theory contained in the Supplemental Report. Ex. 3.

Pursuant to the agreed schedule, Samsung filed its motions for summary judgement on October 17, 2022, one of which addresses the stub app. ECF No. 94 at 7-14. Proxense filed its opposition on October 31, 2022. ECF No. 108. In its opposition, Proxense did not suggest a supplemental expert report would be forthcoming. *See id.* On October 17, 2022, Samsung also filed its *Daubert* motions seeking to exclude expert testimony from Proxense's damages and survey experts. ECF No. 95.

Now, a month before trial and with no notice or motion for leave, Proxense served the Supplemental Report addressing infringement by the stub app and purportedly rebutting Dr. Nielson's report. Ex. 1. In truth, the Supplemental Report is an unauthorized reply not contemplated or allowed by any procedural schedule. In fact, ***Dr. Rubin concedes his report is a reply*** to Dr. Nielson's indirect infringement report dated November 11, 2022. *Id.*, at ¶4. Proxense attempts to excuse the untimeliness of the Supplemental Report based on Dr. Rubin's trial in another matter (*id.*, at ¶22) and the purported inadequacy of Samsung's stub app source code—an alleged inadequacy it never raised with this Court. Proxense's excuses ring hollow.

Indeed, despite source code being the alleged justification for the Supplemental Report, ***the report does not cite a single line of Samsung's source code***. *Id.* Instead, Dr. Rubin relies on Samsung's documents and testimony ***produced during fact discovery***. (Exs. 4-5). To the extent this evidence had some bearing on Dr. Rubin's opinions, the time and place for him to disclose those opinions was in his expert reports served during the expert discovery period, not in an unauthorized Supplemental Report served a month before trial.

Beyond that, Dr. Rubin also relies on two physical exhibits he apparently used to conduct testing related to Samsung's stub app. Paragraphs 25-28, which relate to these tests, have no tie to any previously offered opinion. The reality is that Dr. Rubin's testing raises more questions than

3

it answers. As but one example, the ██████████████████—which Dr. Rubin now says

is evidence of infringement (Ex. 1 at Figure 2)—████████████████, yet Samsung Pay

was not launched until *2015*. The late timing of this new report means that Samsung cannot

meaningfully investigate these issues.

## III.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure state that if a party fails to provide information as

required by Rule 26(a) or (e), ***the party is not allowed to use that information*** to supply evidence

on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1) (emphasis added); *see also Daedalus Blue LLC*, 2022 WL 831619, at *2

(quoting Fed. R. Civ. P. 37(c)(1)). Supplemental disclosures are "not intended to provide an

extension of the deadline by which a party must deliver the lion's share of its expert information."

*In re Complaint of C.F. Bean, LLC,* 841 F.3d 365, 371 (5th Cir. 2016) (quoting *Sierra Club, Lone

Star Chapter v. Cedar Point Oil Co. Inc*., 73 F.3d 546, 571 (5th Cir. 1996)).

"[A] non-supplementary expert report that is filed after the Court's deadline for the

submission of expert reports is untimely" under Rule 37. *Daedalus*, 2022 WL 831619, at *2 (citing

*Harmon v. Georgia Gulf Lake Charles L.L.C*., 476 Fed. Appx. 31, 36 (5th Cir. 2012)). Courts have

broad discretion in deciding whether to strike expert testimony as a sanction for a violation of Rule

37. *Sierra Club*, 73 F.3d at 572. Indeed, striking and excluding expert testimony is an appropriate

sanction when the expert report presents new theories. *See, e.g., id.*

## IV.   **ARGUMENT**

The Court should strike the Supplemental Report for at least two reasons. *First*, the

Supplemental Report is untimely—nothing prevented Dr. Rubin from offering his new theory of

liability in a manner consistent with the procedural schedule. *Second*, permitting Proxense to

introduce a new theory of liability at this late stage would severely prejudice Samsung.

4

### A.    Dr. Rubin's Supplemental Infringement Report Is Untimely

A testifying expert must disclose a "complete statement of all opinions . . . at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2). But the Supplemental Report was provided outside the schedule and without leave. To sidestep the clear import of Rule 26, Proxense characterizes Dr. Rubin's untimely report as "supplemental," but this rebranding is meaningless. Rule 26(e) does not "provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). Here, the Supplemental Report raises a ***new infringement theory*** in a transparent (and failed) attempt to manufacture a fact dispute to overcome Samsung's motion for summary judgment.

The Supplemental Report is unquestionably untimely. It is undisputed that Proxense waited ***more than 4 months after Dr. Rubin's opening report*** to provide its new stub app theories, despite conceding that Samsung raised the stub app during fact discovery**.** Ex. 1, at ¶¶ 16-18; ECF Nos. 48, 91. Moreover, Proxense served Dr. Rubin's untimely Supplemental Report without seeking leave. These facts should end the Court's inquiry. *Daedalus*, 2022 WL 831619, at *2 (striking an untimely expert report that posed as a Supplemental Report but in fact contained an entirely new analysis).

