# EXHIBIT 3

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PROXENSE, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC,<br><br>*Defendants*. | Civil Action No. 6:21-cv-00210-ADA |

### PLAINTIFF'S AMENDED FINAL INFRINGMENT CONTENTIONS

Pursuant to this Court's Standing Order Governing Proceedings in Patent Cases, Plaintiff Proxense, LLC ("Proxense" or "Plaintiff"), hereby provides its final infringement contentions concerning Defendant Samsung Electronics, Co., LTD ("SEC") and Samsung Electronics America, Inc, ("SEA", collectively "Defendants").

Proxense hereby certifies that it undertook reasonable efforts to prepare its final infringement contentions and reserves the right to amend them based on material identified after the infringement contentions are served and during subsequent discovery.

These infringement contentions are based on Plaintiff's current knowledge, understanding, and belief as to the facts and information available to it as of the date of these disclosures. Proxense has not yet completed its investigation, collection of information, discovery, or analysis related to this action. The evidence cited in support of the disclosures herein is necessarily exemplary and is therefore illustrative and not exhaustive. For example, Proxense anticipates that relevant facts and evidence are uniquely within the possession, custody, or control of Defendants. As such, Proxense reserves the right to supplement, amend, or modify the information contained herein and to use and introduce at trial such

information and any subsequently-identified or discovered information.

These final infringement contentions are based at least in part upon Proxense's present understanding of United States Patent No. 8,352,730 ("the 730 patent"), United States Patent No. 9,298,905 ("the 905 patent"), United States Patent No. 10,698,989 ("the 989 patent"), and the accused products in the absence of discovery. The 730, 905, and 989 patents are collectively referred to herein as the "Proxense Patents" or the "Patents-in-Suit."

Proxense reserves the right to amend its infringement contentions and asserted claims based on information Proxense obtains through discovery and otherwise as this case progresses. Proxense further reserves the right to amend its final infringement contentions and asserted claims based on any proceedings before the United States Patent and Trademark Office regarding the Proxense Patents.

I.  IDENTIFICATION OF INFRINGED CLAIMS

The asserted claims of the Patents-in-Suit are as follows:

|  | Claims |
|---|---|
| 730 Patent | 1, 2, 5-6, 8, 9 |
| 905 Patent | 1, 4-5, 7, 9, 10, 12 |
| 989 Patent | 1-5, 6 |

Proxense identifies these asserted claims based on its current p preliminary understanding and reserves the right to supplement and/or change its identification as discovery proceeds, including identifying additional claims and withdrawing claims.

## II. IDENTIFICATION OF ACCUSED PRODUCTS, SYSTEMS, METHODS ANDSERVICES

Based on the information currently available, Proxense identifies the following accused products, systems, and methods, including all reasonably similar products, systems, methods, and their variants for each of the Patents-in-Suit.

Hereafter, the term "Accused Instrumentalities" or "Accused Products" refers to the products listed below[1], including but not limited to the Galaxy S22, S22+, S22 Ultra, S21, S21+, S21 Ultra, S21 FE, Galaxy S20, S20+, S20 Ultra 5G, S20 FE, Galaxy Fold, Galaxy Z-Flip, ZFlip 5G, Galaxy Z Flip 3 5G, Z Fold 2, Z fold 3, Galaxy Note 20, Note 20 Ultra, Note10, Note10+, Note10+ 5G, Note5, Galaxy S10e, S10, S10+, S10 5G, S10 Lite, Galaxy Note9, Galaxy S9, S9+, Galaxy Note8, Galaxy Note5, Galaxy S8, S8+, S8 Active, Galaxy S7, S7 edge, Galaxy S6, S6 edge, S6 edge+, S6 Active, Galaxy A13 5G, A32 5G, A42 5G, A90, Galaxy A80, Galaxy A70, A71, A71 5G, Galaxy A50, A51, A51 5G, A52 5G, A53 5G, Galaxy A40, Galaxy A30, A31, Galaxy A20e, Galaxy A8, Galaxy A7, Galaxy A5, Galaxy J7, Galaxy J5 Pro, and all Samsung devices released since September 2015 preloaded (or otherwise loaded) with Samsung Pay or a Samsung Pay "stub" or that support Samsung Pay, that function in accordance with the attached claim charts. To the extent Samsung maintains its theory of

---

[1] For the avoidance of doubt, Proxense incorporates by reference each and every devices that Samsung identifies as capable of running Samsung Pay in its August 18, 2022 supplemental Responses and Objections to Proxense Interrogatories Nos. 1 and 6. Moreover, Proxense's research indicates that Samsung incorrectly designated the Galaxy S6 Active, J7 (2015) and A71 5G as products that do not support Samsung Pay. But Samsung's online marketing material indicates that those products do, in fact, support Samsung Pay and contactless payments through that app. As such, Proxense hereby includes or continues to include those products as accused products as well.

