IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No.: 6:21-cv-00210-ADA <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S BRIEF ON CASE LAW RELEVANT TO ITS SECTION 101 DEFENSE**

At the pre-trial conference, the Court permitted Samsung to submit an additional brief with caselaw supporting Samsung's request to have the jury decide the factual issues underlying *Alice* Step Two without the Court first deciding *Alice* Step One on summary judgment. 2023-01-03 Hr. Tr. at 125:12-19.[1] This brief presents such cases.

For context, in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014), the Supreme Court set forth a two-step framework for deciding patent eligibility under Section 101:

- *Alice* Step One: "whether the claims at issue are directed to a patent-ineligible concept," such as an "abstract idea." *Id.* at 218.

- *Alice* Step Two: "whether [the claim] contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 221. "The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field [under *Alice* Step Two] is a question of fact." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

To prevail, an accused infringer must show that a patent fails **both** *Alice* Step One **and** *Alice* Step Two—*i.e.*, a patent is eligible if it passes **either** *Alice* Step One **or** *Alice* Step Two—and the two steps can be addressed in either order. *See McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1316 (Fed. Cir. 2016) ("Because we find that claim 1 is not directed to ineligible subject matter [under *Alice* step one], we do not reach *Alice* step two."); *CosmoKey Solutions*

---

[1] The Court already agreed that Samsung "d[id]n't need to file a motion for summary judgment" on its Section 101 defense to preserve the argument. 2023-01-03 Hr. Tr. at 118:17-21; *see also Move, Inc. v. Real Est. All. Ltd.*, 221 F. Supp. 3d 1149, 1157 (C.D. Cal. Dec. 1, 2016) (finding "no authority suggesting that [accused infringer] was required to move for summary judgment on its § 101 argument in order to preserve this argument"). Thus, the only remaining question is the proper procedure for Samsung to present its Section 101 defense.

*GmbH & Co. KG v. Duo Security LLC*, 15 F.4th 1091, 1097 (Fed. Cir. 2021) ("We need not answer this question [on *Alice* step one] because . . . the claims satisfy *Alice* step two.").

Samsung requests that the Court hear arguments on *Alice* Step One after the close of evidence and that the jury decide *Alice* Step Two. This is analogous to Judge Gilstrap's procedure in *Infernal Technology, LLC v. Sony Interactive Entertainment LLC*, where the defendant also "had not asked the Court to resolve its patent ineligibility contention by way of a motion to dismiss, a motion for summary judgment, or otherwise." No. 2:19-cv-00248-JRG, 2021 WL 5804262, at *1 (E.D. Tex. Dec. 7, 2021). Nonetheless, Judge Gilstrap found that *Alice* Step 2 "is a question of fact, appropriate for jury determination" and "reserve[d] any determinations under *Alice* Step 1 for post-verdict proceedings." 2021 WL 405813, at *3 (E.D. Tex. Feb. 3, 2021).[2]

In fact, this Court also previously asked a jury to decide *Alice* Step Two without first deciding *Alice* Step One. For example, in *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA, the Court "den[ied] the motion for summary judgment" and decided "to submit the second part of the [101] test to the jury." Dkt. 232 at 31:17-21; *see also* Dkt. 215 (jury verdict on *Alice* Step Two). Significantly, however, the Court in *EcoFactor* did not find that any asserted claim fails *Alice* Step One—the Court was silent on that issue. Thus, in *EcoFactor*, the Court allowed defendants to try *Alice* Step Two to the jury without first issuing a ruling on *Alice* Step One. The Court should allow Samsung to do the same here.

---

[2] Judge Gilstrap followed the same procedure in *Hy-Ko Products Co. LLC v. Hillman Group, Inc.*, No. 2:21-cv-00197-JRG, where defendants filed no motion to dismiss or for summary judgment under Section 101 (Dkt. 75 (order on motion to dismiss); Dkt. 282 (omnibus order on pretrial motions)), yet Judge Gilstrap allowed *Alice* Step Two to go to the jury (Dkt. 296 (jury verdict)).

Nor was *EcoFactor* an isolated incident. This Court followed substantively the same procedure in *Freshub, Inc. v. Amazon.Com Inc.*, No. 6:21-cv-00511-ADA, and *VideoShare, LLC v. Google LLC*, No. 6:19-cv-00663-ADA. Other Texas courts have also allowed *Alice* Step Two to go to the jury without first deciding *Alice* Step One on an earlier motion to dismiss or for summary judgment. *See Innovative Scis., LLC v. Amazon.com*, No. 4:18-cv-00474-ALM, 2021 WL 2075677, at *6 (E.D. Tex. May 24, 2021) ("Innovation argues the Court should have ruled on step one of Alice before ever submitting the step two factual question to the jury. . . . The Court previously rejected this argument, stating that courts are 'not required to rule on questions of law inherent in the *Alice/Mayo* framework before the matter is presented to the jury for questions of fact.'"); *Maxell Ltd. v. ZTE (USA) Inc.*, No. 5:16-cv-00179-RWS, Dkt. 181, at 9-10 (E.D. Tex. June 8, 2018) (declining to resolve *Alice* Step One on account of factual disputes on *Alice* Step Two); Dkt. 228 (*Maxell* jury verdict on *Alice* Step Two).

Dated:  January 6, 2023 　　　　　　　　*/s/ Victoria F. Maroulis*
Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis
victoriamaroulis@quinnemanuel.com
Mark Tung
marktung@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sean Pak
seanpak@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin Hardy
kevinhardy@quinnemanuel.com
Marissa Ducca
marissaducca@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

Scott L. Watson
scottwatson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 6, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

Dated:  January 6, 2023			*/s/ Victoria F. Maroulis*
						Victoria F. Maroulis