District courts distinguish permissible supplemental opinions from unjustified new opinions based on the facts of the case. *Rivera v. United States*, No. 12-CV-338-JRN, 2013 WL 12133975, at *2 n.1 (W.D. Tex. Oct. 1, 2013). Here, the "supplemental" report alters the central premise of Dr. Rubin's expert analysis by redefining what Proxense alleges are the infringing aspects of Samsung's phones. At the beginning of this case, Proxense alleged that Samsung phones that were preloaded with Samsung Pay infringed. Ex. 6. Then, after the close of discovery, Proxense changed its approach, amending its infringement theories to allege that the stub app "contains no functionality besides that necessary to accomplish installation." Ex. 3. Now, however,

Proxense argues all stub app devices infringe as shipped because those devices include Samsung's ████████████████ Ex. 1, at ¶¶ 2-4. This new ████████████ infringement theory is found nowhere in Proxense's Amended Final Infringement Contentions. Ex. 3.

Even more egregious, as Proxense represented to the Court in August that Dr. Rubin's Opening Report—the report that defined the scope of Dr. Rubin's infringement-related testimony for trial—does not contain any opinions related to indirect infringement. ECF No. 80 at 16. Therefore, Dr. Rubin cannot possibly be "supplementing" a prior indirect infringement opinion—because he never offered one. Yet that is exactly what the Supplemental Report purports to be. Ex. 1, ¶¶1-4, 15-28. It is clear, therefore, that Proxense is using the guise of supplementation to inject entirely new direct infringement opinions into this case. If Proxense believed that it was appropriate to include additional expert opinions to address indirect infringement (or direct infringement), it should have raised that during the period that the Court specifically ordered for discovery related to indirect infringement, not months later and just four weeks before trial.

In sum, Dr. Rubin should not be permitted to express new infringement opinions, which (a) were not contained in his Opening Report and (b) are based on information Dr. Rubin had available at that time of his Opening Report but chose not to address. *See CEATS, Inc. v. TicketNetwork, Inc.*, No. 215CV01470JRGRSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018); *Sierra Club*, 73 F.3d at 569-71; *see also Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*, No. CIV. SA-03-CA-189-RF, 2004 WL 5495589, at *2 (W.D. Tex. Oct. 8, 2004) ("Presentation of an entirely new opinion based upon new theories of damages is not supplementation anticipated by Rule 26(e), but instead, constitutes rendering of a new expert report."). Dr. Rubin's new report is untimely and should be stricken.

**B.    Proxense Provides No Credible Excuse for the Untimely Supplemental Infringement Report**

Neither Proxense nor Dr. Rubin has offered an explanation for the untimely submission of the Supplemental Report that holds up to scrutiny. Dr. Rubin contends that his untimely report was necessitated by review of Samsung's stub app source code, but this is clearly pretextual as the report does not cite a single line of source code. Ex. 1, at ¶¶ 15-27. Realizing the weakness of that excuse, Dr. Rubin then contends that his Supplemental Report is predicated on testing he allegedly completed on December 14, 2022. *Id.*, at ¶¶ 23-25, Figures 1-2. However, he offers no explanation—credible or otherwise—why this testing could not have been completed months ago in accordance with the procedural schedule. There is nothing special about Dr. Rubin's alleged testing—these phones are not new and have been part of this case for months. Regardless, failing to conduct testing of Samsung's phones when Proxense had possession of all relevant facts for months is not a justification for serving an untimely report. *See CEATS*, 2018 WL 453732 at *4 ("Most significantly, however, CEATS has no good explanation for its delay in proffering this new information, which was available well before the deadline for its initial expert reports."); *see also Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) ("Courts distinguish 'true supplementation' (e.g. correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by 'supplementing' an expert report with a 'new and improved' expert report.").

Furthermore, any perceived importance of Dr. Rubin's new opinions is outweighed by the prejudice to Samsung, the inability to cure that prejudice, and Proxense's lack of justification for offering a new report. *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("allow[ing] plaintiff to add more material now and create essentially a new report would prejudice the defendant, who would then have to get an expert to address these last-minute

conclusions, and thus disrupt the trial date in this case."). Dr. Rubin's failure to disclose these opinions in his opening report does not deserve "a second chance" at the "last-minute" to develop Proxense's case, "[w]hatever the import" of Dr. Rubin's newly formed opinions may be. *See id*.

### C.      Samsung Is Unduly Prejudiced by Proxense's Late Supplemental Report

Proxense's untimely disclosure of the opinions in the Supplemental Report is unjustified and prejudicial to Samsung under the *Sierra Club* factors, and it should therefore be stricken. *See* Fed. R. Civ. P. 37(c)(1); *Sierra Club*, 73 F.3d at 572. Proxense cannot justify the untimeliness of the Supplemental Report and cannot show there is no harm to Samsung. *See Vega v. Ford Motor Co.*, No. 11-cv-450-FM, 2013 WL 6147506, at *1 (W.D. Tex. Mar. 27, 2013).