noninfringement, as disclosed in its supplemental objections and responses to interrogatory number 6 on August 8, 2022, namely that Samsung's inclusion of a "stub app" that automatically downloads and installs the infringing app renders its devices non-infringing, Proxense maintains that this defense is contrary to the law and amounts to direct infringement as outlined in each of the Charts identified below. *See Weiss v. Reebok Int'l, Ltd., Inc.,* 91 F. App'x 683, 690 (Fed. Cir. 2004) ("a bedrock principle of patent interpretation, namely that claims written in a "comprising" format will read on devices that include additional structure . . . in addition to the claimed structure"); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 811 (Fed. Cir. 1999) ("the signal 'comprising,' [] is generally understood to signify that the claims do not exclude the presence in the accused apparatus or method of factors in addition to those explicitly recited."); *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 703 (Fed. Cir. 1983) ("It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device. ")(internal citations omitted). Nevertheless, in the alternative, each of the below claim charts incorporates by reference the allegation that the additional element of causing the user to download the infringing app is, at least, indirect or induced infringement.

1.   Samsung was aware of the patents in suit and had every opportunity to determine whether and when its products were infringing the Patents-in-Suit.[2] This "stub app" contains no functionality besides that necessary to accomplish installation of the "full" infringing Samsung Pay app as disclosed in the Charts identified below. Moreover, the icon appears to the user no

---

[2] *See e.g.* SAMSUNG_Proxense_042657, SAMSUNG_Proxense_179659, SAMSUNG_Proxense_261911, SAMSUNG_Proxense_186670, SAMSUNG_Proxense_180013, SAMSUNG_Proxense_179159, SAMSUNG_Proxense_255762, SAMSUNG_Proxense_266612, SAMSUNG_Proxense_233236, SAMSUNG_Proxense_186410, SAMSUNG_Proxense_253964, SAMSUNG_Proxense_178376, SAMSUNG_Proxense_241939, SAMSUNG_Proxense_238776, SAMSUNG_Proxense_242668, SAMSUNG_Proxense_167685, SAMSUNG_Proxense_239200, SAMSUNG_Proxense_248635, Samsung_Proxense_178522 .

different than the icon for the fully pre-installed app at the time of sale. An end user would need to opt-out of installation of this launcher app during phone setup, as opposed to opting-in. Thus, the launcher application is especially made to enable and direct a user to use of the "full" Samsung Pay application. In effect, from the perspective of the user, the launcher application is no different than the "full" Samsung Pay application. With knowledge of or willful blindness to the fact that Samsung Pay infringes the Patents-in-Suit, Samsung explicitly and openly informs users that the app is preloaded, instructs and encourages them to install and use it, and touts the specific infringing features as important parts of the service and feature of the accused products.[3] Moreover, Samsung's reliance on the stub app, which it apparently implemented as early as 2015 is additional evidence of Samsung's intentional infringement and an apparent attempt to get around it. Because the alleged "stub app" has no function other than to install the fill Samsung Pay app, the remaining allegations in the Charts identified below are the same with respect to direct and indirect infringement.

---

[3] *See, e.g.*, PROX_SAMSUNG_006755; PROX_SAMSUNG_006762; PROX_SAMSUNG_006769; PROX_SAMSUNG_006788; PROX_SAMSUNG_007313; PROX_SAMSUNG_007651; PROX_SAMSUNG_007868; PROX_SAMSUNG_007928;
https://www.samsung.com/us/support/answer/ANS00045081/ ("Samsung Pay usually comes preloaded on compatible phones, but you can always reinstall it, if needed."); https://www.samsung.com/us/samsung-wallet/faq/ ("If you have a supported device, you should have Samsung Pay or Samsung Wallet already installed on your phone. If not, your phone may not have the latest software, so you should first download any software updates that may be available from the Settings"); https://www.samsung.com/us/samsung-pay/; PROX_SAMSUNG_006742;
PROX_SAMSUNG_006745; PROX_SAMSUNG_006748; PROX_SAMSUNG_006751;
PROX_SAMSUNG_006778; PROX_SAMSUNG_006798; PROX_SAMSUNG_006814;
PROX_SAMSUNG_006821; PROX_SAMSUNG_006829; PROX_SAMSUNG_007078;
PROX_SAMSUNG_007106; PROX_SAMSUNG_007236; PROX_SAMSUNG_007316;
PROX_SAMSUNG_007325; PROX_SAMSUNG_007486; PROX_SAMSUNG_008141;
PROX_SAMSUNG_008145; PROX_SAMSUNG_008280; PROX_SAMSUNG_010100;
SAMSUNG_Proxense_00445; SAMSUNG_Proxense_006263; SAMSUNG_Proxense_012332;
SAMSUNG_Proxense_012494; SAMSUNG_Proxense_012645; SAMSUNG_Proxense_012807;
SAMSUNG_Proxense_012988; SAMSUNG_Proxense_013153; SAMSUNG_Proxense_013328;
SAMSUNG_Proxense_013495; SAMSUNG_Proxense_013671; SAMSUNG_Proxense_013842;
SAMSUNG_Proxense_014005; SAMSUNG_Proxense_014178; SAMSUNG_Proxense_014357;
SAMSUNG_Proxense_014520; SAMSUNG_Proxense_014526; SAMSUNG_Proxense_014698;
SAMSUNG_Proxense_014867; SAMSUNG_Proxense_015046; SAMSUNG_Proxense_015222;
SAMSUNG_Proxense_015396; SAMSUNG_Proxense_015566; SAMSUNG_Proxense_015734;
SAMSUNG_Proxense_015925; SAMSUNG_Proxense_016799; SAMSUNG_Proxense_198002;
PROX_SAMSUNG_010100; PROX_SAMSUNG_010214.