When analyzing the four factors set forth in *Sierra Club*, "district courts in this circuit frequently put heavy significance on the novelty of untimely expert testimony." *Villegas v. Cequent Performance Prods., Inc.*, No. SA-15-CV-473-XR, 2017 WL 816872, at *5 (W.D. Tex. Mar. 1, 2017). Rules and scheduling orders are in place for a reason—to dissuade behavior like Proxense's. If a party was entitled to a supplement in response to a rebuttal, supplemental expert reports would be submitted in every case and expert discovery would never end. The prejudice to Samsung is evident, particularly because ***discovery is necessary to understand the veracity of the allegations in the new report***, including for example the scope of the ███████████████ Dr. Rubin purports to analyze. *See Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (report was "not substantially harmless" where it "would require reopening discovery").

*First*, Samsung is prejudiced by a last-minute change in Proxense's infringement theory. Trial is next month. Samsung and its expert Dr. Nielson have rebutted the infringement theories in Proxense's infringement contentions—the theories offered to date prior to the Supplemental Report. Now, on the eve of trial, Proxense seeks to change the game by materially changing its infringement theory for the stub app. The prejudice to Samsung from Proxense's sandbagging

cannot be understated. *See C.F. Bean*, 841 F.3d at 373 (finding a second report prejudicial when submitted "near the end of the discovery period, leaving SMC little opportunity to examine and rebut Fritsch's new opinions"); *Sierra Club*, 73 F.3d at 573 (finding a one-month delay in submitting a supplemental expert report prejudicial). Further, Samsung invested substantial effort and expense rebutting Dr. Rubin's Opening Report, and similar efforts would be necessary to consider Dr. Rubin's new opinions in the Supplemental Report. Absent good cause, courts "expect patent plaintiffs to assert their theories of the case and stick to them." *Adv. Micro Phones, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2017 WL 2774339, at *5 (N.D. Cal. June 26, 2017);

*Second*, Samsung is also prejudiced by its inability to respond, within the confines of the schedule, to the new allegations and purported facts in the Supplemental Report. Dr. Rubin alleges he tested two Samsung phones, but Samsung has never seen these phones or the environments under which they were allegedly tested. Why did Dr. Rubin choose the two Samsung phones he allegedly tested? Did he test additional phones? ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████ These are some of the preliminary questions that Samsung will never be able to have Proxense or Dr. Rubin answer. In short, allowing Proxense to rely on the Supplemental Report injects unnecessary ambiguity at trial and may cause confusion for the jury.

After nearly two years of litigation, Proxense's last-ditch 11th hour amendment to its infringement theories presents a textbook case of prejudice.

### D.    There Is No Way to Cure the Prejudice to Samsung

At this stage of the litigation the prejudice to Samsung from this "supplemental" report cannot be cured. If Dr. Rubin's untimely report is not stricken, Samsung must be permitted to

depose Dr. Rubin, supplement its rebuttal expert reports, file additional summary judgment motions, *Daubert* motions, and motions *in limine,* and amend its exhibit list. There is simply no room in the current schedule to accommodate these tasks, nor should Samsung be required to do so while preparing for trial. With trial just a month away, there is no time for reopening discovery, let alone for the other tasks; that would require moving all pending deadlines in the case, including trial, resulting in substantial delays to the proceedings. *See Garza v. Allstate Texas Lloyd's Co.*, 284 Fed. App'x. 110, 112–13 (5th Cir. 2008) ("[f]ailures to meet discovery deadlines 'increase the cost of litigation, to the detriment of the parties enmeshed in it'"). Thus, if the Court is not inclined to strike the Supplemental Report, Samsung requests a continuance of the trial date so that fulsome fact and expert discovery can take place relating to Proxense's new infringement theory. That work simply cannot be accomplished in the time remaining in the schedule without prejudicing Samsung's trial preparations.

## V.    CONCLUSION

For the reasons set forth above, the Court should strike Dr. Rubin's supplemental expert report. If, however, the Court permits Proxense to rely on the Supplemental Report, despite the extreme prejudice to Samsung, Samsung requests the Court order: (1) Samsung may serve a rebuttal report from its expert Dr. Nielson responding to the infringement theories advanced in Dr. Rubin's Supplemental Report; (2) Samsung may depose Dr. Rubin regarding the opinions expressed in his Supplemental Report; (3) Samsung may prepare additional summary judgment and *Daubert* motions regarding the analysis contained therein; and (4) a continuance of the trial date to allow the parties time to conduct expert discovery on Dr. Rubin's new theories. Samsung also respectfully requests leave to amend its exhibit lists.

Dated:  December 23, 2022

*/s/ Victoria F. Maroulis*
Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
victoriamaroulis@quinnemanuel.com
Mark Tung
marktung@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sean Pak
seanpak@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin Hardy
kevinhardy@quinnemanuel.com
Marissa Ducca
marissaducca@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

Scott L. Watson
scottwatson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify

that, on December 23, 2022, all counsel of record who have appeared in this case are being served

with a copy of the foregoing via email.

Dated:  December 23, 2022                    */s/ Victoria F. Maroulis*
                                             Victoria F. Maroulis