### III. CHARTS SETTING FORTH WHERE IN THE ACCUSED PRODUCT(S) EACH ELEMENT OF THE ASSERTED CLAIM(S) ARE FOUND

Subject to ongoing discovery and investigation, Proxense provides claim charts pertaining to the Patents-in-Suit attached hereto as Exhibit A for the 730 patent, Exhibit B for the 905 patent, Exhibit C for the 989 patent. These infringement contentions serve a notice function and are not required to—and therefore do not—present every possible permutation or theory of Proxense's case.

### IV. LITERAL INFRINGEMENT AND INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Proxense contends that Samsung's products literally infringe the asserted claims of the Patents-in-Suit as more specifically explained in the attached claim charts. Proxense reserves the right to assert infringement under the doctrine of equivalents to the extent that the difference between any component of any product or system, and any step of any service, method, and/or claim element is insubstantial.

### V. PRIORITY DATES AND ALL DOCUMENTS EVIDENCING CONCEPTION AND REDUCTION TO PRACTICE FOR EACH CLAIMED INVENTION

The 730 patent matured from application number US-31419905-A ("the 905 application"), which was filed on December 12, 2005. The 905 application claims priority from patent application US63753804P which was filed on December 20, 2004. Documents evidencing conception and/or reduction to practice for the claimed inventions of the 730 patent are being collected and will be produced shortly.

The 905 patent matured from application number US-201414521982-A (the 982 application"), which was filed on November 23, 2014. The 982 application claims priority from

patent application US63753804P which was filed on December 20, 2004. Documents evidencing conception and/or reduction to practice for the claimed inventions of the 905 patent are being collected and will be produced shortly.

The 989 patent matured from application number US-201615049060-A ("the 060 application"), which was filed on February 20, 2016. The 060 application claims priority from patent application US63753804P which was filed on December 20, 2004. Documents evidencing conception and/or reduction to practice for the claimed inventions of the 989 patent are being collected and will be produced shortly.

VI.  A COPY OF THE FILE HISTORY FOR EACH PATENT IN SUIT

A copy of the file history for each of the Patents-in-Suit is submitted herewith. The file history of the 730 patent bears production numbers Prox_Samsung_00000639 - Prox_Samsung_00001431. The file history of the 905 patent bears production numbers Prox_Samsung_00001432 - Prox_Samsung_00001974. The file history of the 989 patent bears production numbers Prox_Samsung_00001975 – Prox_Samsung_00003927.

| | |
|---|---|
| Dated: September 19, 2022 | /s/ David L. Hecht |
| | David L. Hecht (**lead counsel**) |
| | Maxim Price (admitted pro hac vice) |
| | Conor B. McDonough (admitted pro hac vice) |
| | Yi Wen Wu (admitted pro hac vice) |
| | dhecht@hechtpartners.com |
| | mprice@hechtpartners.com |
| | cmcdonough@hechtpartners.com |
| | wwu@hechtpartners.com |
| | HECHT PARTNERS LLP |
| | 125 Park Avenue, 25th Floor |
| | New York, NY 10017 |
| | P: (212) 851-6821 |
| | |
| | *Attorneys for Plaintiff Proxense, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2022, the foregoing was served on counsel for Defendant Samsung Electronics, Co., LTD and Samsung Electronics America, Inc.

*/s/ David L. Hecht*
*David L. Hecht*